UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,
   Plaintiff,

vs.                                                                            No. 07-1032

ROGER WALKER, et.al.,
   Defendants.

## ORDER

This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against seven defendants including Illinois Department of Corrections Director Roger Walker; Deputy Directors Rick Orr and Jason Garnett; Pontiac Correctional Center Warden Guy Pierce; Tamms Correctional Center Warden Shelton Frey; and Tamms Chief Administrative Officers Terry McCann and Jay Merchant. The plaintiff is suing the defendants in their official and individual capacities.

The pro se plaintiff's complaint contains three counts. The first count of the plaintiff's complaint alleges that he was transferred to Tamms Correctional Center in retaliation for various grievances and lawsuits he has filed and for helping in the investigation of an excessive force claim against officers. The plaintiff says the defendants have an unwritten policy and practice of transferring inmates who are active litigators to Tamms Correctional Center. The plaintiff alleges that the defendants actions violate his First and Fourteenth Amendment rights. The court finds the plaintiff has adequately alleged a violation of his First Amendment rights, but has failed to articulate a violation of his Fourteenth Amendment rights based on this allegation.

The plaintiff next states that the defendants transferred him to Tamms Correctional Center without a meaningful hearing in violation of his Fourteenth Amendment due process rights. The plaintiff states at length the living conditions at Tamms and states it is designed to be extremely harsh. The plaintiff says Tamms imposes an atypical and significant hardship on those living in the facility compared to the ordinary incidents of prison life. The plaintiff alleges that each of the defendants was personally involved in approving the transfer without a hearing and/or were personally involved in approving policies that allowed the transfer without a

hearing. The court finds that the plaintiff has adequately alleged a violation of his Fourteenth Amendment rights. *See Westefer v. Snyder*, 422 F.3d 570 (7th Cir. 2005);

The plaintiff's final claim is that his transfer to Tamms Correctional Center violates the Unified Code of Corrections. Specifically, the plaintiff alleges that 730 ILCS 5/3-8-7 which states among other things that all disciplinary action must be taken pursuant to the rules of behavior and conduct. The court declines to exercise supplemental jurisdiction over this state law claim. *See* 28 U.S.C. §1367c; *See also City of Chicago v. Intern. College of Surgeons*, 522 U.S. 156 (1997) (stating that pendent jurisdiction is a matter of discretion); *See also Bommersbach v Ruiz,* 461 F. Supp2d.743, 756 FN3 (S.D.Ill. 2006)(Unified Code of Corrections were designed to provide guidance to prison officials, not create a private right of action; and "[w]ere there any serious question of the Court being required to address the matter of a private right of action under the Illinois Unified Code of Corrections, the most prudent course would be to decline to exercise jurisdiction...").

The court also finds that the plaintiff has adequately alleged that a policy or custom played a part in his alleged constitutional deprivations and therefore he has stated official capacity claims as well as individual capacity claims. *Kentucky v. Graham,* 473 US 159, 166 (1985).

**IT IS THEREFORE ORDERED:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

**a) The named defendants violated the plaintiffs First Amendment rights when they transferred the plaintiff to Tamms Correctional Center in retaliation for his grievances, lawsuits and assistance in an excessive force investigation.**

**b) The named defendants violated the plaintiffs Fourteenth Amendment due process rights when they transferred him to Tamms Correctional Center without a meaningful hearing.**

**Both claims are against the defendants in their official and individual capacities.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**3) The court also declines to exercise supplemental jurisdiction over the alleged state law claim based on the Unified Code of Corrections.** *See* **28 U.S.C. §1367c**.

**4) This case shall proceed solely on those federal claims identified in paragraph one**

above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

5) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this   23rd   day of March, 2007.


                              s\Harold A. Baker
                    _____
                              HAROLD A. BAKER
                       UNITED STATES DISTRICT JUDGE