E-FILED
Thursday, 06 March, 2008  04:18:09 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

PLAINTIFF PRO SE

— VS —

ROGER E. WALKER      et al.

DEFENDANTS

CASE #NO# 07-CV-1032

**FILED**

MAR - 5 2008

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION TO COMPEL

NOW COME PLAINTIFF. Christopher Knox. Pro se. Respectfully submit this "MOTION TO COMPEL" Pursuant to Fed. R. Civ. P. 37 (2)(A) and states as Follows . . . .

1). PLAINTIFF. IS AN INMATE who is CURRENTLY INCARCERATED IN ILLINOIS DEPARTMENT of CORRECTIONS, TAMMS %C, IN TAMMS, Illinois . . . .

2). PLAINTIFF. FILED his FIRST SET of INTERROGATORIES, Pursuant RULE (33) of the Fed. R. Civ. P. with the DEFENDANTS ATTORNEY. on or about JANUARY 10 2008. (SEE ATTACHED) AS (EXHIBIT A) A. . .

3). PLAINTIFF. FILED his FIRST SET of. REQUEST FOR PRODUCTION of DOCUMENTS. Pursuant TO RULE (34) AND S. Ct. RULE (214). of the Fed. R. Civ. P. AND S. Ct. WITH the DEFENDANTS ATTORNEY. on or about JANUARY 10 2008. (SEE ATTACHED) AS (EXHIBIT B) B. . . .

4). PLAINTIFF. REQUESTED FOR All RESPONSE TO BE SENT TO PLAINTIFF PLACE of CONFINEMENT. AND WITHIN (30) DAYS FROM THE DATE THE HE RECEIVED SUCH DOCUMENTS . . . .

5). PLAINTIFF. has ATTACHED AS (EXHIBIT C) C. his PROOF / CERTIFICATE of SERVICES, THAT SHOWS when SUCH DOCUMENTS WERE MAILED. AND who THEY WERE MAILED TO. (SEE EXHIBIT C) Cd . . .

6). Plaintiff. allege that: Due to the Defendant's and their attorney's failure to comply with Plaintiff — Request's regarding the attach legal documents, it is causing undue delay and preventing Plaintiff from participating in the discovery stage. . . .

7). Plaintiff. allege that: the Defendants and their attorney. has caused Plaintiff. further expenses that had incurred, in filing this motion, and request that the Defendants and their attorney reimburst the Plaintiff. for costs for this motion. . . .

8). Plaintiff. allege that: the Defendants and their attorney. has not responded to Plaintiff. Request for production of documents or interrogatories within the (30) days time frame requested for by Plaintiff, or has not provided a reason why such response has not yet been filed. . . .

9). Plaintiff. allege that: to the date of filing this motion, the Defendants or their attorney. has not file an answer to Plaintiff. Request for production of documents or interrogatories. . . .

10). Plaintiff. files this motion in Good-Faith and not for the purpose of delaying this action. . . .

Wherefore. For the above and forgoing reason pray that this "honorable Court" order and compel the Defendants or their attorney to comply with discovery. and reimburst Plaintiff the expenses he incurred for filing this "motion." . .

Respectfully submitted

Christopher Knol _____ B61090

200 E. Supermax. rd

TAMMS,   Illinois 62988

2

IN THE
UNITED STATES DIST. COURT
CENTRAL DIST. OF ILLINOIS

Christopher Knox
Plaintiff,

v.                                      Case No. 07-CV-1032

Roger E. Walker. et al.
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: Clerk of the Court          TO: Ass. Att. General
100 N.E. Monroe Street               Matthew Lurkins
Peoria Illinois                      500 South Second St.
61602                                Springfield, Ill. 62706

PLEASE TAKE NOTICE that on ~~January~~ February 28 _____, 2008, I have placed the
documents listed below in the institutional mail at __Tamms__ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service: 1 — Original and 2 copies of:
Motion to Compel w/ Exhibits

★ PLEASE STAMP FILE COPY AND RETURN BACK TO ME ★

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE: 2-28-08

                              /s/ Christopher Knox
                              NAME: Christopher Knox
                              IDOC#: B61090
                              Tamms Correctional Center
                              P.O. BOX 2000
                              Tamms, IL 62988

Revised Jan 2002

# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Christopher Knox                         CASE # NO #  07-CV- 1032

Plaintiff Pro Se

_ VS _
Roger E. Walker                          1-10-08
_____ et al
DEFENDANTS

## PLAINTIFF's FIRST SET OF INTERROGATORIES

Now come Plaintiff. Christopher Knox, Pro Se, Respectfully submit
his First set of Interrogatories Pursuant to Fed. R. Civ. P.
(33). Hereby Request that, the Defendants; (Roger E. Walker,)
(Rick Orr)(Guy Pierce)(Jason Garnett,)(Shelton Frey)(Terry McCann,)
(Jay Merchant.) (Collectively Referred to as Defendants) Under
oath and in writing, separately answer each of the Listed
Interrogatories in accordance with the Definitions and
Instructions set Forth below within thirty (30) days of
Services of receiving these documents . . .

## GENERAL DEFINITIONS

1). The Definitions and Instructions set Forth in rule (33)
of the Fed. R. Civ. P. Are incorporated herein by reference .

2). "Christopher Knox" shall mean Plaintiff, Christopher Knox .

3). "Defendants" shall mean. You" or Yours" Roger E. Walker ;
Rick Orr ; Guy Pierce ; Jason Garnett ; Shelton Frey ; Jay Merchan
Terry McCann ; and their representatives. All Past and Present ——
Predecessor, Successors, subsidiaries, Agents, representatives, or
Affiliates, and all Past and Present Directors, officers, Partners,
Employees, or Persons Acting on behalf of any the Foregoing
Persons or Entities . . .

4). " IDOC " shall mean. Illinois Department of Corrections"
operated by the State of Illinois. And by any of IDOC Former
and Present Employees whether known or unknown . . . .

1

5). DOCUMENTS shall mean any written, graphic, recorded, or illustrated material of any kind or description. However produced or reproduced; and regardless of whether approved; signed, sent, received, redrafted, executed, or prepared by or for you, in your possession, custody, or control. The term DOCUMENTS includes, but are not limited to the following . . . correspondence memoranda, drafts, computerized, records, notes, books, jottings, records, reports, surveys, studies, analyses, things, videotapes recordings, computer disks, electronic mail, e-mails, transcript of verbal conversations, or statements however made, business forms, labels, papers, and films. Filed with the courts or other —————— governmental bodies, notices, messages, calendars, and diary entities, and copies of documents, that are not identical —————— duplicated, of the original (e.g. because handwritten or ink being notes appears thereon or are attached thereto . . .

