**E-FILED**

Friday, 11 April, 2008 11:37:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX                          CASE # NO# 07-CV-1032

PLAINTIFF PRO SE

— VS —                                    **FILED**

ROGER E. WALKER  et al                    APR 1 1 2008

DEFENDANTS                                CLERK OF COURT
                                          U.S. DISTRICT COURT
                                          CENTRAL DISTRICT OF ILLINOIS

MOTION TO COMPEL

NOW COME PLAINTIFF, CHRISTOPHER KNOX, PRO SE. RESPECTFULLY
SUBMIT THIS " MOTION TO COMPEL" PURSUANT TO FED. R. CIV. P.
37 (2) (A) AND STATES AS FOLLOWS o o o o

1)o PLAINTIFF, FILED HIS FIRST SET OF INTERROGATORIES
PURSUANT TO RULE (33) OF THE FED. R. CIV. P. WITH
THE DEFENDANTS ATTORNEY, ON OR ABOUT JANUARY 10 2008
SEE ( EXHIBITS A )o o o

2)o PLAINTIFF, FILED HIS FIRST SET OF. REQUEST FOR
PRODUCTION OF DOCUMENTS, PURSUANT TO RULE (34) AND
So Ct. RULE (214) OF THE FED. R. CIV. P. AND
So ct. WITH THE DEFENDANTS ATTORNEY ON OR ABOUT
JANUARY 10 2008. SEE ( EXHIBITS B )o o o

3)o PLAINTIFF, RECEIVED A RESPONSE TO HIS FIRST SET
OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS,
ON OR ABOUT MARCH 14 2008, FROM DEFENDANTS ATTORNEY.

4)o PLAINTIFF, ALLEGE THAT; DEFENDANTS RESPONSE TO
INTERROGATORIES AND PRODUCTION OF DOCUMENTS WERE
INCONSISTENT WITH PLAINTIFF, REQUEST TO ANSWER
INTERROGATORIES AND TO PRODUCE DOCUMENTS o o o
SEE ( EXHIBITS C AND D )o o o

1

5). Plaintiff, allege that; Defendants and their subordinates and their attorney, has failed and has refused to comply with plaintiff requests regarding plaintiff answer to interrogatories and production of documents.. see (exhibits C and D).....

6). Plaintiff, allege that; due to the defendants and their subordinates and their attorney failure to comply with plaintiff requests regarding the (exhibits A and D), it is causing undue delay and preventing plaintiff from participating in the discovery stage...

7). Plaintiff, contends that; he has place a circle around the number paragraphs, that defendants and their subordinates and their attorney, has failed to comply with or responded to. see (exhibits A-B).

8). Plaintiff, allege that; the defendants has caused plaintiff, further expenses, that has incurred, in the filing of this "Motion" and request that the defendants and their attorney reimburst plaintiff for the costs for this Motion...

9). Plaintiff, file this "Motion in good-faith and not for the purpose of delaying this action...

wherefore, for the above and foregoing reasons pray that this "Honorable Court" order and compel the defendants or their attorney to comply with discovery. and to reimburst the plaintiff, for the expenses he incurred for filing this "Motion"....

Respectfully submitted
Christopher Knop           B61090
200 E. Supermax, Rd
TAMMS,  Illinois 62988

2

# EXHIBIT A

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX )
Plantiff, )
)
) Case No. 07 - CV - 1032
V. )
)
ROGER E. WALKER ET AL )
Defendant )

## PROOF/CERTIFICATE OF SERVICE

TO: ASS. ATT. GENERAL          TO: _____
    MATTHEW LURKINS                 _____
    500 SOUTH SECOND STREET         _____
    SPRINGFIELD, ILL 62706          _____

PLEASE TAKE NOTICE that on  JANUARY 10          , 2008 , I have placed the
documents listed below in the institutional mail at TAMMS          Correctional Center,
properly addressed to the parties listed above for mailing through the United States Postal
Service. 1 - ORIGINAL'S OF :
INTERROGATORIES, AND PRODUCTION OF DOCUMENTS. HAS BEEN
SERVED UPON THE DEFENDANTS AND/OR THEIR REPRESENTATIVES

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,
that I am a named party in the above action, that I have read the above documents, and that the
information contained therein is true and correct to the best of my knowledge.

DATE: 1 - 10 - 08                    /s/ Christopher Knox
                                     NAME: Christopher Knox
                                     IDOC#: 061090
                                     TAMMS          Correctional Center
                                     P.O. BOX 2000
                                     TAMMS          , IL 62988

Revised Jan 2002

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX                              CASE # NO # 07-CV-1032

PLAINTIFF PRO SE

_VS_

ROGER E. WALKER                              1-10-08
                               et al

DEFENDANTS

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COME PLAINTIFF. CHRISTOPHER KNOX, PRO SE. RESPECTFULLY SUBMIT HIS FIRST SET OF INTERROGATORIES PURSUANT TO FED. R. CIV. P. (33). HEREBY REQUEST THAT, THE DEFENDANTS) (ROGER E. WALKER,) (RICK ORR)(GUY PIERCE)(JASON GARNETT,)(SHEITON FREY)(TERRY McCANN,) (JAY MERCHANT,) ( COLLECTIVELY REFERRED TO AS DEFENDANTS) UNDER OATH AND IN WRITING, SEPARATELY ANSWER EACH OF THE LISTED INTERROGATORIES IN ACCORDANCE WITH THE DEFINITIONS AND INSTRUCTIONS SET FORTH BELOW WITHIN THIRTY (30) DAYS OF SERVICES OF RECEIVING THESE DOCUMENTS . . .

