E-FILED
Monday, 07 July, 2008 03:43:44 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX                    CASE# NO# 07-CV-1032
 PLAINTIFF PRO SE

__ VS __

**FILED**

ROGER WALKER   Et. AL,
DEFENDANTS

JUL - 7 2008

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

### MOTION TO STRIK DEFENDANTS SUMMARY JUDGMENT MOTION

NOW COME PLAINTIFF. CHRISTOPHER KNOX. PRO SE, SUBMIT THIS MOTION PURSUANT TO Fed. R. CIV. P. AND STATE AS FOLLOWS . . . . .

1). PLAINTIFF. FILED his FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS WITH DEFENDANTS, ON OR ABOUT JANUARY 10 2008 ( SEE EXHIBITS A   ).

2). PLAINTIFF. FILED his SECOND SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS WITH THE DEFENDANTS ON OR ABOUT 4-8- 2008 ( SEE EXHIBITS B   ).

3). DEFENDANTS RESPONSE TO PLAINTIFF FIRST SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS WAS INCONSISTANT WITH PLAINTIFF, REQUESTS . . .

4). DEFENDANTS, has YET TO RESPOND TO PLAINTIFF. SECOND SET OF INTERROGATORIES AND PRODUCTION OF DOCUMENTS . . . . .

5). PLAINTIFF, CONTENDS THAT; DUE TO DEFENDANTS FAILURE TO COORPERATE WITH DISCLOSURE OF THE DISCOVERY, WHICH PREVENTED PLAINTIFF FROM PARTICIPATING IN THE DISCOVERY STAGE • • •

6). THERE'S A PENDING MOTION TO COMPEL. STILL PENDING WITH THIS COURT WHICH HAS YET TO BE RULED ON • • • •

7). PLAINTIFF, CONTENDS THAT; DUE TO DEFENDANTS FAILURE TO DISCLOSE DISCOVERY, IT HAS PREVENTED PLAINTIFF, FROM PROPERLY AND ADEQUATELY PREPARING A DEFENSE AGAINST THEIR MOTION FOR SUMMARY JUDGMENT • • • • •

8). PLAINTIFF, ALLEGE THAT; DUE TO DEFENDANTS ACTION AND FAILURE TO DISCLOSE DISCOVERY TO PLAINTIFF, IT HAS CAUSED SUBSTANTIAL HARM AND PERJUDICE TO PLAINTIFF ABILITY TO ADEQUATELY REFUTE THEIR MOTION FOR SUMMARY JUDGMENT • • • •

9). PLAINTIFF, FILES THIS "MOTION TO STRIKE" IN GOOD-FAITH AND NOT FOR PURPOSES TO CAUSE UNDUE DELAY • • •

WHEREFORE, FOR THE ABOVE AND FOREGOING ▓▓▓▓▓ REASONS, REQUEST THAT THIS HONORABLE COURT, STRIKE DEFENDANTS MOTION FOR SUMMARY JUDGMENT • • • •

RESPECTFULLY SUBMITTED

Christopher Knol    B61090

200 E. SUPERMAX, Rd
TAMMS, ILLINOIS 62988

2

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

PLAINTIFF PRO SE

— VS —

ROGER E. WALKER
_____ ET AL
DEFENDANTS

CASE # NO # 07-CV-1032

1-10-08

## PLAINTIFF's FIRST SET OF INTERROGATORIES

NOW COME PLAINTIFF. CHRISTOPHER KNOX. PRO SE. RESPECTFULLY SUBMIT HIS FIRST SET OF INTERROGATORIES PURSUANT TO FED. R. CIV. P. (33). HEREBY REQUEST THAT. THE DEFENDANTS ) (ROGER E. WALKER) (RICK ORR)(GUY PIERCE)(JASON GARNETT,)(SHELTON FREY)(TERRY McCANN,)(JAY MERCHANT.) ( COLLECTIVELY REFERRED TO AS DEFENDANTS) UNDER OATH AND IN WRITING, SEPARATELY ANSWER EACH OF THE LISTED INTERROGATORIES IN ACCORDANCE WITH THE DEFINITIONS AND INSTRUCTIONS SET FORTH BELOW WITHIN THIRTY (30) DAYS OF SERVICES OF RECEIVING THESE DOCUMENTS . . .

## GENERAL DEFINITIONS

1). THE DEFINITIONS AND INSTRUCTIONS SET FORTH IN RULE (33) OF THE FED. R. CIV. P. ARE INCOPORATED HEREIN BY REFERENCE .

2). "CHRISTOPHER KNOX" SHALL MEAN PLAINTIFF, CHRISTOPHER KNOX .

3). "DEFENDANTS" SHALL MEAN. "YOU" OR YOURS" ROGER E. WALKER ; RICK ORR ; GUY PIERCE ; JASON GARNETT ; SHELTON FREY ; JAY MERCH. TERRY McCANN ; AND THE IX REPRESENTIVES. ALL PAST AND PRESENT ——— PREDECESSOR, SUCCESSORS, SUBSIDIARIES. AGENTS, REPRESENTIVES, OR AFFILIATES. AND ALL PAST AND PRESENT DIRECTORS, OFFICERS, PARTNER, EMPLOYEES, OR PERSONS ACTING ON BEHALF OF ANY THE FOREGOING PERSONS OR ENTITIES . . .

4). " IDOC " SHALL MEAN. ILLINOIS DEPARTMENT OF CORRECTIONS" OPERATED BY THE STATE OF ILLINOIS. AND BY ANY OF IDOC FORM AND PRESENT EMPLOYEES WHETHER KNOWN OR UNKNOWN . . . .

1

5). DOCUMENTS shall mean any written, graphic, recorded, or illustrated material of any kind or description, however produced or reproduced, and regardless of whether approved, signed, sent, received, redrafted, executed, or prepared by or for you, in your possession, custody, or control, the term DOCUMENTS includes, but are not limited to the following . . . correspondence memoranda, drafts, computerized, records, notes, books jottings, records, reports, surveys, studies, analyses, things, videotape recordings, computer disks, electronic mail, e-mails, transcript of verbal conversations, or statements however, made, business forms, labels, papers, and films, filed with the courts or other ——— governmental bodies, notices, messages, calendars, and diary entities, and copies of documents, that are not identical ——— duplicated, of the original ( e.g. because handwritten or blind notes appears thereon or are attached thereto . . .

6). "PERSON" shall mean any natural person, firm, association, partnership corporation, government agency, or other entity and its officers, director's partners, employees, representatives and agents . . .