6). "PERSON" shall mean any natural person, firm, association, partnership corporation, government agency, or other entity and its officers. Director's partners, employees, representatives and agents . . .

7). "DESCRIBED" shall mean to state all information known about a subject matter, however and whenever obtained . . . .

8). The terms "REFLECTING, REFERRING, RELATING TO, or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically connected with the matter discussed, or factually connected with the matter that discussed . . . .

9). These interrogatories are continuing in nature. In the events that additional facts, information, or documents, are later discovered by or become known to the defendants after, the defendants, have made, separately, their first response to these interrogatories. Defendants, shall provide separately, further answers in accordance with defendants obligations to supplement responses under Fed. R. Civ. P. (26)(e) . . . .

10). IF YOU AT ANYTIME HAD POSSESSION, CUSTODY, OR CONTROL OF ANY DOCUMENTS REQUESTED HEREIN AND IF SUCH DOCUMENTS HAS BEEN LOST, DESTROYED, PURGED, OR IS NOT PRESENTLY IN YOUR POSSESSION, CUSTODY, OR CONTROL, IDENTIFY THE DOCUMENTS, THE DATE OF ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL, AND THE CIRCUMSTANCES SURROUNDING ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL ...

11). IN THE EVENT THAT PRIVILEGE OR ANY OTHER IMMUNITY FROM DISCOVERY IS CLAIMED AS A BASIS FOR OBJECTION OR NOT RESPONDING TO ANY OF THESE INTERROGATORIES IN WHOLE OR IN PART, IDENTIFY THE DOCUMENTS AND/OR COMMUNICATION AND DESCRIBE THE FACTUAL BASIS FOR THE CLAIM OF PRIVILEGE OR OTHER IMMUNITY IN SUFFICIENT DETAILS SO AS TO ENABLE THE COURT TO MAKE THE DETERMINATION OF THE VALIDITY OF THE CLAIM ...

12). THE BELOW LISTED INTERROGATORIES ARE DIRECTED TO ALL THE DEFENDANTS, AND MUST ANSWER SEPARATELY UNDER OATH AND ON EACH SEPARATE DOCUMENT AND NUMBERED AS THIS DOCUMENT ...

## INTERROGATORIES

1). (A). IDENTIFY, BY NAME AND ADDRESS, OF ANY ALL PERSON OR PERSONS ANSWERING OR CONTRIBUTING INFORMATION TO ANSWER THE INTERROGATORIES SET FORTH HEREIN ON YOUR BEHALF ?

WITH RESPECT TO YOUR EMPLOYMENT BACKGROUND, PLEASE STATE ; (B). YOUR CURRENT EMPLOYER. (C). THE DATE YOU BEGAN EMPLOYMENT WITH THE DEPARTMENT OF CORRECTIONS. (D). YOUR CURRENT JOB TITLE ; AND HOW YOU BEEN IN THAT POSITION ...

2). WITH RESPECT TO YOUR TENURE AS AN OFFICIAL'S OF THE DEPARTMENT FACILITIES PLEASE STATE ; (A). THE IDENTITY OF THE PARTY THAT APPOINTED YOU TO THAT POSITION. (B). YOUR IMMEDIATE SUPERIOR NAME. (C). THE IDENTITY OF EACH IMMEDIATEL SUBORDINATE EMPLOYEE YOU AUTHORIZED AND/OR DESIGNATED TO ACT AS DESIGNEE OR PERFORM JOB DUTIES. THAT YOU WERE AUTHORIZED TO PERSONALLY PERFORM, IN YOUR BEHALF BY IDENTIFYING EACH PERSON AND THE SPECIFIC DUTY YOU AUTHORIZED SAID PERSON TO PERFORM, THIS IS RELEVANT BECAUSE IT DESCRIBES THE PERSONAL INVOLVEMENT OF OFFICIAL'S THROUGH THEIR UNDERSTAFF ; IT ALSO LINKS PLAINTIFF WITH ESTABLISHING ———— RESPONSIBILITY OF EACH INDIVIDUAL, SUPPORTING PLAINTIFF NEED TO LATER AMEND. (D). DOES EACH PARTY IDENTIFIED IN # 2 (C) PROVIDE YOU REPORTS RELATIVES TO THEIR DUTIES, OR IF YOU REVIEW THEIR JOB PERFORMANCE. (E). IF YOU ACCEPT FULL RESPONSIBILITY FOR THE PERFORMANCE AND/OR ACTION OF EACH PERSON IDENTIFIED IN # 2 (C) WHILE ACTING IN THEIR CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT FACILITIES ...

3). ARE YOU BOUND BY JOB DUTY TO ENFORCE OR ENSURE COMPLIENCE AT
   " PONTIAC CIC " AND TAMMS - SUPERMAX, PRISON OF :

   (A). MEDICAL AND MENTAL HEALTH TREATMENT AND/OR SERVICES:
        DISCIPLINARY PROCEDURES, SEGREGATION PLACEMENT, ADMINISTRATIVE
        DETENTION PLACEMENT, USE OF FORCE, MONITORING USE OF FORCE,
        EMPLOYEE CONDUCT, TACTICAL UNITS CELL EXTRACTIONS AND TRAINING.

   (B). WHETHER YOU PERSONALLY REVIEWED STAFF COMPLIENCE AT
        " PONTIAC CIC " AND TAMMS - SUPERMAX, PRISON. OR THE IDENTITY
        OF EACH PERSON THAT WAS RESPONSIBLE FOR ENSURING COMPLIENCE
        OF EACH SET FORTH IN # 3 (A). BY IDENTIFYING EACH AND THE
        SPECIFIC AREA OF SAID PERSON'S RESPONSIBILITY ...

   (C). WHETHER THE PERSON'S IN # 3 (B) REPORTED TO YOU PERSONALLY OR BY
        WRITTEN REPORTS CONCERNING THE ISSUES IN PLAINTIFF —
        CLAIMS / COMPLAINT IN THE AREA'S OF # 3 (A)... IF SO IDENTIFY
        SUCH PERSON'S OR WRITTEN REPORTS ...

   (D). WHETHER YOU ARE A PARTY TO ANY PRIOR OR PENDING LEGAL
        LITIGATION'S. DEALING WITH SIMILAR CLAIMS / ALLEGATIONS
        AS ALLEGED IN PLAINTIFF COMPLAINT... IN ANY IDENTIFIED
        REQUEST IN # 3 (A). BY IDENTIFYING THE TITLE OF THE
        ACTION, THE PARTIES INVOLVED, THE CASE NUMBER OF EACH IN A
        CHRONOLOGICAL ORDER WITH VENUE AND JURISDICTION ...

4). WITH RESPECT TO THE COMPLAINT OF PLAINTIFF IN THIS CAUSE, OF
    ACTION. PLEASE STATE :

    (A). PLAINTIFF, IS CURRENTLY CONFINED AT TAMMS SUPERMAX, PRISON.