## GENERAL DEFINITIONS

1). THE DEFINITIONS AND INSTRUCTIONS SET FORTH IN RULE (33) OF THE FED. R. CIV. P. ARE INCOPORATED HERE IN BY REFERENCE.

2). "CHRISTOPHER KNOX" SHALL MEAN PLAINTIFF, CHRISTOPHER KNOX.

3). "DEFENDANTS" SHALL MEAN, YOU OR YOURS" ROGER E. WALKER; RICK ORR; GUY PIERCE; JASON GARNETT; SHEITON FREY; JAY MERCHANT; AND THEIR REPRESENTIVED. ALL PAST AND PRESENT — PREDECESSOR, SUCCESSORS, SUBSIDIARIES, AGENTS, REPRESENTIVES, OR AFFILATES. AND ALL PAST AND PRESENT DIRECTORS, OFFICERS, PARTNERS EMPLOYEES, OR PERSONS ACTING ON BEHALF OF ANY THE FOREGOING PERSONS OR ENTITIES . . .

4). "IDOC" SHALL MEAN, ILLINOIS DEPARTMENT OF CORRECTIONS" OPERATED BY THE STATE OF ILLINOIS. AND BY ANY OF IDOC FORME AND PRESENT EMPLOYEES WHETHER KNOWN OR UNKNOWN . . . .

1

5). "DOCUMENTS" shall mean any written, graphic, recorded, or illustrated material of any kind or description. However produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, executed, or prepared by or for you, in your possession, custody, or control. The term DOCUMENTS includes, but are not limited to the following: correspondence memoranda, drafts, computerized, records, notes, books, jottings, records, reports, surveys, studies, analyses, things, videotapes recordings, computer disks, electronic mail, e-mails, transcript of verbal conversations, or statements however, made, business forms, labels, papers, and films, filed with the courts or other ———— governmental bodies, notices, messages, calendars, and diary entities, and copies of documents, that are not identical ———— duplicated, of the original ( e.g. because handwritten or ———— belong notes appears thereon or are attached thereto ...

6). "PERSON" shall mean any natural person, firm, association, partnership corporation, government agency, or other entity and its officers. Director's partners, employees, representatives and agents ...

7). "DESCRIBED" shall mean to state all information known about a subject matter, however and whenever obtained ...

8). The terms" reflecting, referring, relating to, or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically connected with the matter discussed, or factually connected with the matter that discussed ...

9). These interrogatories are continuing in nature. In the event that additional facts, information, or documents, are later discovered by or become known to the defendants after, the defendants, have made, separately, their first response to these interrogatories. defendants, shall provide separately, further answers in accordance with defendants obligations to supplement responses under Fed. R. Civ. P. ( 26 ) (e) ...

2

10). IF YOU AT ANY TIME HAD POSSESSION, CUSTODY, OR CONTROL OF ANY DOCUMENTS REQUESTED HEREIN AND IF SUCH DOCUMENTS HAS BEEN LOST, DESTROYED, PURGED, OR IS NOT PRESENTLY IN YOUR POSSESSION, CUSTODY, OR CONTROL, IDENTIFY THE DOCUMENTS, THE DATE OF ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL, AND THE CIRCUMSTANCES SURROUNDING ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL o o o

11). IN THE EVENT THAT PRIVILEGE OR ANY OTHER IMMUNITY FROM DISCOVERY IS CLAIMED AS A BASIS FOR OBJECTION OR NOT RESPONDING TO ANY OF THESE INTERROGATORIES IN WHOLE OR IN PART, IDENTIFY THE DOCUMENTS AND/OR COMMUNICATION AND DESCRIBE THE FACTUAL BASIS FOR THE CLAIM OF PRIVILEGE OR OTHER IMMUNITY IN SUFFICIENT DETAILS SO AS TO ENABLE THE COURT TO MAKE THE DETERMINATION OF THE VALIDITY OF THE CLAIM o o o o

12). THE BELOW LISTED INTERROGATORIES ARE DIRECTED TO ALL THE DEFENDANTS, AND MUST ANSWER SEPARATELY UNDER OATH AND ON EACH SEPARATE DOCUMENT AND NUMBERED AS THIS DOCUMENT o o o o

## INTERROGATORIES

1). (A). IDENTIFY, BY NAME AND ADDRESS, OF ANY All PERSON OR PERSONS ANSWERING OR CONTRIBUTING INFORMATION TO ANSWER THE INTERROGATORIES SET FORTH HERE IN ON YOUR BEHALF ?