7). "DESCRIBED" shall mean to state all information known about a subject matter, however and whenever obtained . . . .

8). The terms "REFLECTING, REFERRING, RELATING TO, or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing envidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically connected with the matter discussed, or factually connected with the matter that discussed . . . .

9). These interrogatories are continuing in nature. In the events that additional facts, information, or documents, are later discovered by or become known to the defendants after. The defendants, have made, separately, their first response to these interrogatories. Defendants, shall provide separately, further answers in accordance with defendants obligations to supplement responses under Fed. R. Civ. P. (26)(e) . . . .

0). IF YOU AT ANYTIME HAD POSSESSION, CUSTODY, OR CONTROL OF ANY DOCUMENTS REQUESTED HEREIN AND IF SUCH DOCUMENTS HAS BEEN LOST, DESTROYED, PURGED, OR IS NOT PRESENTLY IN YOUR POSSESSION, CUSTODY, OR CONTROL, IDENTIFY THE DOCUMENTS, THE DATE OF ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL, AND THE CIRCUMSTANCES SURROUNDING ITS LOSS, DESTRUCTION, PURGE, OR SEPARATION FROM YOUR POSSESSION, CUSTODY, OR CONTROL ...

11). IN THE EVENT THAT PRIVILEGE OR ANY OTHER IMMUNITY FROM DISCOVERY IS CLAIMED AS A BASIS FOR OBJECTION OR NOT RESPONDING TO ANY OF THESE INTERROGATORIES IN WHOLE OR IN PART, IDENTIFY THE DOCUMENTS AND/OR COMMUNICATION AND DESCRIBE THE FACTUAL BASIS FOR THE CLAIM OF PRIVILEGE OR OTHER IMMUNITY IN SUFFICIENT DETAILS SO AS TO ENABLE THE COURT TO MAKE THE DETERMINATION OF THE VALIDITY OF THE CLAIM ...

12). THE BELOW LISTED INTERROGATORIES ARE DIRECTED TO ALL THE DEFENDANTS, AND MUST ANSWER SEPARATELY UNDER OATH AND ON EACH SEPARATE DOCUMENT AND NUMBERED AS THIS DOCUMENT ...

## INTERROGATORIES

1). (A). IDENTIFY, BY NAME AND ADDRESS, OF ANY ALL PERSON OR PERSONS ANSWERING OR CONTRIBUTING INFORMATION TO ANSWER THE INTERROGATORIES SET FORTH HEREIN ON YOUR BEHALF ?

WITH RESPECT TO YOUR EMPLOYMENT BACKGROUND, PLEASE STATE ; (B). YOUR CURRENT EMPLOYER. (C). THE DATE YOU BEGAN EMPLOYMENT WITH THE DEPARTMENT OF CORRECTIONS. (D). YOUR CURRENT JOB TITLE; AND HOW YOU BEEN IN THAT POSITION ...

2). WITH RESPECT TO YOUR TENURE AS AN OFFICIAL'S OF THE DEPARTMENT FACILITIES PLEASE STATE : (A). THE IDENTITY OF THE PARTY THAT APPOINTED YOU TO THAT POSITION. (B). YOUR IMMEDIATE SUPERIOR NAME. (C). THE IDENTITY OF EACH IMMEDIATEL SUBORDINATE EMPLOYEE YOU AUTHORIZED AND/OR DESIGNATED TO ACT AS DESIGNEE OR PERFORM JOB DUTIES. THAT YOU WERE AUTHORIZED TO PERSONALLY PERFORM, IN YOUR BEHALF BY IDENTIFYING EACH PERSON AND THE SPECIFIC DUTY YOU AUTHORIZED SAID PERSON TO PERFORM, THIS IS RELEVANT BECAUSE IT DESCRIBES THE PERSONAL INVOLVEMENT OF OFFICIAL'S THROUGH THEIR UNDERSTAFF; IT ALSO LINKS PLAINTIFF WITH ESTABLISHING ——————— RESPONSIBILITY OF EACH INDIVIDUAL, SUPPORTING PLAINTIFF NEED TO LATER AMEND. (D). DOES EACH PARTY IDENTIFIED IN # 2 (C) PROVIDE YOU REPORTS RELATIVES TO THEIR DUTIES, OR IF YOU REVIEW THEIR JOB PERFORMANCE. (E). IF YOU ACCEPT FULL RESPONSIBILITY FOR THE PERFORMANCE AND/OR ACTION OF EACH PERSON IDENTIFIED IN # 2 (C WHILE ACTING IN THEIR CAPACITY AS AN EMPLOYEE OF THE DEPARTMENT FACILITIES ...

3) ARE YOU BOUND BY JOB DUTY TO ENFORCE OR ENSURE COMPLIENCE AT "PONTIAC CLC" AND TAMMS - SUPERMAX, PRISON OF:

(A). MEDICAL AND MENTAL HEALTH TREATMENT AND/OR SERVICES: DISCIPLINARY PROCEDURES, SEGREGATION PLACEMENT, ADMINISTRATIVE DETENTION PLACEMENT, USE OF FORCE, MONITURING USE OF FORCE, EMPLOYEE CONDUCT, TACTICAL UNITS CELL EXTRACTIONS AND TRAINING.

(B). WHETHER YOU PERSONALLY REVIEWED STAFF COMPLIENCE AT "PONTIAC CLC" AND TAMMS - SUPERMAX, PRISON. OR THE IDENTITY OF EACH PERSON THAT WAS RESPONSIBLE FOR ENSURING COMPLIENCE OF EACH SET FORTH IN # 3 (A), BY IDENTIFYING EACH AND THE SPECIFIC AREA OF SAID PERSON'S RESPONSIBILITY...

(C). WHETHER THE PERSON'S IN # 3 (B) REPORTED TO YOU PERSONALLY OR BY WRITTEN REPORTS CONCERNING THE ISSUES IN PLAINTIFF — CLAIMS / COMPLAINT IN THE AREA'S OF # 3 (A).. IF SO IDENTIFY SUCH PERSON'S OR WRITTEN REPORTS...

(D). WHETHER YOU ARE A PARTY TO ANY PRIOR OR PENDING LEGAL LITIGATION'S. DEALING WITH SIMILAR CLAIMS / ALLEGATIONS AS ALLEGED IN PLAINTIFF COMPLAINT.. IN ANY IDENTIFIED REQUEST IN # 3 (A). BY IDENTIFYING THE TITLE OF THE ACTION, THE PARTIES INVOLVED, THE CASE NUMBER OF EACH IN A ChRONOLOGICAL ORDER WITH VENUE AND JURISDICTION..