    (B). PLAINTIFF, HAS LONG HISTORY OF FILING. CASES, GRIEVANCES.
         AGAINST THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND THAT
         AN INVESTIGATION WERE CONDUCTED BY THE WILL COUNTY, STATE
         POLICE. REGARDING AN EXCESSIVE FORCE INCIDENTS THAT
         OCCURRED ON OR ABOUT OCTOBER 21 2005, WHILE PLAINTIFF WAS
         AT " STATEVILLE - CORR. CENTER. "

    (C). THAT TAMMS, SUPERMAX, PRISON. DOES NOT HOUSED THE " WORST OF
         THE WORST " OF ILLINOIS PRISONER'S ...

    (D). THAT PLAINTIFF, WAS NOT GIVEN A PSYCHOLOGICAL EVALUATION
         PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON, AND THAT
         PLAINTIFF WAS NOT GIVEN HEARING TO PRIOR TO HIS PLACEMENT
         AT TAMMS, SUPERMAX, PRISON.

    (E). THAT PLAINTIFF, HAS BEEN IN DISCIPLINARY SEGREGATION
         SINCE JULY / 1999. HAS CUMULATED SEGREGATION TIME THAT
         GOES BEYOND HIS PRISON SENTENCE, PLUS INITIAL INDETERMINATE
         SEGREGATION, WHICH PLAINTIFF WILL REMAIN IN THROUGHOUT THE
         REMAINDER OF HIS PRISON SENTENCE IN TAMMS SUPERMAX, PRISON.

4

5) of us with respect to plaintiff, medical and mental health, was his mental illness consider by prisons adjustment committee's for problematic behavior that was a direct cause by his mental illnesses.

(B). Was plaintiff considered to be seriously mentally ill prior to his placement at Tamms, supermax, prison, and was he being treated for his mental illnesses prior to his placement at Tamms, supermax, prison.

(C). Prisoner's who considered to be seriously mentally ill, are assigned where and treated how.

(D). If your answer to # 5 (D) is yes, what was his illnesses and what mental health treatment and/or services did he received, as an result of being seriously mentally ill.

(E). Does plaintiff, has a history of self-harming himself by cutting on himself, inserting foreign objects into his penis, and attempting suicide. And since his placement in Tamms, supermax, prison, has he mutilated himself or attempted suicide. By hanging himself.

6). With respect to the current policies, procedures, regulations. That is used in selecting prisoner's for placement at Tamms.

(A). Are you aware of the operation of Tamms, supermax, prison.

(B). Were you personally involved in formulating and approving the currently used conditions at Tamms, supermax, prison and selecting prisoners for transfer into and out of Tamms.

(C). Are prisoners, in disciplinary segregation, who are transferred Tamms, supermax, prison, given an opportunity prior to their transfer to contest there placement at Tamms, supermax, prison.

(D). Are prisoners, in long-term disciplinary segregation given an opportunity to hearing to contest their transfer or placement in Tamms, supermax, prison.

(E). Has plaintiff, been given a hearing prior to his transfer to Tamms, or while at Tamms to contest his placement at Tamms, supermax, prison, or is plaintiff disciplinary segregation placement, been reviewed.

5

7). HAS ANY of PlaINTIFF DISCIPLINARY REPORTS, REQUIRED THAT PLACEMENT AT TAMMS SUPERMAX. PRISON. WAS RECOMMENDED BY THE PRISON ADJUSTMENT COMMITTEE'S..

(B). DOES THE ADMINISTRATIVE REGULATIONS GOVERNING THE PLACEMENT AT TAMMS. SUPERMAX. PRISON, IN 20 Ill. ADM. CODE. 3 505. 40 (D). PROVIDES THAT INMATE who HAS ENGAGED IN OR MAY BE PLANNING TO ENGAGE IN THE FOLLOWING ACTIVITIES IS ELIGIBLE FOR TRANSFER TO TAMMS SUPERMAX, PRISON.. (1). ESCAPE OR ATTEMPTED ESCAPE. (2). ASSAULT WHICH CAUSED DEATH OR SERIOUS BODILY INJURY. (3). ENGAGED IN DANGEROUS DISTURBANCES. (4). HAS INFLUENCE IN A GANG. (5). ENGAGED IN NON-CONSENSUAL SEX. (6). POSSESSION OF A WEAPON...

(C). DID ANY OF THE ABOVE REGULATIONS GOVERNING THE PLACEMENT AT TAMMS. SUPERMAX. PRISON, APPLY TO PLAINTIFF BEING PLACED IN TAMMS. SUPERMAX, PRISON, AND HIS CONTINUE PLACEMENT UNDER THE CURRENT USED STANDARDS AT TAMMS..

(D). IF YOUR ANSWER IS "YES" TO # 7 (C). WHAT REGULATION'S IS PLAINTIFF ALLEGEDLY ALLEGE TO HAVE VIOLATED, AND WHEN WAS IT VIOLATED how IT WAS VIOLATED. WAS PLAINTIFF THAN TRANSFERRED TO TAMMS. SUPERMAX. PRISON AS A RESULT OF THAT VIOLATION...

(E). ARE THERE OTHER PRISONER'S IN ILLINOIS PRISON'S WHO MEET THE REGULATION'S IN 7 (B), WHO HAS A WORSER RECORD THEN PLAINTIFF, BEING HOUSED AT ANY OTHER PRISON'S THAT IS OPERATED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS..

FURTHER AFFIDANT SAYETH NOT

RESPECTFULLY SUBMITTED

Christopher Knox                B61090

200 E. SUPERMAX. Rd

TAMMS.  ILLINOIS  62988

# EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

PLAINTIFF PRO SE

— VS —

ROGER E. WALKER                ET AL

DEFENDANTS

CASE # NO#   07-CV-1032

1-10-08

## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME PLAINTIFF CHRISTOPHER KNOX, PRO SE, RESPECTFULLY SUBMIT HIS REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. (34) AND PURSUANT TO S. CT. RULE (214). DIRECTED THE DEFENDANTS. ROGER E. WALKER ; RICK ORR ; JASON GARNETT ; GUY PIERCE ; JAY MERCHANT ; SHELTON FREY ; TERRY McCANN ; AND THEIR ATTORNEY'S OF — RECORD. ; TO PRODUCE FOR INSPECTION, COPYING, REPRODUCTION AND PHOTOGRAPHING AT THE ADDRESS OF. CHRISTOPHER KNOX B61090 ; 200 E. SUPERMAX, Rd TAMMS, ILLINOIS 62988. WITHIN THIRTY (30) DAYS AFTER SERVICES OF THIS REQUEST TO PRODUCE, OR AT SUCH OTHER TIME AND PLACE AS MAY BE AGREED UPON BY PLAINTIFF AND THE DEFENDANTS AND THEIR REPRESENTATIVES . . . . .