WITH RESPECT TO YOUR EMPLOYMENT BACKGROUND. PLEASE STATE : (B). YOUR CURRENT EMPLOYER. (C). THE DATE YOU BEGAN EMPLOYMENT WITH THE DEPARTMENT OF CORRECTIONS. (D). YOUR CURRENT JOB TITLE ; AND HOW YOU BEEN IN THAT POSITION o o o o

2). WITH RESPECT TO YOUR TENURE AS AN OFFICIAL S OF THE DEPARTMENT FACILITIES PLEASE STATE : (A). THE IDENTITY OF THE PARTY THAT APPOINTED YOU TO THAT POSITION. (B). YOUR IMMEDIATE SUPERIOR NAME. (C). THE IDENTITY OF EACH IMMEDIATEL SUBORDINATE EMPLOYEE YOU AUTHORIZED AND/OR DESIGNATED TO ACT AS DESIGNEE OR PERFORM JOB DUTIES, THAT YOU WERE AUTHORIZED TO PERSONALLY PERFORM, IN YOUR BEHALF BY IDENTIFYING EACH PERSON AND THE SPECIFIC DUTY YOU AUTHORIZED SAID PERSON TO PERFORM, THIS IS RELEVANT BECAUSE IT DESCRIBES THE PERSONAL INVOLVEMENT OF OFFICIAL S THROUGH THEIR UNDERSTAFF ; IT ALSO LINKS PlaINTIFF WITH ESTABLISHING RESPONSIBILITY OF EACH INDIVIDUAL, SUPPORTING PlaINTIFF NEED TO LATER AMEND o. (D). DOES EACH PARTY IDENTIFIED IN # 2 (C) PROVIDE YOU REPORTS RELATIVES TO THEIR DUTIES, OR IF YOU REVIEW THEIR JOB PERFORMANCE. (E). IF YOU ACCEPT FULL RESPONSIBILITY FOR THE PERFORMANCE AND/OR ACTION OF EACH PERSON IDENTIFIED IN # 2 (C) WHILE ACTING IN THEIR CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT FACILITIES o o o o o

3

3) a) ARE YOU BOUND BY JOB DUTY TO ENFORCE OR ENSURE COMPLIENCE AT " PONTIAC CIC" AND TAMMS - SUPERMAX. PRISON OF :

(A). MEDICAL AND MENTAL HEALTH TREATMENT AND/OR SERVICES: DISCIPLINARY PROCEDURES, SEGREGATION PLACEMENT, ADMINISTRATIVE DETENTION PLACEMENT, USE OF FORCE, MONITURING USE OF FORCE, EMPLOYEE CONDUCT, TACTICAL UNITS CELL EXTRACTIONS AND TRAINING.

(B). WHETHER YOU PERSONALLY REVIEWED STAFF COMPLIENCE AT ―― " PONTIAC CIC" AND TAMMS - SUPERMAX, PRISON, OR THE IDENTITY OF EACH PERSON THAT WAS RESPONSIBLE FOR ENSURING COMPLIENCE OF EACH SET FORTH IN # 3 (A). BY IDENTIFYING EACH AND THE SPECIFIC AREA OF SAID PERSON'S RESPONSIBILITY . . .

(C). WHETHER THE PERSON'S IN # 3 (B) REPORTED TO YOU PERSONALLY OR BY WRITTEN REPORTS CONCERNING THE ISSUES IN PLAINTIFF ―― CLAIMS / COMPLAINT IN THE AREA'S OF # 3 (A). . IF SO IDENTIFY SUCH PERSON'S OR WRITTEN REPORTS . . .

(D). WHETHER YOU ARE A PARTY TO ANY PRIOR OR PENDING LEGAL LITIGATION'S. DEALING WITH SIMILAR CLAIMS / ALLEGATIONS AS ALLEGED IN PLAINTIFF COMPLAINT. . IN ANY IDENTIFIED REQUEST IN # 3 (A). BY IDENTIFYING THE TITLE OF THE ACTION, THE PARTIES INVOLVED, THE CASE NUMBER OF EACH IN A CHRONOLOGICAL ORDER WITH VENUE AND JURISDICTION . .

4) WITH RESPECT TO THE COMPLAINT OF PLAINTIFF IN THIS CAUSE, OF ACTION, PLEASE STATE :

(A). PLAINTIFF, IS CURRENTLY CONFINED AT TAMMS SUPERMAX, PRISON.

(B). PLAINTIFF, HAS LONG HISTORY OF FILING. CASES, GRIEVANCES. AGAINST THE ILLINOIS DEPARTMENT OF CORRECTIONS, AND THAT AN INVESTIGATION WERE CONDUCTED BY THE WILL COUNTY, STATE POLICE. REGARDING AN EXCESSIVE FORCE INCIDENTS THAT OCCURRED ON OR ABOUT OCTOBER 21 2005, WHILE PLAINTIFF WAS AT " STATEVILLE - CORR. CENTER. .

(C). THAT TAMMS, SUPERMAX, PRISON, DOES NOT HOUSED THE " WORST OF THE WORST" OF ILLINOIS PRISONER'S . . . .