4). WITH RESPECT TO THE COMPLAINT OF PLAINTIFF IN THIS CAUSE, OF ACTION. PLEASE STATE:

(A). PLAINTIFF. IS CURRENTLY CONFINED AT TAMMS SUPERMAX, PRISON.

(B). PLAINTIFF, HAS LONG HISTORY OF FILING, CASES, GRIEVANCES. AGAINST THE ILLINOIS DEPARTMENT OF CORRECTIONS. AND THAT AN INVESTIGATION WERE CONDUCTED BY THE WILL COUNTY, STATE POLICE. REGARDING AN EXCESSIVE FORCE INCIDENTS THAT OCCURRED ON OR ABOUT OCTOBER 21 2005. WHILE PLAINTIFF WAS AT "STATEVILLE - CORR• CENTER..

(C). THAT TAMMS, SUPERMAX, PRISON. DOES NOT HOUSED THE "WORST OF THE WORST" OF ILLINOIS PRISONER'S...

(D). THAT PLAINTIFF. WAS NOT GIVEN A PSYchoLOGICAL EVALUATION PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON, AND THAT PLAINTIFF WAS NOT GIVEN HEARING PRIOR TO HIS PLACEMENT AT TAMMS, SUPERMAX, PRISON.

(E). THAT PLAINTIFF, HAS BEEN IN DISCIPLINARY SEGREGATION SINCE JULY / 1999. HAS CUMIATED SEGREGATION TIME THAT GOES BEYOND HIS PRISON SENTENCE, PLUS INTER INDETERMINATE SEGREGATION, WHICH PLAINTIFF WILL REMAIN IN ThROUGHOUT THE REMAINDER OF HIS PRISON SENTENCE IN TAMMS SUPERMAX, PRISON.

7

5) with respect to Plaintiff. Medical and mental Health. was his mental illness consider by Prisons Adjustment Committee's for problematic behavior that was a direct cause by his mental illnesses.

(B). was Plaintiff considered to be seriously mentally ill prior to his placement at Tamms. Supermax, Prison, and was he being treated for his mental illnesses prior to his placement at Tamms. Supermax. Prison.

(C). Prisoner's who considered to be seriously mentally ill, are assigned where and treated How.

(d). If your answer to # 5 (B) is Yes, what was his illnesses and what mental Health treatment and/or services did he received, as an result of being seriously mentally ill.

(E). Does Plaintiff, has a history of self-harming hisself by cutting on hisself, inserting foreign objects into his penis. and attempting suicide. and since his placement in Tamms, Supermax, Prison, has he mutilated hisself or attempted suicide by hanging hisself.

6) b. with respect to the Current Policies, procedures, regulations. That is used in selecting Prisoner's for placement at Tamms.

(A). Are You aware of the operation of Tamms, Supermax, Prison.

(B). Were You personally involved in Formulating and approving the currently used conditions at Tamms, Supermax, Prison and selecting Prisoners for transfer into and out of Tamms.

(C). Are Prisoners. in disciplinary segregation, who are transferred Tamms, Supermax, Prison, Given an opportunity prior to their Transfer to contest there placement at Tamms, Supermax, Prison.

(D). Are Prisoners. in long-term disciplinary segregation given an opportunity to Hearing to contest their transfer or placement in Tamms, Supermax, Prison.

(E). has Plaintiff, been Given a Hearing prior to his transfer to Tamms, or while at Tamms to contest his placement at Tamms. Supermax, Prison. or is Plaintiff disciplinary segregation placement. been reviewed.

5

7). has any of Pla intiff's Disciplinary Reports. Required that placement at Tamms supermax. Prison. was recommended by the Prison Adjustment Committee's...

(B). Does the Administrative Regulations Governing the placement at Tamms. Supermax. Prison, in 20 Ill. Adm. Code. 3 505. 40 (D). provides that inmate who has engaged in or may be planning to engage in the following activities is eligible for transfer to Tamms supermax, prison... (1). escape or attempted escape. (2). assault which caused death or serious bodily injury. (3). engaged in dangerous disturbances. (4). has influence in a gang... (5). engaged in non-consensual sex. (6). possession of a weapon...

(C). Did any of the above regulations governing the placement at Tamms. supermax, Prison, apply to plaintiff being placed in Tamms. supermax, prison, and his continue placement under the current used standards at Tamms..

(D). If your answer is "Yes" to # 7 (C). what regulation's is plaintiff allegedly allege to have violated, and when was it violated how it was violated. was plaintiff than transferred to Tamms, supermax, prison as a result of that violation...

(E). Are there other prisoner's in Illinois prison's who meet the regulation's in 7 (B). who has a worser record then plaintiff, being housed at any other prison's that is operated by the Illinois department of corrections..

Further Affidant sayeth not

Respectfully submitted
Christopher Knox _____ B61090
Zoo E. Supermax. rd
Tamms, Illinois 62988

6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

CASE # No# 07-CV-1032

PLAINTIFF Pro Se

___ VS ___

ROGER E. WALKER _____ Et AL

1-10-08

DEFENDANTS

## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME PLAINTIFF CHRISTOPHER KNOX, PRO SE, RESPECTFULLY SUBMIT HIS REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO Fed. R. CIV. P. (34) AND PURSUANT TO Sect. RULE (214). DIRECTED THE DEFENDANTS. ROGER E. WALKER; RICK ORR; JASON GARNETT; GUY PIERCE; JAY MERCHANT; SHEITON FREY; TERRY McCANN; AND THEIR ATTORNEYS OF RECORD.; TO PRODUCE FOR INSPECTION, COPYING, REPRODUCTION AND PHOTO GRAPHING AT THE ADDRESS OF. CHRISTOPHER KNOX B61090 ; 200 E. SUPERMAX, Rd TAMMS, ILLINOIS 62988. WITHIN THIRTY (30) DAYs AFTER SERVICES OF THIS REQUEST TO PRODUCE, OR AT SUCH OTHER TIME AND PLACE AS MAY BE AGREED UPON BY PLAINTIFF AND THE DEFENDANTS AND THEIR REPRESENTATIVES ......

## GENERAL DEFINITIONS

1). THE DEFINITION AND INSTRUCTIONS SET FORTH IN Fed. e. CIV. P. (34) AND Se Ct. RULE (214). ARE INCOPORATED HEREIN BY REFERENCE'S ......