## GENERAL DEFINITIONS

1). THE DEFINITION AND INSTRUCTIONS SET FORTH IN FED. R. CIV. P. (34) AND S. CT. RULE (214). ARE INCORPORATED HEREIN BY REFERENCE'S . . . . . .

2). " DOCUMENTS " SHALL MEAN ANY WRITTEN, GRAPHIC, RECORDED, OR ILLUSTRATED MATERIAL OF ANY KIND OR DESCRIPTION, HOWEVER PRODUCED OR REPRODUCED, AND REGARDLESS OF WHETHER APPROVED, SIGNED, SENT, RECEIVED, REDRAFTED, EXECUTED, OR PREPARED BY OR FOR YOU, IN YOUR POSSESSION, CUSTODY, OR CONTROL, THE TERMS DOCUMENTS INCLUDES, BUT ARE LIMITED TO, THE FOLLOWING — CORRESPONDENCES MEMORANDA, DRAFTS, COMPUTERIZED, RECORDS, NOTES, JOTTINGS, BOOKS, RECORDS, REPORTS, SURVEYS, STUDIES, ANALYSES, THINGS, VIDEOTAPES, RECORDINGS, COMPUTER DISKS, ELECTRONIC, MAIL, E-MAILS, TRANSCRIPT OF VERBAL CONVERSATIONS, OR STATEMENTS — HOWEVER, MADE, BUSINESS FORMS, LABELES, PAPERS AND FILMS, FILED, WITH COURTS OR OTHER GOVERNMENTAL BODIES, NOTICES, MESSAGES, CALENDARS, AND DIARY ENTITIES, AND COPIES OF DOCUMENTS, THAT ARE NOT IDENTICAL DUPLICATED, OF THE ORIGINAL ( E. G. BECAUS HANDWRITTEN OR BEHIND NOTES APPEARS THEREON OR ARE NOT ATTACHE THERETO . . . . . .

1

3). PRODUCE All GRIEVANCE'S. FILED BY PLAINTIFF, THAT INCLUDES COUNSELOR'S RESPONSE'S. GRIEVANCE OFFICER'S RESPONSE'S. WITH THE CHIEF ADMINISTRATIVE OFFICER'S FINAL DECISION'S.

4). PRODUCE All ADMINISTRATIVE REVIEW BOARD SUMMARIES TO All GRIEVANCE'S THAT WERE APPEALED OR FORWORDED DIRECTLY TO THE A.R.B. THAT INCLUDES THE DIRECTOR FINAL DECISION

5). PRODUCE All DISCIPLINARY REPORTS. WRITTEN SUMMARIES. AND INCIDENT REPORTS RELATING TO SUCH DISCIPLINARY REPORTS. OR EVIDENCE THAT WERE SUBMITTED BY BOTH PLAINTIFF AND DEPARTMENT OFFICIAL'S. . . . .

b). PRODUCE All DOCUMENTS RELATING TO CURRENT PRACTICE USED TO SELECT PRISONERS FOR TRANSFER TAMMS SUPERMAX. PRISON.

7). PRODUCE All DOCUMENTS RELATING TO THE CONDITIONS OF CONFINEMENT OF TAMMS. SUPERMAX. PRISON . . .

8). PRODUCE All DOCUMENTS RELATING TO PLACEMENT AT TAMMS SUPERMAX. PRISON. .

9). PRODUCE All DOCUMENTS. RELATING TO THE HARDSHIPS AND PSYCHOLOGICAL DAMAGES TAMMS. SUPERMAX. PRISON. IS TO INTEND TO INFLICT ON PRISONERS. WHO UNDER SUCH HARSH AND PSYCHOLOGICAL CONDITIONS OF CONFINEMENT. . .

10). PRODUCE All DOCUMENTS. RELATING TO PLAINTIFF TRANSFER TO TAMMS. SUPERMAX. PRISON . .

11). PRODUCE All COUNSELOR'S REPORT'S AND RECOMMENDATION'S REGARDING PLAINTIFF TRANSFER AND PLACEMENT AT TAMMS. SUPERMAX. PRISON . . .

12). PRODUCE All STUDIES AND ANALYSES REPORTS AND THEIR RECOMMENDATION'S ON TAMMS. SUPERMAX. PRISON. . .

13). PRODUCE All PERSONNEL'S FILES. WHO ARE DEFENDANTS IN THIS ACTION OR WHO WILL BE DEFENDANTS IN THIS ACTION WHICH SHALL ONLY INCLUDE INFORMATION SUCH AS RELATING TO THEIR EMPLOYMENT AND CRIMINAL AND CIVIL ACTIVITIES.

14). PRODUCE ALL MEDICAL AND MENTAL HEALTH RECORDS THAT RELATES TO PLAINTIFF, CHRISTOPHER KNOX, B61090 . . .

15). PRODUCE ALL PSYCHOLOGICAL TESTINGS, AND REPORTS ON PLAINTIFF . . . . .

16). PRODUCE ALL DOCUMENTS, RELATING TO WHETHER OR NOT PLAINTIFF WENT BEFORE THE TRANSFER REVIEW — COMMITTEE, PRIOR TO HIS TRANSFER TO TAMMS, AND WHILE HE HAS BEEN AT TAMMS, SUPERMAX, PRISON . . .

17). PRODUCE ALL INCIDENT REPORTS, RELATING TO PLAINTIFF SELF-HARM AND SUICIDE ATTEMPTS IN 2005, 2006, AND 2007 . . . . .

18). PRODUCE ALL MEDICAL BILLS ARISING OUT OF THE TREATMENT YOU CLAIMED YOU TREATED PLAINTIFF FOR, THAT INCLUDES AN ITEMIZATION OF THE AMOUNT CHARGED, THE AMOUNT PAID, AND ANY REDUCTIONS IN THE CHARGES OR THE DISCOUNTS THAT WERE APPLIED TO THE CHARGES . . .

YOU ARE FURTHER REQUESTED TO FURNISH AT THE TIME AND PLACE STATED, AN AFFIDAVIT'S STATING THAT THE SAID — PRODUCTION IS COMPLETED IN ACCORDANCE WITH THE REQUEST, AND IF NOT COMPLETE, TO LIST THOSE ITEMS NOT PRODUCED, STATE THE GROUNDS FOR OBJECTION'S TO THEIR PRODUCTION, GIVEN THE NAMES AND ADDRESS OF THE PERSON HAVING POSSESSION, CUSTODY, OR CONTROL OF SUCH DOCUMENTS . . . . .