(D). THAT PLAINTIFF, WAS NOT GIVEN A PSYCHOLOGICAL EVALUATION PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON, AND THAT PLAINTIFF WAS NOT GIVEN HEARING TO PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON.

(E). THAT PLAINTIFF, HAS BEEN IN DISCIPLINARY SEGREGATION SINCE JULY / 1999, HAS CUMIATED SEGREGATION TIME THAT GOES BEYOND HIS PRISON SENTENCE, PLUS INTHE INDETERMINATE SEGREGATION, WHICH PLAINTIFF WILL REMAIN IN THROUGHOUT THE REMAINDER OF HIS PRISON SENTENCE IN TAMMS SUPERMAX, PRISON.

4

5) With respect to Plaintiff. Medical and mental health. was his mental illness consider by Prisons Adjustment Committee's For Problematic Behavoir that was a direct cause by mental illnesses..

(B). was Plaintiff. Considered to be seriously mentally ill prior to his Placement at TAMMS. Supermax, Prison, and was he being treated For his mental illnesses prior to his Placement at TAMMS. Supermax. Prison..

(C). Prisoner's who Considered to be seriously mentally ill, are assigned where and treated How...

(D). If your answer to # 5 (D) is Yes, what was his illnesses and what mental Health Treatment and/or services did he received, as an result of being seriously mentally ill......

(E). Does Plaintiff. has a history of self-harming hisself by cuting on hisself, inserting foreign objects into his penis, and attempting suicide. and since his Placement in TAMMS. Supermax, Prison. has he mutilated hisself or attempted suicide. by hanging hisself..

6). with respect to the current Policies, procedures, regulations. that is used in selecting Prisoner's For Placement at TAMMS.

(A). Are You aware of the operation of TAMMS. Supermax, Prison.

(B). were You Personally involved in Formulating and approving the currently used conditions at TAMMS. Supermax. Prison and selecting Prisoners For Transfer into and out of TAMMS...

(C). Are Prisoners. in Disciplinary segregation, who are transferred TAMMS. Supermax, Prison. Given an opportunity Prior to their Transfer to contest there replacement at TAMMS, Supermax. Prison...

(D). Are Prisoners. in long-term disciplinary segregation given an opportunity to hearing to contest their Transfer or Placement in TAMMS. supermax, Prison.

(E). has Plaintiff. been given a hearing Prior to his Transfer to TAMMS. or while at TAMMS to contest his Placement at TAMMS. Supermax, Prison. or is Plaintiff disciplinary segregation Placement. been reviewed....

5

(7) (4). has any of Plaintiff disciplinary Reports, Required that placement at Tamms Supermax. Prison. was Recommended by the Prison Adjustment Committee's...

(B). Does the Administrative Regulations Governing the placement at Tamms. Supermax. Prison, in 20 Ill. Adm. Code. 3 505. 40 (D). Provides that inmate who has engaged in or may be Planning to engage in the Following activities is eligible For transfer to Tamms Supermax, prison... (1). Escape or Attempted Escape. (2). Assault which caused death or serious Bodily Injury. (3). Engaged in Dangerous disturbances. (4). has Influence in a Gang. (5). Engaged in Non-Consensual Sex. (6). Possession of a weapon...

(C). Did any of the above Regulations Governing the placement at Tamms. Supermax. Prison. Apply to Plaintiff being placed in Tamms. Supermax. Prison. and his Continue placement under the Current used standards at Tamms...

(D). If Your answer is "Yes" to #7(C). What Regulation's is Plaintiff Allegedly Allege to have Violated. And when was it Violated how it was Violated. was Plaintiff then Transferred to Tamms. Supermax. Prison as a Result of that Violation...

(E). Are there other Prisoner's in Illinois Prison's who meet the Regulation's in 7(B). who has a worser Record Then Plaintiff. Being housed at any other Prison's That is operated By the Illinois Department of Corrections...

Further Affidavit Sayeth not

Respectfully submitted
Christopher Knol  D61090
200 E. Supermax. Rd
Tamms.  Illinois  62988

6

# EXHIBIT B

UNITED States District Court
CENTRAL District of Illinois.

Christopher Knox                           CASE # No# 07-CV-1032

Plaintiff Pro Se

___ VS ___                                              1-10-08

Roger G. Walker          Et aL

Defendants

## Request For Production of Documents

Now come Plaintiff. Christopher Knox. Pro Se. Respectfully submit his
Request For Production of Documents Pursuant to Fed. R. Civ. P. (34)
AND Pursuant to Sect. Rule (214). Directed the Defendants.
Roger G. Walker; Rick orr; Jason Garnett; Guy Pierce; Jay
Merchant; shelton Frey; Terry McCann; AND their Attorney's of —
Record.; To Produce For Inspection, copying, Reproduction AND
Photographing AT the Address of. Christopher Knox B61090 ;
200 E. Supermax. Rd Tamms, illinois 62988. within Thirty
(30) Days After services of this Request to Produce, or AT
such other Time AND Place As MAY BE Agreed upon BY Plaintiff
AND the Defendants AND their Representatives .....