2). "DOCUMENTS" SHALL MEAN ANY WRITTEN, GRAPHIC, RECORDED, OR ILLUSTRATED MATERIAL OF ANY KIND OR DESCRIPTION. HOWEVER PRODUCED OR REPRODUCED, AND REGARDLESS OF WHETHER APPROVED. SIGNED, SENT, RECEIVED; REDRAFTED, EXECUTED, OR PREPARED BY OR FOR YOU, IN YOUR POSSESSION, CUSTODY, OR CONTROL, THE TERMS DOCUMENTS INCLUDES, BUT ARE LIMITED TO, THE FOLLOWING — CORRESPONDENCES MEMORANDA, DRAFTS, COMPUTERIZED, RECORDS, NOTES, JOTTINGS, BOOKS, RECORDS, REPORTS, SURVEYS, STUDIES. ANALYSES. THEN VIDEOTAPES, RECORDINGS, COMPUTER DISKS, ELECTRONIC, MAIL / E-MAILS, TRANSCRIPT OF VERBAL CONVERSATIONS, OR STATEMENTS — HOWEVER, MADE, BUSINESS FORMS, LABELES, PAPERS AND FILMS, FILED WITH COURTS OR OTHER GOVERNMENTAL BODIES, NOTICES, MESSAGES CALENDARS, AND DIARY ENTITIES, AND COPIES OF DOCUMENTS. THAT ARE NOT IDENTICAL DUPLICATED, OF THE ORIGINAL ( E. G. BEC HANDWRITTEN OR BELIND NOTES APPEARS THEREON OR ARE NOT ATTAC THERETO ......

3) . PRODUCE ALL GRIEVANCE'S FILED BY PLAINTIFF, THAT INCLUDES COUNSELOR'S RESPONSE'S. GRIEVANCE OFFICER'S RESPONSE'S WITH THE CHIEF ADMINISTRATIVE OFFICER'S FINAL DECISION'S.

4) . PRODUCE ALL ADMINISTRATIVE REVIEW BOARD SUMMARIES TO ALL GRIEVANCE'S THAT WERE APPEALED OR FORWARDED DIRECTLY TO THE A.R.B. THAT INCLUDES THE DIRECTOR FINAL DECISION

5) . PRODUCE ALL DISCIPLINARY REPORTS, WRITTEN SUMMARIES, AND INCIDENT REPORTS RELATING TO SUCH DISCIPLINARY REPORTS, OR EVIDENCE THAT WERE SUBMITTED BY BOTH PLAINTIFF AND DEPARTMENT OFFICIAL'S . . . .

6) . PRODUCE ALL DOCUMENTS RELATING TO CURRENT PRACTICE USED TO SELECT PRISONERS FOR TRANSFOR TAMMS SUPERMAX, PRISON.

7) . PRODUCE ALL DOCUMENTS RELATING TO THE CONDITIONS OF CONFINEMENT OF TAMMS, SUPERMAX, PRISON . . .

8) . PRODUCE ALL DOCUMENTS RELATING TO PLACEMENT AT TAMIM SUPERMAX, PRISON . .

9) . PRODUCE ALL DOCUMENTS. RELATING TO THE HARDSHIPS AND PSYCHOLOGICAL DAMAGES TAMMS, SUPERMAX, PRISON. IS TO INTEND TO INFLICT ON PRISONERS. WHO UNDER SUCH HARESH AND PSYCHOLOGICAL CONDITIONS OF CONFINEMENT . . .

10) . PRODUCE ALL DOCUMENTS, RELATING TO PLAINTIFF TRANSFOR TO TAMMS, SUPERMAX, PRISON . .

11) . PRODUCE ALL COUNSELOR'S REPORTS AND RECUMMENDATION'S REGARDING PLAINTIFF TRANSFOR AND PLACEMENT AT TAMM. SUPERMAX, PRISON . . .

12) . PRODUCE ALL STUDIES AND ANALYSES REPORTS AND THEIR RECOMMENDATION'S ON TAMMS, SUPERMAX, PRISON . . .

13) . PRODUCE ALL PERSONNEL'S FILES. WHO ARE DEFENDANTS IN THIS ACTION OR WHO WILL BE DEFENDANTS IN THIS ACTIO WHICH SHALL ONLY INCLUDE INFORMATION SUCH AS RELATING TO THEIR EMPLOYMENT AND CRIMINAL AND CIVIL ACTIVITIE.

14). PRODUCE All Med I cAl AND MENTAL HEALTh RECORDS thAT
RELATES TO PlAINTIFF, ChrISTophER KNox. B61090 ...

15). PRODUCE All PSYChoLoGICAL TESTINGS, AND REPORTS ON
PlAINTIFF ....

16). PRODUCE All DOCUMENTS, RELATING TO whEthER OR NOT
PlAINTIFF WENT BEFORE thE TRANSFER REVIEW —
COMMITTEE, PRIOR TO hIS TRANSFER TO TAMMS, AND whIle
hE hAS BEEN AT TAMMS, SUPERMAX, PRISON ...

17). PRODUCE All INCIDENT REPORTS, RELATING TO PlAINTIFF
SELF-hARM AND SUICIDE ATTEMPTS IN 2005, 2006,
AND 2007 ....

18). PRODUCE All MEDICAL BILLS ARISING OUT OF ThE
TREATMENT YOU ClAIMED YOU TREATED PlAINTIFF FOR, ThAT
INCLUDES AN ITEMIZATION OF ThE AMOUNT ChARGED, ThE
AMOUNT PAID, AND ANY REDUCTIONS IN ThE ChARGES OR ThE
DISCOUNTS ThAT WERE APPLIED TO ThE ChARGES ...

YOU ARE FURThER REQUESTED TO FURNISH AT ThE TIME AND
PlACE STATED, AN AFFIDAVIT'S STATING ThAT ThE SAID —
PRODUCTION IS COMPLETED IN ACCORDANCE WIth ThE REQUEST,
AND IF NOT COMPlETE, TO LIST ThOSE ITEMS NOT PRODUCED, STATE
ThE GROUNDS FOR OBJECTION'S TO ThEIR PRODUCTION, GIVEN ThE
NAMES AND ADDRESS OF ThE PERSON hAVING POSSESSION, CUSTODY, OR
CONTROL OF SUCh DOCUMENTS ...