RESPECTFULLY SUBMITTED

Christopher Knox     B61090

200 E. SUPERMAX. rd
TAMMS.   ILLINOIS 62988

3

# EXHIBIT C

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX )
)
Plaintiff, )
)
)    Case No.  07 - CV- 1032
v. )
)
ROGER E. WALKER  ETAL )
)
Defendant )

## PROOF/CERTIFICATE OF SERVICE

TO  ASS. ATT. GENERAL                        TO: _____

MATTHEW LURKINS                              _____

500 SOUTH SECOND STREET                      _____

SPRINGFIELD, ILL 62706                       _____

PLEASE TAKE NOTICE that on  JANUARY 10 _____ , 2008 , I have placed the
documents listed below in the institutional mail at  TAMMS _____ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service:  1—ORIGINAL'S  OF :

INTERROGATORIES, AND PRODUCTION OF DOCUMENTS. HAS BEEN
SERVED UPON THE DEFENDANTS AND/OR THEIR REPRESENTATIVES

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE:  1 — 10 — 08 _____

/s/  Christopher Knox
NAME:  CHRISTOPHER KNOX
IDOC#:  B61090
TAMMS _____ Correctional Center
P.O. BOX 2000
TAMMS _____ , IL 62988

Revised Jan 2002

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

PLAINTIFF PRO SE

— VS —

ROGER E. WALKER     et al.

DEFENDANTS

CASE # NO #   07-CV- 1032

COPY

## MOTION TO COMPEL

NOW COME PLAINTIFF. CHRISTOPHER KNOX. PRO SE. RESPECTFULLY SUBMIT THIS "MOTION TO COMPEL" PURSUANT TO Fed. R. CIV. P. 37 (2)(4) AND states as Follows . . . .

1). PLAINTIFF IS AN INMATE WHO IS CURRENTLY INCARCERATED IN ILLINOIS DEPARTMENT OF CORRECTIONS. TAMMS C/C. IN TAMMS. ILLINOIS . . . . .

2). PLAINTIFF. FILED HIS FIRST SET OF INTERROGATORIES, PURSUANT RULE (33) OF THE Fed. R. CIV. P. WITH THE DEFENDANTS ATTORNEY. ON OR ABOUT JANUARY 10 2008. (SEE ATTACHED) AS (EXHIBIT A)A . . .

3). PLAINTIFF. FILED HIS FIRST SET OF. REQUEST FOR PRODUC- TION OF DOCUMENTS. PURSUANT TO RULE (34) AND S. Ct. RULE (214). OF THE Fed. R. CIV. P. AND S. Ct. WITH THE DEFENDANTS ATTORNEY. ON OR ABOUT JANUARY 10 2008. (SEE ATTACHED) AS (EXHIBIT B) B . . . . .

4). PLAINTIFF. REQUESTED FOR ALL RESPONSE TO BE SENT TO PLAINTIFF PLACE OF CONFINEMENT. AND WITHIN (30) DAYS FROM THE DATE THE HE RECEIVED SUCH DOCUMENTS . . . . .

5). PLAINTIFF. HAS ATTACHED AS (EXHIBIT C) C. HIS PROOF / CERTIFICATE OF SERVICES. THAT SHOWS WHEN SUCH DOCUMENTS WERE MAILED. AND WHO THEY WERE MAILED TO . (SEE EXHIBIT C) Cd . . . .

1

6). Plaintiff. allege that: due to the defendant's and their attorney's failure to comply with plaintiff — request's regarding the attach legal documents, it is causing undue delay and preventing plaintiff from participating in the discovery stage . . . .

7). Plaintiff. allege that: the defendants and their attorney. has caused plaintiff. further expenses that had incurred, in filing this motion, and request that the defendants and their attorney reimburst the plaintiff. for costs for this motion . . . .

8). Plaintiff. allege that: the defendants and their attorney. has not responded to plaintiff. request for production of documents or interrogatories within the (30) days time frame requested for by plaintiff, or has not provided a reason why such response has not yet been filed . . . .

9). Plaintiff. allege that: to the date of filing this motion, the defendants or their attorney. has not file an answer to plaintiff. request for production of documents or interrogatories . . . .

10). Plaintiff. files this motion in good-faith and not for the purpose of delaying this action . . . .

wherefore. for the above and forgoing reason pray that this "honorable Court" order and compel the defendants or their attorney to comply with discovery. and reimburst plaintiff the expenses he incurred for filing this "motion." . .

Respectfully submitted

Christopher Knol          B61090

200 E. Supermax. rd
Tamms, Illinois 62988

2

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

Christopher Knox

PLAINTIFF PRO SE

— VS —

Roger E. Walker      et al

DEFENDANTS

CASE # NO # 07-CV- 1032

1-10-08

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Now come PLAINTIFF, Christopher Knox, Pro Se, Respectfully submit his FIRST SET OF INTERROGATORIES pursuant to Fed. R. Civ. P. (33). Hereby request that, the DEFENDANTS; (Roger E. Walker,) (Rick Orr)(Guy Pierce)(Jason Garnett,)(Shelton Frey)(Terry McCann,) (Jay Merchant.) (collectively referred to as DEFENDANTS) under oath and in writing, separately answer each of the listed INTERROGATORIES in accordance with the DEFINITIONS and Instructions set forth below within thirty (30) days of services of receiving these documents . . .

## GENERAL DEFINITIONS

1). The DEFINITIONS and Instructions set forth in Rule (33) of the Fed. R. Civ. P. are incoporated herein by reference.

2). "Christopher Knox" shall mean PLAINTIFF, Christopher Knox.

3). "DEFENDANTS" shall mean, You" or Yours" Roger E. Walker; Rick Orr; Guy Pierce; Jason Garnett; Shelton Frey; Jay Merchant Terry McCann; and their representatives. All past and present predecessor, successors, subsidiaries, agents, representatives, or affiliates, and all past and present directors, officers, partners, employees, or persons acting on behalf of any the Foregoing Persons or entities . . .

4). " IDOC " shall mean, Illinois Department of Corrections" operated by the State of Illinois. And by any of IDOC Formal and present employees whether known or unknown . . . .

1

5). "DOCUMENTS" shall mean any written, graphic, recorded, or illustrated material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, executed, or prepared by or for you, in your possession, custody, or control. The term documents includes, but are not limited to the following . . . correspondence memoranda, drafts, computerized records, notes, books, jottings, records, reports, surveys, studies, analyses, things, videotapes recordings, computer disks, electronic mail, e-mails, transcript of verbal conversations, or statements however, made, business forms, labels, papers, and films, filed with the courts or other ———— governmental bodies, notices, messages, calendars, and diary entities, and copies of documents, that are not identical ———— duplicated, of the original ( e.g. because handwritten or being notes appears thereon or are attached thereto . . .