## General Definitions

1). the Definition AND Instructions Set Forth in Fed.e. Civ. P.
(34) AND Sect. Rule (214). ARE Incoporated herein BY
Reference's .....

2). "Documents" shall MEAN ANY Written, Graphic, Recorded, or
Illustrated Material of ANY Kind or Description, However
Produced or Reproduced, AND Regardless of whether Approved,
Signed, Sent, Received, Redrafted, executed, or Prepared
BY or For You, IN Your Possession, Custody, or Control. the Terms
Documents Includes, BUT ARE Limited To, the Following —
Correspondences Memoranda, Drafts, Computerized, Records, Notes,
Jottings, Books, Records, Reports, Surveys, studies, analyses, thing
Videotapes, Recordings, Computer Disks, Electronic, Mail,
E-mails, Transcript of verbal Conversations, or statements —
However, MADE, Business Forms, Labeles, papers AND Films, Filed,
with Courts or other Governmental Bodies, Notices, Messages,
Calendars, AND Diary Entities, AND Copies of Documents, that
ARE Not Identical Duplicated, of the Original ( e. G. Becau
handwritten or Below notes appears thereon or ARE Not Attach.
thereto .....

3). PRODUCE ALL GRIEVANCE'S. FILED BY PLAINTIFF, THAT INCLUDES COUNSELOR'S RESPONSE'S. GRIEVANCE OFFICER'S RESPONSE'S. WITH THE CHIEF ADMINISTRATIVE OFFICER'S FINAL DECISION'S.

4). PRODUCE ALL ADMINISTRATIVE REVIEW BOARD SUMMARIES TO ALL GRIEVANCE'S THAT WERE APPEALED OR FORWARDED DIRECTLY TO THE A.R.B. THAT INCLUDES THE DIRECTOR FINAL DECISION

5). PRODUCE ALL DISCIPLINARY REPORTS. WRITTEN SUMMARIES. AND INCIDENT REPORTS RELATING TO SUCH DISCIPLINARY REPORTS. OR EVIDENCE THAT WERE SUBMITTED BY BOTH PLAINTIFF AND DEPARTMENT OFFICIAL'S. . . . .

6). PRODUCE ALL DOCUMENTS RELATING TO CURRENT PRACTICE USED TO SELECT PRISONERS FOR TRANSFER TAMMS SUPERMAX. PRISON.

7). PRODUCE ALL DOCUMENTS RELATING TO THE CONDITIONS OF CONFINEMENT OF TAMMS. SUPERMAX. PRISON . . .

8). PRODUCE ALL DOCUMENTS RELATING TO PLACEMENT AT TAMMS SUPERMAX. PRISON . .

9). PRODUCE ALL DOCUMENTS. RELATING TO THE HARDSHIPS AND PSYCHOLOGICAL DAMAGES TAMMS. SUPERMAX. PRISON. IS TO INTEND TO INFLICT ON PRISONERS. WHO UNDER SUCH HARSH AND PSYCHOLOGICAL CONDITIONS OF CONFINEMENT. . .

10). PRODUCE ALL DOCUMENTS. RELATING TO PLAINTIFF TRANSFER TO TAMMS. SUPERMAX. PRISON . .

11). PRODUCE ALL COUNSELOR'S REPORT'S AND RECOMMENDATION'S REGARDING PLAINTIFF TRANSFER AND PLACEMENT AT TAMMS SUPERMAX. PRISON . . .

12). PRODUCE ALL STUDIES AND ANALYSES REPORTS AND THEIR RECOMMENDATION'S ON TAMMS. SUPERMAX. PRISON. . .

13). PRODUCE ALL PERSONNEL'S FILES. WHO ARE DEFENDANTS IN THIS ACTION OR WHO WILL BE DEFENDANTS IN THIS ACTION WHICH SHALL ONLY INCLUDE INFORMATION SUCH AS RELATING TO THEIR EMPLOYMENT AND CRIMINAL AND CIVIL ACTIVITIES.

14). PRODUCE ALL MEDICAL AND MENTAL HEALTH RECORDS THAT RELATES TO PLAINTIFF, CHRISTOPHER KNOX. B61090 . . .

15). PRODUCE ALL PSYCHOLOGICAL TESTINGS, AND REPORTS ON PLAINTIFF . . . .

16). PRODUCE ALL DOCUMENTS, RELATING TO WHETHER OR NOT PLAINTIFF WENT BEFORE THE TRANSFER REVIEW — COMMITTEE, PRIOR TO HIS TRANSFER TO TAMMS, AND WHILE HE HAS BEEN AT TAMMS, SUPERMAX, PRISON . . .

17). PRODUCE ALL INCIDENT REPORTS, RELATING TO PLAINTIFF SELF-HARM AND SUICIDE ATTEMPTS IN 2005, 2006, AND 2007 . . . . .