RESPECTFUllY SUBMITTED
Christopher Knol     B61090

200 E. SUPERMAX, Rd
TAMMS, IllINOIS 62988

3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

Plaintiff,

v

ROGER E. WALKER ET AL.

Defendant

)
)
)
)
)
)
)

Case No. 07-CV-1032

## PROOF/CERTIFICATE OF SERVICE

TO ASS. ATT. GENERAL

MATTHEW LURKENS

500 SOUTH SECOND STREET

SPRINGFIELD. Ill 62706

TO _____

_____

_____

_____

PLEASE TAKE NOTICE that on JANUARY 10 , 2008 , I have placed the documents listed below in the institutional mail at TAMMS Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service. 1 - ORIGINAL'S OF :
INTERROGATORIES, AND PRODUCTION OF DOCUMENTS. HAS BEEN SERVED UPON THE DEFENDANTS AND/OR THEIR REPRESENTATIVES

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: 1 - 10 - 08

/s/ Christopher Knox

NAME: CHRISTOPHER KNOX

IDOC#: B61090

TAMMS Correctional Center

P.O. BOX 2000

TAMMS , IL 62988

Revised Jan 2002

# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

PLAINTIFF PRO SE

— VS —

ROGER E. WALKER
                        et al
DEFENDANTS

CASE # NO # __07-CV- 1032__

4-8-08

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

NOW COME PLAINTIFF. CHRISTOPHER KNOX, PRO SE. RESPECTFULLY SUBMIT
HIS FIRST SET OF INTERROGATORIES PURSUANT TO FED. R. CIV. P.
( 33 ). HEREBY REQUEST THAT, THE DEFENDANTS ; (ROGER E. WALKER)
(RICK ORR )(GUY PIERCE )(JASON GARNETT,)(SHEITON FREY)(TERRY McCANN,)
(JAY MERCHANT.) ( COLLECTIVELY REFERRED TO AS DEFENDANTS) UNDER
OATH AND IN WRITING, SEPARATELY ANSWER EACH OF THE LISTED
INTERROGATORIES IN ACCORDANCE WITH THE DEFINITIONS AND
INSTRUCTIONS SET FORTH BELOW WITHIN THIRTY ( 30) DAYS OF
SERVICES OF RECEIVING THESE DOCUMENTS . . .

## GENERAL DEFINITIONS

1 ). THE DEFINITIONS AND INSTRUCTIONS SET FORTH IN RULE ( 33 )
   OF THE FED. R. CIV. P. ARE INCOPORATED HERE IN BY REFERENCE .

2 ). "CHRISTOPHER KNOX" SHALL MEAN PLAINTIFF, CHRISTOPHER KNOX .

3 ). "DEFENDANTS" SHALL MEAN, YOU" OR YOURS" ROGER E. WALKER ;
   RICK ORR ; GUY PIERCE ; JASON GARNETT ; SHEITON FREY ; JAY MERCHA-
   TERRY McCANN ; AND THEIR REPRESENTIVES. ALL PAST AND PRESENT ——
   PREDECESSOR, SUCCESSORS, SUBSIDIARIES, AGENTS, REPRESENTIVES, OR
   AFFILIATES. AND ALL PAST AND PRESENT DIRECTORS, OFFICERS, PARTNERS
   EMPLOYEES, OR PERSONS ACTING ON BEHALF OF ANY THE FOREGOING
   PERSONS OR ENTITIES . . .

4 ). " IDOC " SHALL MEAN, ILLINOIS DEPARTMENT OF CORRECTIONS"
   OPERATED BY THE STATE OF ILLINOIS. AND BY ANY OF IDOC FORM.
   AND PRESENT EMPLOYEES WHETHER KNOWN OR UNKNOWN . . . .

1

5). DOCUMENTS shall mean any written, graphic, recorded, or illustrated material of any kind or description. However produced or reproduced, and regardless of whether approved; signed, sent, received, redrafted, executed, or prepared by or for you, in your possession, custody, or control. The term DOCUMENTS includes, but are not limited to the following. Correspondence memoranda, drafts, computerized, records, notes, books jottings, records, reports, surveys, studies, analyses, things, videotape recordings, computer disks, electronic mail, e-mails, transcript of verbal conversations, or statements however, made, business forms, labels, papers, and films, filed with the courts or other ————— governmental bodies, notices, messages, calendars, and diary entries, and copies of documents, that are not identical ————— duplicated, of the original ( e.g. because handwritten or being notes appears thereon or are attached thereto ...

6). "PERSON" shall mean any natural person, firm, association, partnership corporation, government agency, or other entity and its officers. directors, partners, employees, representatives and agents ...

7). "DESCRIBED" shall mean to state all information known about a subject matter, however and whenever obtained ...

8). The terms " REFLECTING, REFERRING, RELATING TO, or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically connected with the matter discussed, or factually connected with the matter that discussed ...

9). These INTERROGATORIES ARE CONTINUING IN NATURE. In the events that additional facts, information, or documents, are later discovered by or become known to the defendants after, the defendants, have made, separately, their first response to these interrogatories. defendants, shall provide separately, further answers in accordance with defendants obligations to supplement responses under Fed. R. Civ. P. ( 26 )( e ) ...

2

10) If you at any-time had possession, custody, or control of any documents requested herein and if such documents has been lost, destroyed, purged, or is not presently in your possession, custody, or control, identify the documents, the date of its loss, destruction, purge, or separation from your possession, custody, or control, and the circumstances surrounding its loss, destruction, purge, or separation from your possession, custody, or control.

11) In the event that privilege or any other immunity from discovery is claimed as a basis for objection or not responding to any of these interrogatories in whole or in part, identify the documents and/or communication and describe the factual basis for the claim of privilege or other immunity in sufficient details so as to enable the court to make the determination of the validity of the claim.

12) The below listed interrogatories are directed to all the defendants. And must answer separately and under oath and on each separate document and numbered as this document.

## INTERROGATORIES

1) (A) Identify, by name and address, of any and all person or persons answering or contributing information to answer the interrogatories set forth herein on your behalf?

B

WITH RESPECT TO THE CONDITIONS OF CONFINEMENT AT (TAMMS) CIC.

3). (A). At (TAMMS) CORR. CENTER. THE HIGHEST SECURITY PRISON OPERATED BY THE ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC")?.