6). "PERSON" shall mean any natural person, firm, association, partnership corporation, government agency, or other entity and its officers, directors, partners, employees, representatives and agents . . .

7). "DESCRIBED" shall mean to state all information known about a subject matter, however and whenever obtained . . . .

8). The terms "REFLECTING, REFERRING, RELATING TO, OR ANY derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizin envidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically connected with the matter discussed, or factually connected with the matter that discussed . . . .

9). These interrogatories are continuing in nature. In the events that additional facts, information, or documents, are later discovered by or become known to the defendants after, the defendants, have made, separately, their first response to these interrogatories. Defendants, shall provide separately, further answers in accordance with defendants obligations to supplement responses under Fed. R. Civ. P. (26)(e) . . . .

2

10). IF YOU AT ANYTIME HAD POSSESSION, CUSTODY, OR CONTROL OF ANY DOCUMENTS REQUESTED HEREIN AND IF SUCH DOCUMENTS HAS BEEN LOST, DESTROYED, PURGED, OR IS NOT PRESENTLY IN YOUR POSSESSION, CUSTODY, OR CONTROL, IDENTIFY THE DOCUMENTS, THE DATE OF ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL, AND THE CIRCUMSTANCES SURROUNDING ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL o o o

11). IN THE EVENT THAT PRIVILEGE OR ANY OTHER IMMUNITY FROM DISCOVERY IS CLAIMED AS A BASIS FOR OBJECTION OR NOT RESPONDING TO ANY OF THESE INTERROGATORIES IN WHOLE OR IN PART, IDENTIFY THE DOCUMENTS AND/OR COMMUNICATION AND DESCRIBE THE FACTUAL BASIS FOR THE CLAIM OF PRIVILEGE OR OTHER IMMUNITY IN SUFFICIENT DETAILS SO AS TO ENABLE THE COURT TO MAKE THE DETERMINATION OF THE VALIDITY OF THE CLAIM o o o o

12). THE BELOW LISTED INTERROGATORIES ARE DIRECTED TO ALL THE DEFENDANTS, AND MUST ANSWER SEPARATELY UNDER OATH AND ON EACH SEPARATE DOCUMENT AND NUMBERED AS THIS DOCUMENT o o o o

## INTERROGATORIES

1). (A). IDENTIFY, BY NAME AND ADDRESS, OF ANY ALL PERSON OR PERSONS ANSWERING OR CONTRIBUTING INFORMATION TO ANSWER THE INTERROGATORIES SET FORTH HEREIN ON YOUR BEHALF ?

WITH RESPECT TO YOUR EMPLOYMENT BACKGROUND, PLEASE STATE ; (B). YOUR CURRENT EMPLOYER o (C). THE DATE YOU BEGAN EMPLOYMENT WITH THE DEPARTMENT OF CORRECTIONS. (D). YOUR CURRENT JOB TITLE ; AND HOW YOU BEEN IN THAT POSITION o o o o

2). WITH RESPECT TO YOUR TENURE AS AN OFFICIAL'S OF THE DEPARTMENT FACILITIES PLEASE STATE ; (A). THE IDENTITY OF THE PARTY THAT APPOINTED YOU TO THAT POSITION o (B). YOUR IMMEDIATE SUPERIOR NAME o (C). THE IDENTITY OF EACH IMMEDIATEL SUBORDINATE EMPLOYEE YOU AUTHORIZED AND/OR DESIGNATED TO ACT AS DESIGNEE OR PERFORM JOB DUTIES, THAT YOU WERE AUTHORIZED TO PERSONALLY PERFORM, IN YOUR BEHALF BY IDENTIFYING EACH PERSON AND THE SPECIFIC DUTY YOU AUTHORIZED SAID PERSON TO PERFORM, THIS IS RELEVANT BECAUSE IT DESCRIBES THE PERSONAL INVOLVEMENT OF OFFICIAL'S THROUGH THEIR UNDERSTAFF ; IT ALSO LINKS PLAINTIFF WITH ESTABLISHING RESPONSIBILITY OF EACH INDIVIDUAL, SUPPORTING PLAINTIFF NEED TO LATER AMEND o (D). DOES EACH PARTY IDENTIFIED IN #2(C) PROVIDE YOU REPORTS RELATIVES TO THE IR DUTIES, OR IF YOU REVIEW THEIR JOB PERFORMANCE o (E). IF YOU ACCEPT FULL RESPONSIBILITY FOR THE PERFORMANCE AND/OR ACTION OF EACH PERSON IDENTIFIED IN #2(C) WHILE ACTING IN THEIR CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT FACILITIES o o o o o

3

3). ARE YOU BOUND BY JOB DUTY TO ENFORCE OR ENSURE COMPLIANCE AT " PONTIAC CIC" AND TAMMS - SUPERMAX, PRISON OF :

  (A). MEDICAL AND MENTAL HEALTH TREATMENT AND/OR SERVICES; DISCIPLINARY PROCEDURES, SEGREGATION PLACEMENT, ADMINISTRATIVE DETENTION PLACEMENT, USE OF FORCE, MONITORING USE OF FORCE, EMPLOYEE CONDUCT, TACTICAL UNITS, CELL EXTRACTIONS AND TRAINING.

  (B). WHETHER YOU PERSONALLY REVIEWED STAFF COMPLIANCE AT ―― " PONTIAC CIC" AND TAMMS - SUPERMAX, PRISON. OR THE IDENTITY OF EACH PERSON THAT WAS RESPONSIBLE FOR ENSURING COMPLIANCE OF EACH SET FORTH IN # 3 (A). BY IDENTIFYING EACH AND THE SPECIFIC AREA OF SAID PERSON'S RESPONSIBILITY ...

  (C). WHETHER THE PERSON'S IN # 3 (B) REPORTED TO YOU PERSONALLY OR BY WRITTEN REPORTS CONCERNING THE ISSUES IN PLAINTIFF ― CLAIMS / COMPLAINT IN THE AREA'S OF # 3 (A).. IF SO IDENTIFY SUCH PERSON'S OR WRITTEN REPORTS ...

  (D). WHETHER YOU ARE A PARTY TO ANY PRIOR OR PENDING LEGAL LITIGATION'S. DEALING WITH SIMILAR CLAIMS / ALLEGATIONS AS ALLEGED IN PLAINTIFF COMPLAINT. IN ANY IDENTIFIED REQUEST IN # 3 (A). BY IDENTIFYING THE TITLE OF THE ACTION, THE PARTIES INVOLVED, THE CASE NUMBER OF EACH IN A CHRONOLOGICAL ORDER WITH VENUE AND JURISDICTION ..