18). PRODUCE ALL MEDICAL BILLS ARISING OUT OF THE TREATMENT YOU CLAIMED YOU TREATED PLAINTIFF FOR, THAT INCLUDES AN ITEMIZATION OF THE AMOUNT CHARGED, THE AMOUNT PAID, AND ANY REDUCTIONS IN THE CHARGES OR THE DISCOUNTS THAT WERE APPLIED TO THE CHARGES . . .

YOU ARE FURTHER REQUESTED TO FURNISH AT THE TIME AND PLACE STATED, AN AFFIDAVIT'S STATING THAT THE SAID — PRODUCTION IS COMPLETED IN ACCORDANCE WITH THE REQUEST, AND IF NOT COMPLETE, TO LIST THOSE ITEMS NOT PRODUCED, STATE THE GROUNDS FOR OBJECTION'S TO THEIR PRODUCTION, GIVEN THE NAMES AND ADDRESS OF THE PERSON HAVING POSSESSION, CUSTODY, OR CONTROL OF SUCH DOCUMENTS . . . . .

RESPECTFULLY SUBMITTED

Christopher Knox    B61090

200 E. SUPERMAX, RD
TAMMS. ILLINOIS 62988

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER KNOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 07-1032 |
| | ) |
| ROGER WALKER, RICK ORR, GUY PIERCE, | ) |
| TERRY MCCANN, JAY MERCHANT, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES**

NOW COMES the Defendants, ROGER E. WALKER, JR., RICK ORR, JASON GARNETT, GUY PIERCE, JAY MERCHANT, SHELTON FREY, and TERRY MCCANN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and answers Plaintiff's Interrogatories as follows:

1. (A). Identify by name and address, of any all person or persons answering or contributing information to answer the interrogatories set forth herein on your behalf?

(B).    Your current employer.

(C).    The date you began employment with the Department of Corrections.

(D).    Your current job title; and how you been in that position.

ANSWER:

(A)    **Matthew Lurkins**

(B)
| | |
|---|---|
| **Roger E. Walker:** | **Illinois Department of Corrections** |
| **Rick Orr:** | **Illinois Department of Corrections** |
| **Jason Garnett:** | **Illinois Department of Corrections** |
| **Shelton Frey:** | **Object to this question based on his safety and security.** |
| **Jay Merchant:** | **Object to this question based on his safety and security.** |

|  | Terry McCann: | Illinois Department of Corrections |
|---|---|---|
| (C) | Roger E. Walker: | 2003 |
|  | Rick Orr: | 2003 |
|  | Jason Garnett: | 1994 |
|  | Shelton Frey: | 2000 |
|  | Jay Merchant: | 1977 |
|  | Terry McCann: | 1984 |

| (D) | Roger E. Walker: | Director, IDOC |
|---|---|---|
|  | Rick Orr: | Acting Manager, Transfer Coordinator's Office |
|  | Jason Garnett: | Acting Deputy Director, Parol Operations and Security |
|  | Shelton Frey: | Mr. Frey is no longer employed at IDOC and therefore objects to this question based on his safety and security. |
|  | Jay Merchant: | Mr. Merchant is no longer employed at IDOC and therefore objects to this question based on his safety and security. |
|  | Terry McCann: | Warden, Stateville Correctional Center |

2.    With respect to your tenure as an official of the Department Facilities please state:

(A).    The identity of the party that appointed you to that position.

(B).    Your immediate superior name.

(C).    The identify of each immediate subordinate employee you authorized and/or designated to act as designee or perform job duties that you were authorized to personally perform in your behalf by identifying each person and the specific duty you authorized said person to perform.  This is relevant because it describes the personal involvement of officials through their understaff; it also links plaintiff with establishing responsibility of each individual, supporting plaintiff need to later amend.

(D).    Does each party identified in #2(C) provide you reports relatives to their duties, or if you review their job performance.

2

(E).    If you accept full responsibility for the performance and/or action of each person identified in #2(C) while acting in their capacity as an employee of the department facilities.

ANSWER:    **Defendants object to this interrogatory because it is not relevant and is not likely to lead to discoverable or relevant information.**

3.    Are you bound by job duty to enforce or ensure compliance at "Pontiac C/C" and Tamms-Supermax Prison of:

(A).    Medical and mental health treatment and/or services.  Disciplinary procedures, segregation placement, administrative detention placement, use of force, monitoring use of force, employee conduct, tactical units, cell extractions and training.

(B).    Whether you personally reviewed staff compliance at "Pontiac C/C" and Tamms-Supermax Prison or the identity of each person that was responsible for ensuring compliance of each set forth in #3(A) by identifying each and the specific area of said person's responsibility.

(C).    Whether the persons in #3(B) reported to you personally or by written reports concerning the issues in plaintiff claims/complaint in the areas of #3(A).  If so identify such persons or written reports.

(D).    Whether you are a party to any prior or pending legal litigations dealing with similar claims/allegations as alleged in plaintiff complaint.  In any identified request in #3(A). by identifying the title of the action, the parties involved, the case number of each in a chronological order with venue and jurisdiction.