    (B). Is (TAMMS) CORR. CENTER, DESIGNED TO BE EXTREMELY HARSH. AND HAS SOME OR ALL IDOC PRISON OFFICIAL'S WHETHER FORMER OR PRESENT PRISON OFFICIAL'S (STATED THEY WANT CONDITIONS AT (TAMMS) TO BE SO BAD THAT INMATES THROUGHOUT THE SYSTEM ARE MOTIVATED TO FOLLOW ALL DEPARTMENT RULES BASED UPON THE MERE THREAT OF BEING TRANSFERRED TO (TAMMS)?...

    (C). As THE CONDITIONS AT (TAMMS) PRESENT INMATES WITH ATYPICAL AND SIGNIFICANT HARDSHIPS IN RELATION TO THE ORDINARY INCIDENTS OF PRISON-LIFE, INCLUDING — SURPASS/SUBJUGATION THE HARDSHIPS IMPOSED AT THE MOST RESTRICTIVE SEGREGATION UNITS IN ILLINOIS, FOUR MAXIMUM SECURITY PRISON DOES (TAMMS) CONTROL AND PUNISH THROUGH, EXTREME SOCIAL ISOLATION, SEVERELY RESTRICTED MOVEMENT, AND AN ENVIRONMENT THAT VIRTUALLY ELIMINATES ALL EXTERNAL STIMULI?..

    (D). DOES (TAMMS) CONSISTS OF EIGHT SELF-CONTAINED CELL BLOCKS CALLED PODS, EACH HOLDING SIX WINGS OF 10-CELLS, A CENTRALIZED CONTROL BOOTH THAT OPERATES ALL EIGHT AND DOORS, AND THE WATER SUPPLIES, VIDEO CAMERAS THAT PROVIDE VISUAL SURVEILLANCE, INTERCOMS PROVIDE COMMUNICATION BETWEEN INMATES AND GUARDS, WITHOUT HUMAN CONTACT, AND ALLOWS GUARDS TO EAVESDROP ON INMATES?...

4

(E). Does (TAMMS) restrict the movement of inmates, and each pod is a self-contained living unit that includes an exercise area, a shower, a room containing a few law books, and a multipurpose room, which is used by medical and mental health personnel's, and all controlled from the central control booth, and movement between pods is through an underground tunnel ?.

3). (A). Does each inmate at (TAMMS) spends between 23 and 24 hours a day, seven days a week, in a single 70 square feet concrete cell, each cell contains only a concrete bed, a stainless steel combination sink and toilet, a mirror, a shelf, and two boxes for storing property, are most inmates allowed or permitted a television, radio, or cassette player's, and does each cell has a narrow window placed high on the wall from which it is impossible for inmates to see anything unless they stand on their beds. Does the cell doors, is made of steel mesh that is difficult to see through, and located at the bottom of the door a few feet off the ground is a slot (sometimes referred to as a chuckhole) which is used to pass food to the inmates, and it is locked from the outside, and the inmates view through the steel mesh of their cell door is of plain concrete wall, and inmates cannot see each other ?...

5

(B). Does inmates at (Tamms) leave their cells for meals, which are served on plastic and styrofoam trays that are pushed through the chuckhole, and that trays and all utensils must be placed back in the chuckhole by the inmate within 30 minutes of being served, and that inmates do not leave their cells to eat with other inmates, and that inmate contact with each other is strictly forbidden? ...

(C). Does inmates leave their cells for communal religious services, educational programs, or jobs, are there any communal religious services, educational programs, or jobs available for inmates at (Tamms) Correctional Center? ...

(D). Are inmates able to socialize or communicate with other prisoners, without yelling into the pod whose extreme acoustic effect makes it extremely difficult to hear and virtually impossible to understand, and on many of the wings, are there one or more prisoners that scream or bang on the walls and doors throughout the day and night so that other inmate cannot sleep? ...

(E). Are inmates regularly allowed to leave their cells only for exercise or to take a shower, and depending on an inmate status, they are permitted one to five times a week, and on occasion weekly they may use the law books or see a social worker, their ability to attend the pods, are they rarely allowed to travel outside the halls to the health care unit or library, are two or more inmates ever allowed outside of their cells at the same time? ...

4). (A). Whenever an inmate leave his cell for any purpose except
for exercise and shower, and each time they return, does
he submit to a full body cavity strip search, does he
removes his clothing and hands them to the guard standing
naked, does he then display his ears, feet, and hands, and
does he then bend over his back to the guard and spread
his buttocks, and does he raise his penis so the guards
can examine his testicles, and inmates who are not
circumcised, may be order to expose the groove around
the tip of his penis or if not circumcised to pull back
their foreskin ? . .

(B). After a inmate gets dress does have to back up to the cell
door and place his hands through the cuffholes, where the
guards handcuffs him, does the inmate kneel or lie on the
floor while the guards shackles his ankles, and throughout
this procedure does the guards wears latex or leather gloves
to ensure that the inmates never has any human contact, and
if a inmate is moving outside of his pod is he surrounded
by two or three guards who places their arms on his chest and
shoulder and his movements may be tracked by a guard with
access to a semi-automatic rifle, and is that the only
time a inmate at (Tamms) feels another person's touch, except
when they is examined by a doctor. And does such examinations
take place while inmates leg's are shackled and his arms
are held by guards ? . .

7

(C) o ARE INMATES ALLOWED OUT OF THEIR CELLS FOR AN HOUR TO EXERCISE
AND SHOWER, INMATES WHO ARE IN THE MOST RESTRICTIVE _____
CATEGORIES ARE PERMITTED ONE HOUR TO EXERCISE IN THE YARD
AND ONE SHOWER PER WEEK, AND ARE INMATES IN THE MOST
LIBERAL CATEGORIES ARE PERMITTED SEVEN HOURS OF YARD AND
FIVE SHOWERS PER WEEK. DOES EXERCISE TAKE PLACE IN A
CONCRETE "YARD" ABOUT 15 BY 30 FEET, LOCATED AT THE END
OF EACH POD, ARE THE YARDS COMPLETELY EMPTY, DOES IT CONTAIN
● RECREATION EQUIPMENT, DOES THE YARD HAVE A DRINKING
FOUNTAIN OR A TOILET, ARE THE YARD WALLS SOLID CONCRETE,
DOES A STAINLESS STEEL PLATE COVERS TWO THIRDS OF THE YARD
AND THE REMAINING ONE THIRD IS STEEL MESH, AND DOES
THE MESH THROUGH THE STEEL MESH GIVES INMATES THEIR ONLY
GLIMPSE OF NATURAL LIGHT AND THE OUTSIDE WORLD? o o