4). WITH RESPECT TO THE COMPLAINT OF PLAINTIFF IN THIS CAUSE, OF ACTION. PLEASE STATE :

  (A). PLAINTIFF, IS CURRENTLY CONFINED AT TAMMS SUPERMAX, PRISON.

  (B). PLAINTIFF, HAS LONG HISTORY OF FILING, CASES, GRIEVANCES. AGAINST THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND THAT AN INVESTIGATION WERE CONDUCTED BY THE WILL COUNTY, STATE POLICE. REGARDING AN EXCESSIVE FORCE INCIDENTS THAT OCCURRED ON OR ABOUT OCTOBER 21 2005, WHILE PLAINTIFF WAS AT " STATEVILLE - CORR. CENTER. .

  (C). THAT TAMMS. SUPERMAX, PRISON. DOES NOT HOUSED THE " WORST OF THE WORST" OF ILLINOIS PRISONER'S . .. . .

  (D). THAT PLAINTIFF, WAS NOT GIVEN A PSYCHOLOGICAL EVALUATION PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON, AND THAT PLAINTIFF WAS NOT GIVEN HEARING TO PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON.

  (E). THAT PLAINTIFF, HAS BEEN IN DISCIPLINARY SEGREGATION SINCE JULY / 1999 . HAS CUMLIATED SEGREGATION TIME THAT GOES BEYOND HIS PRISON SENTENCE. PLUS INTO IN DETERMINATE SEGREGATION, WHICH PLAINTIFF WILL REMAIN IN THROUGHOUT THE REMAINDER OF HIS PRISON SENTENCE IN TAMMS SUPERMAX, PRISON,

5) (A). With respect to plaintiff. Medical and mental Health. Was his mental illness consider by Prisons Adjustment Committee's for problematic behavior that was a direct cause by his mental illnesses..

(B). Was plaintiff considered to be seriously mentally ill prior to his placement at Tamms. Supermax, prison, and was he being treated for his mental illnesses prior to his placement at Tamms. Supermax. Prison..

(C). Prisoner's who considered to be seriously mentally ill, are assigned where and treated How...

(D). If your answer to # 5 (D) is Yes, what was his illnesses and what mental Health treatment and/or services did he received. as an result of being seriously mentally ill......

(E). Does plaintiff. has a history of self-harming hisself by cuting on hisself. inserting foreign objects into his penis. and attempting suicide. and since his placement in Tamms, Supermax, prison, has he mutilated hisself or attempted suicide by hanging hisself..

6). With respect to the current Policies, Procedures, Regulations. That is used in selecting prisoner's for placement at Tamms.

(A). Are you aware of the operation of Tamms. Supermax. Prison.

(B). Were you personally involved in formulating and approving the currently used conditions at Tamms. Supermax. Prison and selecting prisoners for transfer into and out of Tamms...

(C). Are prisoners. in disciplinary segregation. who are transferred Tamms. Supermax, prison. Given an opportunity prior to their transfer to contest there placement at Tamms. Supermax. Prison...

(D). Are prisoners. in long-term disciplinary segregation Given an opportunity to hearing to contest their transfer or placement in Tamms. Supermax. Prison.

(E). has plaintiff. been Given a Hearing prior to his transfer to Tamms. or while at Tamms to contest his placement at Tamms. Supermax, Prison. or is plaintiff disciplinary segregation placement. been Reviewed.....

7). has any of plaintiff disciplinary reports. required that placement at Tamms supermax. prison. was recommended by the prison adjustment committee's.

(B). Does the administrative regulations governing the placement at Tamms. supermax. prison. in 20 ill. Adm. Code. § 505. 40 (D). provides that inmate who has engaged in or may be planning to engage in the following activities is eligible for transfer to Tamms supermax. prison. (1). escape or attempted escape. (2). assault which caused death or serious bodily injury. (3). engaged in dangerous disturbances. (4). has influence in a gang. (5). engaged in non-consensual sex. (6). possession of a weapon.

(C). did any of the above regulations governing the placement at Tamms. supermax. prison. apply to plaintiff being placed in Tamms. supermax. prison. and his continue placement under the current used standards at Tamms.

(D). if your answer is "yes" to # 7 (C). what regulation's is plaintiff allegedly allege to have violated. and when was it violated how it was violated. was plaintiff than transferred to Tamms. supermax. prison as a result of that violation.

(E). Are there other prisoner's in illinois prison's who meet the regulation's in 7 (B). who has a worser record then plaintiff. being housed at any other prison's that is operated by the illinois department of corrections.

Further affidant sayeth not

Respectfully submitted

Christopher Knol ___ B61090

200 E. Supermax. rd

Tamms. illinois 62988

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX                          CASE # NO# 07-CV-1032
PLAINTIFF PRO SE
___ VS ___
ROGER E. WALKER            ET AL          1-10-08
DEFENDANTS

## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME PLAINTIFF CHRISTOPHER KNOX. PRO SE. RESPECTFULLY SUBMIT HIS REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. (34) AND PURSUANT TO Sect. RULE (214). DIRECTED THE DEFENDANTS. ROGER E. WALKER; RICK ORR; JASON GARNETT; GUY PIERCE; JAY MERCHANT; SHELTON FREY; TERRY McCANN; AND THEIR ATTORNEY'S OF —— RECORD.; TO PRODUCE FOR INSPECTION, COPYING, REPRODUCTION AND PHOTOGRAPHING AT THE ADDRESS OF. CHRISTOPHER KNOX BL1090 ; 200 E. SUPERMAX. RD TAMMS, ILLINOIS 62988. WITHIN THIRTY (30) DAYS AFTER SERVICES OF THIS REQUEST TO PRODUCE, OR AT SUCH OTHER TIME AND PLACE AS MAY BE AGREED UPON BY PLAINTIFF AND THE DEFENDANTS AND THEIR REPRESENTATIVES ....

## GENERAL DEFINITIONS

1). THE DEFINITION AND INSTRUCTIONS SET FORTH IN FED. R. CIV. P. (34) AND Sect. RULE (214). ARE INCOPORATED HEREIN BY REFERENCE'S .....