ANSWER:

| (A) | Roger E. Walker: | Yes |
| | Rick Orr: | No |
| | Jason Garnett: | No |
| | Shelton Frey: | No |

3

|  | Jay Merchant: | No |
|---|---|---|
|  | Terry McCann: | No |

| (B) | Roger E. Walker: | No |
|---|---|---|
|  | Rick Orr: | No |
|  | Jason Garnett: | No |
|  | Shelton Frey: | No |
|  | Jay Merchant: | No |
|  | Terry McCann: | No |

| (C) | Roger E. Walker: | No |
|---|---|---|
|  | Rick Orr: | No |
|  | Jason Garnett: | No |
|  | Shelton Frey: | No |
|  | Jay Merchant: | No |
|  | Terry McCann: | No |

(D)    **Defendants object to this questions because it is not relevant.**

4.    With respect to the complaint of plaintiff in this cause of action, please state:

(A).    Plaintiff is currently confined at Tamms Supermax Prison.

(B).    Plaintiff has a long history of filing cases, grievances against the Illinois Department of Corrections, and that an investigation were conducted by the Will County State Police regarding excessive force in incidents that occurred on or about October 21, 2005. While plaintiff was at Stateville Corr. Center.

(C).    That Tamms, Supermax, Prison, does not housed the "worst of the worst" of Illinois prisoners.

(D).    That plaintiff was not given a psychological evaluation prior to his placement at Tamms, Supermax, Prison, and that plaintiff was not given hearing prior to his placement at Tamms, Supermax, Prison.

(E).    That plaintiff has been in disciplinary segregation since July 1999, has cumlated [sic] segregation time that goes beyond his prison sentence, plus indeterminate segregation,

4

which plaintiff will remain in throughout the remainder of his prison sentence in Tamms Supermax Prison.

ANSWER:    **Defendants object to this interrogatory because it does not contain a question that can be answered by the Defendants.**

5. (A).  With respect to Plaintiff medical and mental health, was his mental illness consider by prisons adjustment committee's for problematic behavior that was a direct cause by his mental illnesses.

(B).    Was Plaintiff considered to be seriously mentally ill prior to his placement at Tamms Supermax Prison and was he being treated for his mental illnesses prior to his placement at Tamms Supermax Prison.

(C).    Prisoner's who considered to be seriously mentally ill are assigned where and treated how.

(D).    If your answer to #5(B) is yes, what was his illnesses and what mental health treatment and/or services did he receive as a result of being seriously mentally ill.

(E).    Does Plaintiff has a history of self-harming hisself by cutting on hisself, inserting foreign objects into his penis, and attempting suicide.  And since his placement in Tamms Supermax Prison has he mutilated hisself or attempted suicide by hanging hisself.

ANSWER:

(A)    **Defendants cannot answer this question because it is confusing**

(B)    **No**

(C)    **Prisoners with mental illness are placed and treated on a case by case basis.**

(D)    **Not applicable.**

(E)    Defendants do not possess the Plaintiff mental health and therefore cannot answer this question.

6.    With respect to the current policies, procedures, regulations that is used in selecting prisoner's for placement at Tamms.

(A).    Are you aware of the operation of Tamms Supermax Prison.

(B).    Were you personally involved in formulating and approving the currently used conditions at Tamms Supermax Prison and selecting prisoners for transfer into and out of Tamms.

(C).    Are prisoners in disciplinary segregation who are transferred Tamms Supermax Prison given an opportunity prior to their transfer to contest there placement at Tamms Supermax Prison.

(D).    Are prisoners in long-term disciplinary segregation given an opportunity to hearing to contest their transfer or placement in Tamms Supermax Prison.

(E).    Has Plaintiff been given a hearing prior to his transfer to Tamms, or while at Tamms to contest his placement at Tamms Supermax Prison or is Plaintiff disciplinary segregation placement been reviewed.

ANSWER:

(A)    Yes

(B)    Roger E. Walker:    Roger Walker does approve the procedures and operations in place at Tamms Correctional Center. Roger Walker does not personally have any involvement in who is transfered to and from Tamms

|  |  |
|---|---|
| Rick Orr: | No |
| Jason Garnett: | No |
| Shelton Frey: | No |
| Jay Merchant: | No |
| Terry McCann: | No |

6

(C)    No

(D)    No

(E)    No

7. (A). Has any of Plaintiff disciplinary reports required that placement at Tamms Supermax Prison was recommended by the prison adjustment committee.

(B).    Does the administrative regulations governing the placement at Tamms Supermax Prison in 20 Ill Adm. Code §505.40(B). provides that inmate who has engaged in or may be planning to engage in the following activities is eligible for transfer to Tamms Supermax Prison...

(1).  Escape or attempted to escape.

(2).  Assault which caused death or serious bodily injury.

(3).  Engaged in dangerous disturbances.

(4).  Has influence in a gang.

(5).  Engaged in non-consensual sex.

(6).  Possession of a weapon.

(C).    Did any of the above regulations governing the placement at Tamms Supermax Prison apply to Plaintiff being placed in Tamms Supermax Prison, and his continue placement under the current used standards at Tamms.