(D) o ARE INMATES CONTACT WITH FAMILY AND FRIENDS INFREQUENT,
UNCOMFORTABLE AND WITHOUT PHYSICAL CONTACT. ARE TELEPHONE
CALLS PROHIBITED EXCEPT IN THE CASE OF A DOCUMENTED EMERGENCE
AND ARE FAMILY MEMBERS FATAL ILLNESSES CONSIDERED TO BE OF AN
EMERGENCY, ARE VISITS CUMBERSOME, SHORT, EXPENSIVE, FOR VISITORS
AND INHOSPITABLE, DOES EACH VISIT MUST BE ARRANGED AT LEAST
TWO WEEKS IN ADVANCE FOR SPECIFIC TIME, DOES VISIT'S
GET FORFEITED AT THE VISITOR IS LATE IS (THEMS) ——
APPROXIMATELY 370 MILES FROM COOK COUNTY AND AN HOUR'S CAR
RIDE FROM THE NEAREST TRAIN STATION OR AIRPORT AND ARE
TRAVEL ARRIVAL DIFFICULT AND THE TRIP IS EXPENSIVE,
DOES VISIT'S AT (TAMMS) LAST MORE THAN TWO HOURS, ALL VISIT
WAS ARE CONDUCTED THROUGH A THICK GLASS SHIELD THAT SEPARATE
VISITORS FROM THE INMATES? o o

(E). ARE ALL COMMUNICATION THROUGH A MICROPHONE THAT DISTORTS VOICES AND CUTS OFF ALL CONVERSATION IF MORE THAN ONE PERSON TRIES TO TALK AT ONCE, ARE ALL SUCH CONVERSATION MONITORED BY GUARDS, ARE VISITOR AND THE INMATE SIT ON STEEL STOOLS WHICH ARE ATTACHED TO THE FLOOR, TOO FAR FROM THE GLASS SHIELD FOR CONVERSATIONS TO BE COMFORTABLE, ARE INMATES [E.G. CHAINED TO A BOLT IN THE FLOOR, IF THE INMATE IS IN SEGREGATION IS HE HANDCUFFED? ..

5). (A). ARE COMMUNICATION WITH RELIGIOUS PERSONNEL SIMILARLY RESTRICTED AND IS NOT CONFIDENTIAL, IS THERE A PROVISION FOR CONFIDENTAL CONFESSIONS, AND IS IT DIFFICULT TO ARRANGE FOR THE TAKING OF SACRAMENT? ..

(B). ARE COMMUNICATION BETWEEN INMATES AND ATTORNEY'S SEVERELY RESTRICTED, ARE INMATES PERMITTED TO INITIATE CALLS TO THEIR ATTORNEYS, RATHER ATTORNEYS MUST REQUEST IN WRITING THAT THE INMATE BE PERMITTED TO CALL, UNLESS THE ATTORNEY CAN CONVINCE (TAMMS) STAFF THAT THE COMMUNICATION CANNOT BE IN WRITING OR IN PERSON. ARE PERMISSION FOR A LEGAL CALLS DENIED. IF AN ATTORNEY VISIT AN INMATE IS IT THROUGH THE SAME THICK GLASS SHIELD DESCRIBED ABOVE AND THE CONVERSATION ARE MONITORED BY GUARDS, ARE THERE FACILITY AVAILABLE FOR CONFIDENTIAL COMMUNICATION, WRITTEN COMMUNICATIONS FROM ATTORNEYS, ARE THESE NOT THEORETICALLY CONFIDENTIAL, ARE INMATES CELLS SEARCHED FREQUENTLY AND DURING SUCH A SEARCH ARE ALL PAPERS, INCLUDING CONFIDENTIAL LEGAL CORRESPONDENCE ARE EXAMINED? ... a

(C). ARE INMATES AT (TAMMS) DIVIDED INTO TWO CATEGORIES, ARE INMATES WHO HAVE BEEN FOUND GUILTY OF A DISCIPLINARY VIOLATION AND SENTENCED TO SEGREGATION AT ANOTHER PRISON PRIOR TO BEING TRANSFERRED TO (TAMMS) ARE HELD IN SEGREGATION STATUS, ARE INMATES WHO ARE ALREADY IN SEGREGATION STATUS, RECEIVE A HEARING BEFORE THE TRANSFER REVIEW COMMITTEE TO CONTEST THEIR PLACEMENT AT (TAMMS), ARE INMATES PROVIDED A REASONS FOR THEIR TRANSFER TO (TAMMS) WHO ARE IN SEGREGATION STATUS?..

(D). ARE ALL OTHER INMATES AT (TAMMS) WHO ARE IN ADMINISTRATIVE DETENTION (AD), ARE NOT RELATED TO DISCIPLINARY SEGREGATION STATUS, ARE INMATES IN ADMINISTRATIVE DETENTION GIVING A HEARING TO CONTEST THEIR TRANSFER AND CONTINUE PLACEMENT AT (TAMMS) AND ARE GIVEN A REASON FOR WHY THEY WERE TRANSFERRED TO (TAMMS)?..

(E). ARE INMATES IN ADMINISTRATIVE DETENTION, GIVING A OPPORTUNITY CALL WITNESSES ON THERE BEHALF AND TO PRESENT DOCUMENTATION TO CONTEST THEIR TRANSFER TO (TAMMS) AND THEIR CONTINUE PLACEMENT AT (TAMMS)?

10

6). (A). Does Plaintiff has a segregation out date that goes beyond his prison sentence, and does plaintiff has indeterminate segregation?.

(B). Does inmate with long-term and indeterminate segregation status, have an opportunity to go before the Transfer Review Committee, to contest their transfer prior to their transfer to (Tamms) or while they are at (Tamms)?.

(C). What was the reasons for Plaintiff transfer to (Tamms) and his continue placement at (Tamms)?

(D). Have Plaintiff, assaulted any person or persons that has resulted in death or serious bodily injury, if your answer to #6-D, yes, identify the person or persons, the date's and time of allege incidents.?

(E). When is Plaintiff schedule to be transferred out of (Tamms) or how long will he have to be in Tamms Corr. Center, under the conditions that is currently used at (Tamms)?