2). " DOCUMENTS" SHALL MEAN ANY WRITTEN, GRAPHIC, RECORDED, OR ILLUSTRATED MATERIAL OF ANY KIND OR DESCRIPTION. HOWEVER PRODUCED OR REPRODUCED, AND REGARDLESS OF WHETHER APPROVED. SIGNED, SENT, RECEIVED, REDRAFTED, EXECUTED, OR PREPARED BY OR FOR YOU, IN YOUR POSSESSION. CUSTEDY, OR CONTROL. THE TERMS DOCUMENTS INCLUDES, BUT ARE LIMITED TO, THE FOLLOWING —— CORRESPONDENCES MEMORANDA, DRAFTS, COMPUTERIZED, RECORDS, NOTES, JOTTINGS, BOOKS, RECORDS, REPORTS, SURVEYS, STUDIES. ANALYSES, THING VIDEOTAPES, RECORDINGS, COMPUTER DISKS, ELECTRONIC, MAIL , E-MAILS, TRANSCRIPT OF VERBAL CONVERSATIONS, OR STATEMENTS —— HOWEVER, MADE, BUSINESS FORMS, LABELES, PAPERS AND FILMS, FILED. WITH COURTS OR OTHER GOVERNMENTAL BODIES, NOTICES, MESSAGES, CALENDARS, AND DIARY ENTITIES, AND COPIES OF DOCUMENTS. THAT ARE NOT IDENTICAL DUPLICATED, OF THE ORIGINAL ( E. G. BECAU HANDWRITTEN OR BELIND NOTES APPEARS THEREON OR ARE NOT ATTACH. THERETO .......

3). PRODUCE All GRIEVANCE'S. FILED BY PLAINTIFF, THAT INCLUDES COUNSELOR'S RESPONSE'S. GRIEVANCE OFFICER'S RESPONSE'S. WITH THE CHIEF ADMINISTRATIVE OFFICER'S FINAL DECISION'S.

4). PRODUCE All ADMINISTRATIVE REVIEW BOARD SUMMARIES TO All GRIEVANCE'S THAT WERE APPEALED OR FORWARDED DIRECTLY TO THE A. R. B. THAT INCLUDES THE DIRECTOR FINAL DECISION

5). PRODUCE All DISCIPLINARY REPORTS. WRITTEN SUMMARIES. AND INCIDENT REPORTS RELATING TO SUCH DISCIPLINARY REPORTS. OR EVIDENCE THAT WERE SUBMITTED BY BOTH PLAINTIFF AND DEPARTMENT OFFICIAL'S....

6). PRODUCE All DOCUMENTS RELATING TO CURRENT PRACTICE USED TO SELECT PRISONERS FOR TRANSFER TAMMS SUPERMAX, PRISON.

7). PRODUCE All DOCUMENTS RELATING TO THE CONDITIONS OF CONFINEMENT OF TAMMS, SUPERMAX, PRISON...

8). PRODUCE All DOCUMENTS RELATING TO PLACEMENT AT TAMMS SUPERMAX, PRISON..

9). PRODUCE All DOCUMENTS. RELATING TO THE HARDSHIPS AND PSYCHOLOGICAL DAMAGES TAMMS, SUPERMAX, PRISON. IS TO INTEND TO INFLICT ON PRISONERS. WHO UNDER SUCH HARSH AND PSYCHOLOGICAL CONDITIONS OF CONFINEMENT...

10). PRODUCE All DOCUMENTS. RELATING TO PLAINTIFF TRANSFER TO TAMMS, SUPERMAX, PRISON..

11). PRODUCE All COUNSELOR'S REPORT'S AND RECOMMENDATION'S REGARDING PLAINTIFF TRANSFER AND PLACEMENT AT TAMMS SUPERMAX, PRISON...

12). PRODUCE All STUDIES AND ANALYSES REPORTS AND THEIR RECOMMENDATION'S ON TAMMS, SUPERMAX, PRISON...

13). PRODUCE All PERSONNEL'S FILES. WHO ARE DEFENDANTS IN THIS ACTION OR WHO WILL BE DEFENDANTS IN THIS ACTION WHICH SHALL ONLY INCLUDE INFORMATION SUCH AS RELATING TO THEIR EMPLOYMENT AND CRIMINAL AND CIVIL ACTIVITIES.

2

14). PRODUCE All MEDICAL AND MENTAL HEALTH RECORDS THAT RELATES TO PLAINTIFF, CHRISTOPHER KNOX. B61090 . . .

15). PRODUCE All PSYCHOLOGICAL TESTINGS, AND REPORTS ON PLAINTIFF . . . . .

16). PRODUCE All DOCUMENTS, RELATING TO WHETHER OR NOT PLAINTIFF WENT BEFORE THE TRANSFER REVIEW — COMMITTEE, PRIOR TO HIS TRANSFER TO TAMMS, AND WHILE HE HAS BEEN AT TAMMS, SUPERMAX, PRISON . . .

17). PRODUCE All INCIDENT REPORTS, RELATING TO PLAINTIFF SELF-HARM AND SUICIDE ATTEMPTS IN 2005, 2006, AND 2007 . . . . .

18). PRODUCE All MEDICAL BILLS ARISING OUT OF THE TREATMENT YOU CLAIMED YOU TREATED PLAINTIFF FOR, THAT INCLUDES AN ITEMIZATION OF THE AMOUNT CHARGED, THE AMOUNT PAID, AND ANY REDUCTIONS IN THE CHARGES OR THE DISCOUNTS THAT WERE APPLIED TO THE CHARGES . . .

YOU ARE FURTHER REQUESTED TO FURNISH AT THE TIME AND PLACE STATED, AN AFFIDAVIT'S STATING THAT THE SAID — PRODUCTION IS COMPLETED IN ACCORDANCE WITH THE REQUEST, AND IF NOT COMPLETE, TO LIST THOSE ITEMS NOT PRODUCED, STATE THE GROUNDS FOR OBJECTION'S TO THEIR PRODUCTION, GIVEN THE NAMES AND ADDRESS OF THE PERSON HAVING POSSESSION, CUSTODY, OR CONTROL OF SUCH DOCUMENTS . . . . .

RESPECTFULLY SUBMITTED
Christopher Knol _____ B61090
200 E. SUPERMAX, Rd
TAMMS, ILLINOIS 62988

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX
_____
Plaintiff,

)
)
)                Case No.  07 - CV - 1032
)                         _____
v.                                      )
)
ROGER E. WALKER  ET AL                  )
_____                 )
Defendant

## PROOF/CERTIFICATE OF SERVICE

TO: ASS. ATT. GENERAL                    TO: _____
    MATTHEW LURKINS                          _____
    500 SOUTH SECOND STREET                  _____
    SPRINGFIELD, ILL 62706                   _____

PLEASE TAKE NOTICE that on  JANUARY 10 _____, 2008, I have placed the
documents listed below in the institutional mail at  TAMMS _____ Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service  1-ORIGINAL'S OF:
INTERROGATORIES, AND PRODUCTION OF DOCUMENTS. HAS BEEN
SERVED UPON THE DEFENDANTS AND/OR THEIR REPRESENTATIVES

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE:  1 - 10 - 08
                                    /s/ Christopher Knox
                                    NAME: Christopher Knox
                                    IDOC#: B61090
                                    TAMMS _____ Correctional Center
                                    P.O. BOX 2000
                                    TAMMS _____, IL 62988

Revised Jan 2002