(D).    If your answer is "yes" to #7(C). what regulation's is plaintiff allegedly allege to have violated, and when was it violated how it was violated, was Plaintiff than transferred to Tamms Supermax Prison as a result of that violation.

7

(E).    Are that other prisoner's in Illinois prison's who meet the regulation's in 7(B) who has a worser [sic] record then plaintiff, being housed at any other prison's that is operated by the Illinois Department of Corrections.

ANSWER:

(A)    **No**

(B)    **Yes**

(C)    **Yes, however under DR 505 this list is not exhaustive.**

(D)    **Plaintiff has a long disciplinary history including but not limited to numerous staff and inmate assaults.**

(E)    **Defendants object to this interrogatory because it is not relevant.**

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, GUY PIERCE,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

By: *Matthew Lurkins*

Matthew Lurkins, #6286756
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9014
Facsimile:  (217) 524-5091
mlurkins@atg.state.il.us

8

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER KNOX,                          )
                                           )
            Plaintiff,                     )
                                           )
      vs.                                  )    Case No. 07-1032
                                           )
ROGER WALKER, RICK ORR, GUY PIERCE,        )
TERRY MCCANN, JAY MERCHANT, et al.,        )
                                           )
            Defendants.                    )

## DEFENDANTS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendants, ROGER E. WALKER, JR., RICK ORR, JASON GARNETT, GUY PIERCE, JAY MERCHANT, SHELTON FREY, and TERRY MCCANN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and respond to Plaintiff's Request for Production of Documents as follows:

1 and 2 are Plaintiff's definitions.

3.    Produce all grievances filed by Plaintiff that includes counselor's responses, grievance officer's responses with the Chief Administrative Officer's final decisions.

RESPONSE: Defendants object to this request because it is overly broad.  Without waiving this objection the Defendants have attached the following grievances and responses: TM06-06-012, dated 01-17-06, dated 01-09-06.

4.    Produce all Administrative Review Board summaries to all grievances that were appealed or forwarded directly to the A.R.B. that includes the Director final decision.

RESPONSE: Defendants object to this request because it is overly broad. Without waiving this objection see responsive documents to request #1.

5.     Produce all disciplinary reports, written summaries, and incident reports relating to such disciplinary reports or evidence that were submitted by both Plaintiff and Department officials.

RESPONSE: Defendants object to this request because it is overly broad, not relevant and not likely to lead to discoverable information.

6.     Produce all documents relating to current practice used to select prisoners for transfer Tamms Supermax Prison.

RESPONSE: See 20 Ill Admn Code 505

7.     Produce all documents relating to the conditions of confinement of Tamms Supermax Prison.

RESPONSE: Defendants object to this request as not relevant and a threat to the safety and security of the institution.

8.     Produce all documents relating to placement at Tamms Supermax Prison.

RESPONSE: See 20 Ill Admn Code 505

9.     Produce all documents relating to the hardships and psychological damages Tamms Supermax Prison is to intend to inflict on prisoners, who under such harsh and psychological conditions of confinement.

RESPONSE: Defendants possess no such documents.

10.     Produce all documents, relating to Plaintiff transfer to Tamms Supermax Prison.

RESPONSE: Defendants object to the production of these documents based on the safety and security of the institution.

2

11.    Produce all counselor's reports and recommendations regarding plaintiff transfer and placement at Tamms Supermax Prison.

RESPONSE: Defendants object to the production of these documents based on the
safety and security of the institution.

12.    Produce all studies and analyses reports and their recommendations on Tamms Supermax Prison.

RESPONSE: Defendants possess no such documents.

13.    Produce all personnel's files, who are defendants in this action or who will be defendants in this action which shall only include information such as relating to their employment and criminal and civil activities.

RESPONSE: Defendants object to this request because it is not relevant and is a
threat to the safety and security of the defendants.

14.    Produce all medical and mental health records that relates to plaintiff, Christopher Knox, B61090.

RESPONSE: Defendants object to this request because the Plaintiff can obtain this
documents himself by requesting them from his parent institution.

15.    Produce all psychological testings and reports on Plaintiff.

RESPONSE: Defendants object to this request because the Plaintiff can obtain this
documents himself by requesting them from his parent institution.

16.    Produce all documents relating to whether or not Plaintiff went before the transfer review committee, prior to his transfer to Tamms, and while he has been at Tamms Supermax Prison.

3

RESPONSE: Defendant posses no such documents.

17.    Produce all incident reports, relating to Plaintiff self-harm and suicide attempts in 2005, 2006 and 2007.

RESPONSE: Defendants object to this request because it is not relevant and is not

likely to lead to discoverable information.

18.    Produce all medical bills arising out of the treatment you claimed you treated Plaintiff for, that includes an itemization of the amount charged, the amount paid, and any reductions in the charges or the discounts that were applied to the charges.

RESPONSE: Defendants object to this request because it is not relevant and is not

likely to lead to discoverable information.

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, GUY PIERCE,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

By: _Matthew Lurkins_

Matthew Lurkins, #6286756
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-9014
Facsimile: (217) 524-5091
mlurkins@atg.state.il.us

4