Further Affidant sayeth not

Respectfully submitted

Christopher Knaf                    B61090

200 E. Supermax. Rd

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

PLAINTIFF PRO SE

— VS —

ROGER E. WALKER _____ ET AL

DEFENDANTS

CASE # NO# 07-CV-1032

4-8-08

## REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COME PLAINTIFF CHRISTOPHER KNOX, PRO SE, RESPECTFULLY SUBMIT HIS REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. CIV. P. (34) AND PURSUANT TO S. Ct. RULE (214), DIRECTED THE DEFENDANTS, ROGER E. WALKER; RICK ORR; JASON GARNETT; GUY PIERCE; JAY MERCHANT; SHELTON FREY; TERRY MCCANN; AND THEIR ATTORNEYS OF — RECORDS TO PRODUCE FOR INSPECTION, COPYING, REPRODUCTION AND PHOTOGRAPHING AT THE ADDRESS OF. CHRISTOPHER KNOX BL1090; 200 E. SUPERMAX, Rd TAMMS, ILLINOIS 62988. WITHIN THIRTY (30) DAYS AFTER SERVICES OF THIS REQUEST TO PRODUCE, OR AT SUCH OTHER TIME AND PLACE AS MAY BE AGREED UPON BY PLAINTIFF AND THE DEFENDANTS AND THEIR REPRESENTATIVES . . . . .

## GENERAL DEFINITIONS

1). THE DEFINITION AND INSTRUCTIONS SET FORTH IN FED. e. CIV. P. (34) AND S. Ct. RULE (214). ARE INCOPORATED HEREIN BY REFERENCE'S . . . . . .

2). "DOCUMENTS" SHALL MEAN ANY WRITTEN, GRAPHIC, RECORDED, OR ILLUSTRATED MATERIAL OF ANY KIND OR DESCRIPTION, HOWEVER PRODUCED OR REPRODUCED. AND REGARDLESS OF WHETHER APPROVED, SIGNED, SENT, RECEIVED, REDRAFTED, EXECUTED, OR PREPARED BY OR FOR YOU, IN YOUR POSSESSION, CUSTODY, OR CONTROL. THE TERMS DOCUMENTS INCLUDES, BUT ARE LIMITED TO, THE FOLLOWING — CORRESPONDENCES MEMORANDA, DRAFTS, COMPUTERIZED, RECORDS, NOTES, JOTTINGS, BOOKS, RECORDS, REPORTS, SURVEYS, STUDIES, ANALYSES, THEN VIDEOTAPES, RECORDINGS, COMPUTER DISKS, ELECTRONIC, MAIL, E-MAILS, TRANSCRIPT OF VERBAL CONVERSATIONS, OR STATEMENTS — HOWEVER, MADE, BUSINESS FORMS, LABELES, PAPERS AND FILMS, FILED WITH COURTS OR OTHER GOVERNMENTAL BODIES, NOTICES, MESSAGES, CALENDARS, AND DIARY ENTITIES, AND COPIES OF DOCUMENTS. THAT ARE NOT IDENTICAL DUPLICATED, OF THE ORIGINAL (E. G. BECA HANDWRITTEN OR BEHIND NOTES APPEARS THEREON OR ARE NOT ATTACH THERETO . . . . . . .

3). PRODUCE COPIES OF, OFFENDER TRACKING SYSTEM (OTS) FROM
NOVEMBER 29 2005 TO PRESENT DATE OF (PONTIAC) c/c . .
THESE DOCUMENTS ARE RELEVANT, BECAUSE IT IDENTIFIES
WITNESSES WHO I ATTEND TO CALL AT TRIAL, AND THEY ONLY
WAY TO IDENTIFY EACH WITNESS IS THROUGH THE (OTS)
RECORDS . . .

4). PRODUCE COPIES OF, THE OFFICER'S ROSTER MANAGEMENT
SHEETS FROM NOVEMBER 29 2005 TO PRESENT DATE OF (PONTIAC)
c/c. THESE DOCUMENTS ARE RELEVANT, BECAUSE IT IDENTIFIES
WITNESSES WHO I ATTEND TO CALL AT TRIAL, AND THE ONLY
WAY TO IDENTIFY EACH WITNESS IS THROUGH THE
STAFF ROSTER MANAGEMENT RECORDS . . .

5). PRODUCE ALL DEPOSITIONS THAT WERE TAKING OF BY
FORMER AND PRESENT PRISON OFFICIAL'S, RELATING TO
THE CONDITIONS OF CONFINEMENT OF (TAMMS) c/c. THIS
DOCUMENTS IS RELEVANT BECAUSE IT IDENTIFIES ALL
FORMER AND PRESENT EMPLOYEE'S WITH KNOWLEDGE OF THE
CONDITIONS OF CONFINEMENT OF (TAMMS) c/c . .

YOU ARE FURTHER REQUESTED TO FURNISH AT THE TIME AND PLACE STATED
AN AFFIDAVIT'S STATING THAT THE SAID PRODUCTION IS COMPLETED IN
ACCORDANCE WITH THE REQUEST. AND IF NOT COMPLETED, TO LIST THOSE
ITEMS NOT PRODUCED STATED THE GROUNDS FOR OBJECTIONS TO THEIR PRODUCTION
GIVEN THE NAME AND ADDRESS OF THE PERSON HAVING POSSESSION, CUSTODY, OR
CONTROL OF SUCH DOCUMENTS . .

RESPECTFULLY SUBMITTED

a. Christopher Knox        B6/090

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX

_____

Plaintiff,

v

ROGER E. WALKER ET AL

_____

Defendant

)
)
)
)  Case No.  07 - CV- 1032
)
)  4 - 8 - 08
)
)

PROOF/CERTIFICATE OF SERVICE

TO  ASS. ATT. GENERAL          TO  _____
    MATTHEW LURKINS                _____
    500 SOUTH SECOND STREET        _____
    SPRINGFIELD, ILL 62706         _____

PLEASE TAKE NOTICE that on ~~March~~ APRIL 8 , 2008 , I have placed the

documents listed below in the institutional mail at  TAMMS  Correctional Center,

properly addressed to the parties listed above for mailing through the United States Postal

Service  1 - ORIGINAL'S OF :

INTERROGATORIES, AND PRODUCTION OF DOCUMENTS • HAS BEEN

SERVED UPON THE DEFENDANTS AND/OR THEIR REPRESENTATIVES

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury,

that I am a named party in the above action, that I have read the above documents, and that the

information contained therein is true and correct to the best of my knowledge.

DATE:  4 - 8 - 08

/s/ Christopher Knol
NAME: ChrisTopher Knol
IDOC#: B61090
TAMMS  Correctional Center
P.O. BOX 2000
TAMMS  , IL 62988

Revised Jan 2002