**E-FILED**
Friday, 18 July, 2008  09:57:30 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-1032 |
| | ) | |
| ROGER WALKER, RICK ORR, GUY PIERCE, | ) | |
| TERRY MCCANN, JAY MERCHANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR LEAVE TO FILE DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL [doc. 43] *INSTANTER*

NOW COME Defendants, ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, and GUY PIERCE, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Motion for Leave to File Defendants' Response to Plaintiff's Motion to Compel [doc. 43] *Instanter*, state as follows:

1.    On March 5, 2008, plaintiff filed a motion to compel. [doc. 43].

2.    Matthew Lurkins, former counsel for the defendants, left the Office of the Attorney General on June 15, 2008, and the matter was transferred to the undersigned.

3.    A review of the file indicates no response has been made to plaintiff's Motion to Compel [doc. 43].

4.    The undersigned now moves for leave to file defendants' response *instanter*.

5.    Attached to this document is defendants' proposed response to the Motion to Compel as defendants' made timely responses to plaintiff's discovery requests.

Wherefore, for the above and foregoing reasons, defendants respectfully request this Court grant defendants' leave to file their Response to Plaintiff's Motion to Compel [doc. 43].

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT,
R. SHELTON FREY, TERRY MCCANN,
JAY MERCHANT, RICK ORR, and GUY PIERCE,

    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

By:  s/Christopher L. Higgerson
    Christopher L. Higgerson, #6256085
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 557-0261
    Facsimile:  (217) 524-5091
    chiggerson@atg.state.il.us

2

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER KNOX,                    )
                                     )
            Plaintiff,               )
                                     )
      vs.                            )        Case No. 07-1032
                                     )
ROGER WALKER, RICK ORR, GUY PIERCE,  )
TERRY MCCANN, JAY MERCHANT, et al.,  )
                                     )
            Defendants.              )
_____

### Certificate of Service

I hereby certify that on July 18, 2008, I electronically filed a Motion for Leave to File

Defendants' Response to Plaintiff's Motion to Compel [doc. 43] *Instanter* with the Clerk of

Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on July 18, 2008, I mailed by United States Postal Service, the

document to the following non-registered participant:

Christopher Knox. #B-61090
Tamms Correctional Center
200 East Supermax Road
PO Box 2000
Tamms, IL 62988

Respectfully submitted,

By:  s/Christopher L. Higgerson
        Christopher L. Higgerson, #6256085
        Assistant Attorney General
        Attorney for Defendants
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 557-0261
        Facsimile:  (217) 524-5091
        chiggerson@atg.state.il.us

E-FILED
Friday, 18 July, 2008  09:57:59 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-1032 |
| | ) | |
| ROGER WALKER, RICK ORR, GUY PIERCE, | ) | |
| TERRY MCCANN, JAY MERCHANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

NOW COME Defendants, ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, and GUY PIERCE, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their response to plaintiff's Motion to Compel [doc. 43], state as follows:

1.      On March 5, 2008, plaintiff filed a motion to compel.  The basis for plaintiff's motion was that he had served the defendants with a set of interrogatories and requests to produce and had not received a response.

2.      Matthew Lurkins, former counsel for the defendants, served plaintiff with responses to his interrogatories and requests to produce on March 12, 2008.  (See attached Exhibits A and B.)  Mr. Lurkins had previously filed a motion for enlargement of time in which to respond to these discovery requests to March 12, 2008.  (Court document No. 41.)

3.      Defendants did respond to plaintiff's discovery requests, and did so in a timely manner based on the request for enlargement.  Plaintiff's motion to compel a response to these requests is unfounded and moot.

Wherefore, for the above and foregoing reasons, defendants respectfully request this Court deny plaintiff's Motion to Compel [doc. 43].

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT,
R. SHELTON FREY, TERRY MCCANN,
JAY MERCHANT, RICK ORR, and GUY PIERCE,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

By:   s/Christopher L. Higgerson
        Christopher L. Higgerson, #6256085
        Assistant Attorney General
        Attorney for Defendants
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 557-0261
        Facsimile:  (217) 524-5091
        chiggerson@atg.state.il.us

E-FILED
Friday, 18 July, 2008  09:59:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER KNOX,                    )
                                     )
        Plaintiff,                   )
                                     )
    vs.                              )        Case No. 07-1032
                                     )
ROGER WALKER, RICK ORR, GUY PIERCE,  )
TERRY MCCANN, JAY MERCHANT, et al.,  )
                                     )
        Defendants.                  )

## DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

NOW COMES the Defendants, ROGER E. WALKER, JR., RICK ORR, JASON GARNETT, GUY PIERCE, JAY MERCHANT, SHELTON FREY, and TERRY MCCANN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and answers Plaintiff's Interrogatories as follows:

1. (A). Identify by name and address, of any all person or persons answering or contributing information to answer the interrogatories set forth herein on your behalf?

(B).    Your current employer.

(C).    The date you began employment with the Department of Corrections.

(D).    Your current job title; and how you been in that position.

ANSWER:

(A)    **Matthew Lurkins**

(B)    **Roger E. Walker:    Illinois Department of Corrections**
       **Rick Orr:          Illinois Department of Corrections**
       **Jason Garnett:     Illinois Department of Corrections**
       **Shelton Frey:      Object to this question based on his safety and security.**

       **Jay Merchant:      Object to this question based on his safety and security.**

EXHIBIT

A

|                   |                                      |
|-------------------|--------------------------------------|
| Terry McCann:     | **Illinois Department of Corrections** |

**(C)**

| Roger E. Walker: | **2003** |
|------------------|----------|
| Rick Orr:        | **2003** |
| Jason Garnett:   | **1994** |
| Shelton Frey:    | **2000** |
| Jay Merchant:    | **1977** |
| Terry McCann:    | **1984** |

**(D)**

| Roger E. Walker: | **Director, IDOC** |
|------------------|--------------------|
| Rick Orr:        | **Acting Manager, Transfer Coordinator's Office** |
| Jason Garnett:   | **Acting Deputy Director, Parol Operations and Security** |
| Shelton Frey:    | **Mr. Frey is no longer employed at IDOC and therefore objects to this question based on his safety and security.** |
| Jay Merchant:    | **Mr. Merchant is no longer employed at IDOC and therefore objects to this question based on his safety and security.** |
| Terry McCann:    | **Warden, Stateville Correctional Center** |

2.    With respect to your tenure as an official of the Department Facilities please state:

(A).    The identity of the party that appointed you to that position.

(B).    Your immediate superior name.

(C).    The identify of each immediate subordinate employee you authorized and/or designated to act as designee or perform job duties that you were authorized to personally perform in your behalf by identifying each person and the specific duty you authorized said person to perform.  This is relevant because it describes the personal involvement of officials through their understaff; it also links plaintiff with establishing responsibility of each individual, supporting plaintiff need to later amend.

(D).    Does each party identified in #2(C) provide you reports relatives to their duties, or if you review their job performance.

2

(E).   If you accept full responsibility for the performance and/or action of each person identified in #2(C) while acting in their capacity as an employee of the department facilities.

ANSWER:   **Defendants object to this interrogatory because it is not relevant and is not likely to lead to discoverable or relevant information.**

3.   Are you bound by job duty to enforce or ensure compliance at "Pontiac C/C" and Tamms-Supermax Prison of:

(A).   Medical and mental health treatment and/or services. Disciplinary procedures, segregation placement, administrative detention placement, use of force, monitoring use of force, employee conduct, tactical units, cell extractions and training.

(B).   Whether you personally reviewed staff compliance at "Pontiac C/C" and Tamms-Supermax Prison or the identity of each person that was responsible for ensuring compliance of each set forth in #3(A) by identifying each and the specific area of said person's responsibility.

(C).   Whether the persons in #3(B) reported to you personally or by written reports concerning the issues in plaintiff claims/complaint in the areas of #3(A). If so identify such persons or written reports.

(D).   Whether you are a party to any prior or pending legal litigations dealing with similar claims/allegations as alleged in plaintiff complaint. In any identified request in #3(A). by identifying the title of the action, the parties involved, the case number of each in a chronological order with venue and jurisdiction.

ANSWER:

| (A) | Roger E. Walker: | Yes |
|-----|------------------|-----|
|     | Rick Orr:        | No  |
|     | Jason Garnett:   | No  |
|     | Shelton Frey:    | No  |

3

|        | Jay Merchant:   | No |
|        | Terry McCann:   | No |

| **(B)** | Roger E. Walker: | No |
|         | Rick Orr:        | No |
|         | Jason Garnett:   | No |
|         | Shelton Frey:    | No |
|         | Jay Merchant:    | No |
|         | Terry McCann:    | No |

| **(C)** | Roger E. Walker: | No |
|         | Rick Orr:        | No |
|         | Jason Garnett:   | No |
|         | Shelton Frey:    | No |
|         | Jay Merchant:    | No |
|         | Terry McCann:    | No |

**(D)**   **Defendants object to this questions because it is not relevant.**

4.    With respect to the complaint of plaintiff in this cause of action, please state:

(A).    Plaintiff is currently confined at Tamms Supermax Prison.

(B).    Plaintiff has a long history of filing cases, grievances against the Illinois Department of Corrections, and that an investigation were conducted by the Will County State Police regarding excessive force in incidents that occurred on or about October 21, 2005. While plaintiff was at Stateville Corr. Center.

(C).    That Tamms, Supermax, Prison, does not housed the "worst of the worst" of Illinois prisoners.

(D).    That plaintiff was not given a psychological evaluation prior to his placement at Tamms, Supermax, Prison, and that plaintiff was not given hearing prior to his placement at Tamms, Supermax, Prison.

(E).    That plaintiff has been in disciplinary segregation since July 1999, has cumlated [sic] segregation time that goes beyond his prison sentence, plus indeterminate segregation,

4

which plaintiff will remain in throughout the remainder of his prison sentence in Tamms Supermax Prison.

ANSWER:    **Defendants object to this interrogatory because it does not contain a question that can be answered by the Defendants.**

5. (A).  With respect to Plaintiff medical and mental health, was his mental illness consider by prisons adjustment committee's for problematic behavior that was a direct cause by his mental illnesses.

(B).    Was Plaintiff considered to be seriously mentally ill prior to his placement at Tamms Supermax Prison and was he being treated for his mental illnesses prior to his placement at Tamms Supermax Prison.

(C).    Prisoner's who considered to be seriously mentally ill are assigned where and treated how.

(D).    If your answer to #5(B) is yes, what was his illnesses and what mental health treatment and/or services did he receive as a result of being seriously mentally ill.

(E).    Does Plaintiff has a history of self-harming hisself by cutting on hisself, inserting foreign objects into his penis, and attempting suicide.  And since his placement in Tamms Supermax Prison has he mutilated hisself or attempted suicide by hanging hisself.

ANSWER:

(A)    **Defendants cannot answer this question because it is confusing.**

(B)    **No**

(C)    **Prisoners with mental illness are placed and treated on a case by case basis.**

(D)    **Not applicable.**

5

**(E)**    **Defendants do not possess the Plaintiff mental health and therefore cannot answer this question.**

6.    With respect to the current policies, procedures, regulations that is used in selecting prisoner's for placement at Tamms.

(A).    Are you aware of the operation of Tamms Supermax Prison.

(B).    Were you personally involved in formulating and approving the currently used conditions at Tamms Supermax Prison and selecting prisoners for transfer into and out of Tamms.

(C).    Are prisoners in disciplinary segregation who are transferred Tamms Supermax Prison given an opportunity prior to their transfer to contest there placement at Tamms Supermax Prison.

(D).    Are prisoners in long-term disciplinary segregation given an opportunity to hearing to contest their transfer or placement in Tamms Supermax Prison.

(E).    Has Plaintiff been given a hearing prior to his transfer to Tamms, or while at Tamms to contest his placement at Tamms Supermax Prison or is Plaintiff disciplinary segregation placement been reviewed.

ANSWER:

**(A)**    **Yes**

**(B)**    **Roger E. Walker:**    **Roger Walker does approve the procedures and operations in place at Tamms Correctional Center. Roger Walker does not personally have any involvement in who is transfered to and from Tamms**

**Rick Orr:**    **No**
**Jason Garnett:**    **No**
**Shelton Frey:**    **No**
**Jay Merchant:**    **No**
**Terry McCann:**    **No**

6

**(C)**.   **No**

**(D)**    **No**

**(E)**    **No**

7. (A). Has any of Plaintiff disciplinary reports required that placement at Tamms Supermax Prison was recommended by the prison adjustment committee.

(B).   Does the administrative regulations governing the placement at Tamms Supermax Prison in 20 Ill Adm. Code §505.40(B). provides that inmate who has engaged in or may be planning to engage in the following activities is eligible for transfer to Tamms Supermax Prison...

(1). Escape or attempted to escape.

(2). Assault which caused death or serious bodily injury.

(3). Engaged in dangerous disturbances.

(4). Has influence in a gang.

(5). Engaged in non-consensual sex.

(6). Possession of a weapon.

(C).   Did any of the above regulations governing the placement at Tamms Supermax Prison apply to Plaintiff being placed in Tamms Supermax Prison, and his continue placement under the current used standards at Tamms.

(D).    If your answer is "yes" to #7(C). what regulation's is plaintiff allegedly allege to have violated, and when was it violated how it was violated, was Plaintiff than transferred to Tamms Supermax Prison as a result of that violation.

7

(E).    Are that other prisoner's in Illinois prison's who meet the regulation's in 7(B) who has a worser [sic] record then plaintiff, being housed at any other prison's that is operated by the Illinois Department of Corrections.

ANSWER:

(A)    No

(B)    Yes

(C)    Yes, however under DR 505 this list is not exhaustive.

(D)    Plaintiff has a long disciplinary history including but not limited to numerous staff and inmate assaults.

(E)    Defendants object to this interrogatory because it is not relevant.

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, GUY PIERCE,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

By: *Matthew Lurkins*

Matthew Lurkins, #6286756
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9014
Facsimile:  (217) 524-5091
mlurkins@atg.state.il.us

8

## CERTIFICATE OF SERVICE

Matthew Lurkins, Assistant Attorney General, hereby certifies that he has served a

copy of the foregoing Defendant's Answers to Plaintiff's Interrogatories upon:

    Christopher Knox, #B-61090
    Tamms Correctional Center
    P.O. Box 400
    Tamms, IL 62988

by causing a copy of same, in a correctly addressed prepaid envelope, to be deposited in

the United States Mail in Springfield, Illinois on March 12, 2008.


Matthew Lurkins, #6286756
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-9014
Facsimile: (217) 524-5091
mlurkins@atg.state.il.us

9

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER KNOX,                          )
                                           )
          Plaintiff,                       )
                                           )
    vs.                                    )        Case No. 07-1032
                                           )
ROGER WALKER, RICK ORR, GUY PIERCE,        )
TERRY MCCANN, JAY MERCHANT, et al.,        )
                                           )
          Defendants.                      )

## DEFENDANTS RESPONSE TO REQUEST FOR PRODUCTION OF DOCUMENTS

NOW COMES the Defendants, ROGER E. WALKER, JR., RICK ORR, JASON GARNETT, GUY PIERCE, JAY MERCHANT, SHELTON FREY, and TERRY MCCANN, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and respond to Plaintiff's Request for Production of Documents as follows:

1 and 2 are Plaintiff's definitions.

3.      Produce all grievances filed by Plaintiff that includes counselor's responses, grievance officer's responses with the Chief Administrative Officer's final decisions.

RESPONSE: Defendants object to this request because it is overly broad. Without waiving this objection the Defendants have attached the following grievances and responses: TM06-06-012, dated 01-17-06, dated 01-09-06.

4.      Produce all Administrative Review Board summaries to all grievances that were appealed or forwarded directly to the A.R.B. that includes the Director final decision.

RESPONSE: Defendants object to this request because it is overly broad. Without waiving this objection see responsive documents to request #1.

EXHIBIT
B

5.    Produce all disciplinary reports, written summaries, and incident reports relating to such disciplinary reports or evidence that were submitted by both Plaintiff and Department officials.

RESPONSE: Defendants object to this request because it is overly broad, not

relevant and not likely to lead to discoverable information.

6.    Produce all documents relating to current practice used to select prisoners for transfer Tamms Supermax Prison.

RESPONSE: See 20 Ill Admn Code 505

7.    Produce all documents relating to the conditions of confinement of Tamms Supermax Prison.

RESPONSE: Defendants object to this request as not relevant and a threat to the

safety and security of the institution.

8.    Produce all documents relating to placement at Tamms Supermax Prison.

RESPONSE: See 20 Ill Admn Code 505

9.    Produce all documents relating to the hardships and psychological damages Tamms Supermax Prison is to intend to inflict on prisoners, who under such harsh and psychological conditions of confinement.

RESPONSE: Defendants possess no such documents.

10.    Produce all documents, relating to Plaintiff transfer to Tamms Supermax Prison.

RESPONSE: Defendants object to the production of these documents based on the

safety and security of the institution.

2

11.    Produce all counselor's reports and recommendations regarding plaintiff transfer and placement at Tamms Supermax Prison.

RESPONSE: Defendants object to the production of these documents based on the

safety and security of the institution.

12.    Produce all studies and analyses reports and their recommendations on Tamms Supermax Prison.

RESPONSE: Defendants possess no such documents.

13.    Produce all personnel's files, who are defendants in this action or who will be defendants in this action which shall only include information such as relating to their employment and criminal and civil activities.

RESPONSE: Defendants object to this request because it is not relevant and is a

threat to the safety and security of the defendants.

14.    Produce all medical and mental health records that relates to plaintiff, Christopher Knox, B61090.

RESPONSE: Defendants object to this request because the Plaintiff can obtain this

documents himself by requesting them from his parent institution.

15.    Produce all psychological testings and reports on Plaintiff.

RESPONSE: Defendants object to this request because the Plaintiff can obtain this

documents himself by requesting them from his parent institution.

16.    Produce all documents relating to whether or not Plaintiff went before the transfer review committee, prior to his transfer to Tamms, and while he has been at Tamms Supermax Prison.

3

RESPONSE: Defendant posses no such documents.

17.    Produce all incident reports, relating to Plaintiff self-harm and suicide attempts in 2005, 2006 and 2007.

RESPONSE: Defendants object to this request because it is not relevant and is not

likely to lead to discoverable information.

18.    Produce all medical bills arising out of the treatment you claimed you treated Plaintiff for, that includes an itemization of the amount charged, the amount paid, and any reductions in the charges or the discounts that were applied to the charges.

RESPONSE: Defendants object to this request because it is not relevant and is not

likely to lead to discoverable information.

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, GUY PIERCE,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

By: _Matthew Lurkins_____

Matthew Lurkins, #6286756
Assistant Attorney General
500 South Second Street
Springfield, IL  62706
Telephone:  (217) 782-9014
Facsimile:  (217) 524-5091
mlurkins@atg.state.il.us

4

## **CERTIFICATE OF SERVICE**

Matthew Lurkins, Assistant Attorney General, hereby certifies that he has served a copy of the foregoing Defendant's Response to Request for Production of Documents upon:

Christopher Knox, #B-61090
Tamms Correctional Center
P.O. Box 400
Tamms, IL 62988

by causing a copy of same, in a correctly addressed prepaid envelope, to be deposited in the United States Mail in Springfield, Illinois on March 12, 2008.

*Matthew Lurkins*

Matthew Lurkins, #6286756
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 782-9014
Facsimile: (217) 524-5091
mlurkins@atg.state.il.us

5



**Rod R. Blagojevich**
Governor

**Illinois**

**Department of**

**Corrections**

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 8, 2007

Christopher Knox
Register No. B61090
Tamms Correctional Center

Dear Mr. Knox:

This is in response to your grievance received on December 26, 2006, regarding administrative policy (TAM placement), which was alleged to have occurred at Tamms Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report 06-06-012 and subsequent recommendation dated December 15, 2006 and approval by the Chief Administrative Officer on December 18, 2006 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
/Brian Fairchild
Administrative Review Board
Office of Inmate Issues

CONCURRED: _____
Roger E. Walker Jr.
Director

cc:    Warden Ken Bartley, Tamms Correctional Center
Christopher Knox, Register No. B61090

RECEIVED
JUN 28 2007
TAMMS CORR. CENTER
RECORD OFFICE

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: APRIL 17 2006 | Offender: (Please Print) CHRISTOPHER KNOX | ID#: B61090 |
|---|---|---|
| Present Facility: TAMM CORR. CTR. | Facility where grievance issue occurred: | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA VIOLATION OF DUE
- [x] Other (specify): PROCESS FOR PLACEMENT IN A SUPERMAX.

- [ ] Disciplinary Report: _____/_____/_____
  Date of Report                    Facility where issued

**RECEIVED**

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to: **JUN 0 6 2006**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor. **GRIEVANCE OFFICER**
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** THIS RESIDENT CLAIMES THAT ON APRIL 14 2006 I WAS TRANSFERRED FROM DIXON CORR. CTR. (PSYCHIATRIC UNIT) AND PLACED INTO TAMMS "SUPERMAX" FACILITY WITHOUT THE PROPER DUE PROCESS PROCEDURES TO FOLLOW BEFORE PLACING ME INTO A "SUPERMAX".

I AM CURRENTLY DIAGNOSED ON AXIS I IMPULSE CONTROL DISORDER AND I AM SAYING THAT IF I AM TO BE ASSIGNED TO TAMMS "SUPERMAX" FACILITY THAT PROPER PLACEMENT WOULD BE J-PAD STU. GRIEVANT ASSUREDLY THAT I FIT THE CRITERIA FOR J-PAD STU AS OUTLINED IN (I.D.O.C. 's) ADMINISTRATIVE DIRECTIVES 05.12.110 (G)(1, 2, 3) A TO J(5)(J)(i)(9, b) (IN WILKINSON V. AUSTIN U.S.SL 135 S.Ct 25 U.S. SUP. CT. DECIDED JUNE 1, 2005.)

**Relief Requested:** TO BE IMMEDIATELY TRANSFERRED OUT OF TAMMS SUPERMAX FOR DUE PROCESS VIOLATIONS AND/OR PLACED IN J-PAD STU, IF PLACEMENT POINT VIOLATES THE DUE PROCESS CLAUSE UNDER OUR 14TH TO MANY MY GRIEVANCE DO NOT HAVE MERITS SO THAT'S WHY I AM WONDERING THAT TAMM NOT

[x] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

| Christopher Knox | B61090 | 4/17/06 |
|---|---|---|
| Offender's Signature | ID# | **RECEIVED** Date |

*(Continue on reverse side if necessary)*

**DEC 1 3 2005**

---

**Counselor's Response (if applicable)**

TAMMS CORR CENTER

Date Received: 5/15/06   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

**Response:**
Mr. Tanner, CSS stated "Inmate claims that he was transferred to Tamms without the proper due process procedures. The only specific due process violation he cites is that he was not given 24-hour notice prior to transfer to Tamms. Inmate's transfer to Tamms was in compliance with Department Rule 505 and Administrative Directive 05.12.110. A 24-hour notice is not required." Dr. Rhodes, PHD stated "Mr. Knox does not meet guidelines for STU placement as he is not seriously mentally ill."

| R. Jimenez | [signature] | 5/31/06 |
|---|---|---|
| Print Counselor's Name | Counselor's Signature | Date of Response |

**RECEIVED**

TAMMS CORR CENTER
WARDEN'S OFFICE

---

**EMERGENCY REVIEW**

**APR 2 8 2006**

Date Received: APR 2 6 2006

Is this grievance of an emergency nature?  [ ] Yes; expedite emergency grievance
[x] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

| Terry McCann | 4/28/06 |
|---|---|
| Chief Administrative Officer's Signature | Date |

Distribution: Master File; Offender                          Page 1                          DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

THAT THE PROCEDURES TO PLACE INMATES IN A SUPERMAX MUST AWAIT IT'S FINALLY APPEAL PROCESS, AND THE INMATE BE GIVEN 24 HOUR NOTICE OF SUCH DECISION FOR HIS PLACEMENT IN A "SUPERMAX"

Relief Requested cont'd JUST BEING ARBITRARILY DENIED DUE PROCESS WITHOUT ANY LEGITIMATE PENOLOGICAL JUSTIFICATION AND WHICH DUE PROCESS SO DOES REQUIRES.

RESPECTFULLY SUBMITTED
Qurantahai hilal  EC 1090

## Grievance Officer's Report

**Date Received:** June 6, 2006     **Date of Review:** December 15, 2006     **Grievance #** (optional): Im-06-06-012

**Offender:** Knox, Christopher     **ID#:** B61090

**Nature of Grievance:** PLACEMENT AT TAMMS - Offender alleges he was "placed into Tamms Supermax facility without the proper due process procedures". Offender alleges that he has a mental health disorder which would preclude him from being placed at Tamms. Reference is invited to offender's written statement.

**Facts Reviewed:** All information submitted to the Grievance Officer by the offender and institutional staff pertaining to the issue(s) being grieved has been thoroughly reviewed, including the Committed Person's Brief Summary of Grievance, Counselor's Response, and written statement from Supervising Psychologist Dr. Rhodes and Clinical Services Supervisor R. Tanner.

As noted in the Counselor's Response, CSS Tanner responded, "The only specific due process violation he cites is that he was not given 24-hour notice prior to transfer to Tamms. Inmate's transfer to Tamms was in compliance with Department Rule 505 and Administrative Directive 05.12.110. A 24-hour notice is not required."

Dr. Rhodes responded, "Mr. Knox does not meet guidelines for STU placement as he is not seriously mentally ill."

**Recommendation:** Based upon a total review of all information submitted to this Grievance Officer, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED. Staff followed institutional policy and procedures as it relates to Offender Knox's transfer. Placement at Tamms CC is an administrative decision. No further action is warranted.

April Moore, Correctional Counselor 2
Print Grievance Officer's Name          Grievance Officer's Signature
(Attach a copy of Offender's Grievance, including counselor's response if applicable)

## Chief Administrative Officer's Response

**Date Received:** 12/18/06     ☒ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Chief Administrative Officer's Signature          Date 12/18/06

## Offender's Appeal To The Director

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Offender's Signature          ID#          Date



**Illinois**

**Department of**

**Corrections**

Rod R. Biagojevich
Governor

Roger E. Walker Jr.
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

March 9, 2006



Christopher Knox
Register No. B61090
Menard Correctional Center

Dear Mr. Knox:

This is in response to your grievance received on January 23, 2006, regarding transfer to Tamms and staff conduct (Allegation that mental health evaluation not conducted as required by Dr. Angus), which was alleged to have occurred at Pontiac Correctional Center. This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your written grievance where you indicate your transfer to Tamms CC was done without proper review per AD 05.12.110. You request to be transferred out of Tamms CC for this reason.

This office has reviewed your placement and interviewed Pontiac CC Psychiatric Services Administrator John Garlik and Tamms Warden Shelton Frye regarding your allegations. Garlik indicates that Dr. Angus did not do a file review on your mental health history. That review was conducted by Christine Fletcher. Warden Frye indicates you were placed in the infirmary upon arrival at Tamms CC on January 10, 2006 and kept there for medical and mental health observation until February 2, 2006 when you were transferred to the Mental Health Unit at Menard Correctional Center for further evaluation of mental and physical health issues.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. Allegations of staff misconduct are not substantiated. It is, therefore, recommended the grievance be denied.

FOR THE BOARD: _____
Brian Fairchild
Administrative Review Board
Office of Inmate Issues

RECEIVED

JUN 27 2006

TAMMS CORR CENTER
RECORD OFFICE

CONCURRED: _____
Roger E. Walker Jr.
Director

cc: Warden Alan Uchtman, Menard Correctional Center
Christopher Knox, Register No. B61090

3 61090

## ILLINOIS DEPARTMENT OF CORRECTIONS
### OFFENDER'S GRIEVANCE

| Date: 1/17/2006 | Offender: (Please Print) CHRISTOPHER KNOX | ID#: B61090 |
|---|---|---|

| Present Facility: TAMMS C/C | Facility where grievance issue occurred: STATEVILLE |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☑ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☑ Other (specify): RETALIATION

☐ Disciplinary Report: ____ / ____ / ____
                      Date of Report                    Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
  Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
  Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
  Chief Administrative Officer, only if EMERGENCY grievance.
  Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
  administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
  Administrative Officer.

Brief Summary of Grievance: OFFENDER ALLEGES THAT, HE
WERE TRANSFERRED FROM STATEVILLE C/C
IN RETALIATION FOR MY CORRPERATION
WITH THE STATE POLICE REGARDING
AN ASSAULT THAT OCCUR ON OCTOBER 21 05.

OFFENDER WERE TRANSFERED TO
PONTIAC C/C, WHERE HE WERE
BEING SUBJECTED TO HARSH AND
ILLEGAL CONDITTION OF CONFINMENT

Relief Requested: ① TRANSFER BACK TO
STATEVILLE C/C ② INVESTIGATE
THIS MATTER

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____   _____   _____
Offender's Signature          ID#         Date

(Continue on reverse side if necessary)

| Counselor's Response (if applicable) |
|---|

Date Received: ____ / ____ / ____   ☐ Send directly to Grievance Officer   ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

**RECEIVED**

**JAN 2 3 2006**

**OFFICE OF**
**INMATE ISSUES**

_____   _____   _____
Print Counselor's Name       Counselor's Signature       Date of Response

| EMERGENCY REVIEW |
|---|

Date Received: ____ / ____ / ____   Is this determined to be of an emergency nature?   ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____                                          ____ / ____ / ____
Chief Administrative Officer's Signature                              Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

DENIAL OF MEDICAL AND MENTAL
Health Services...

OFFENDER ALLEGES THAT HE WERE
TRANSFER TO TAMMS C/C ALSO IN
RETALIATION into whereas The
OFFENDER IS' SUFFERING FROM
Both physical AND MENTAL AS
AN RESULT OF illegally BEING
PLACED IN TAMMS C/C

RESPECTFULLY
Christopher Knox V.I.P

RECEIVED

OFFICE OF
INMATE ISSUES

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: JANUARY 9 06 | Offender: (Please Print) CHRISTOPHER KNOX | ID#: 061090 |
|---|---|---|
| Present Facility: TAMMS C|C | Facility where grievance issue occurred: PONTIAC C|C | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Disciplinary Report: ___ / ___ / ___
       Date of Report

- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator

- [ ] Restoration of Good Time
- [ ] Medical Treatment

- [ ] Disability
- [ ] HIPAA
- [X] Other (specify): TRANSFER WITHOUT DUE PROCESS & DATAINTION, MENTALL ill
       Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    Chief Administrative Officer, only if EMERGENCY grievance.
    Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

Brief Summary of Grievance: THIS GRIEVANCE IS BEING FILED IN ACCORDANCE
WITH 20 Ill. ADMIN. CODE. § 504.810 (A)

OFFENDER ALLEGES THAT; ADMINISTRATIVE DIRECTIVE ; SECTION
§ 05.12.110, PLACEMENT AT A CLOSED MAXIMUM SECURITY
FACILITY '' TAMMS CORR. CENTER, STATES AS FOLLOWS.

A) POLICY STATEMENT
INMATES WHO ARE CLASSIFIED AS MAXIMUM SECURITY AND
WHO ARE IN DISCIPLINARY SEGREGATION OR ADMINISTRATIVE

Relief Requested: TO BE TRANSFERRED OUT OF TAMMS OR
PROVIDE ADEQUATE MENTAL HEALTH CARE.
OR IRREPARABLE INJURIES RESULT.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____     _____     ___ / ___ / ___
Offender's Signature              ID#              Date
**(Continue on reverse side if necessary)**

| | **Counselor's Response (if applicable)** | |
|---|---|---|
| Date Received: ___ / ___ / ___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277 |

Response:

**RECEIVED**
**JAN 2 3 2006**
**OFFICE OF INMATE ISSUES,**

_____     _____     _____
Print Counselor's Name        Counselor's Signature    Date of Response

| | **EMERGENCY REVIEW** | |
|---|---|---|
| Date Received: ___ / ___ / ___ | Is this determined to be of an emergency nature? | [ ] Yes; expedite emergency grievance [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner. |

_____          ___ / ___ / ___
Chief Administrative Officer's Signature         Date

Distribution: Master File; Offender          Page 1          DOC 0046 (Rev. 3/2005)
Printed on Recycled Paper

DETENTION MAY BE HOUSED AT THE TAMMS CORR. CENTER.
IN ACCORDANCE WITH DEPARTMENT RULE 505. A REVIEW
OF INMATES MASTER RECORD FILES, INCLUDING A MENTAL
HEALTH REVIEW, SHALL BE CONDUCTED PRIOR TO PLACEMENT
IN A CLOSED MAXIMUM SECURITY FACILITY, ABSENT AN
EMERGENCY, TO DETERMINE WHETHER THE PLACEMENT IS
APPROPRIATE.

SERIOUSLY MENTALLY ILL — INMATES FOUND TO HAVE CURRENT
SYMPTOMS OR WHO ARE CURRENTLY RECEIVING TREATMENT
FOR THE FOLLOWING TYPES OF AXIS I, DIAGNOSIS

OFFENDER, ALLEGES THAT; PONTIAC MENTAL HEALTH
STAFF DR. ANGUS, DID NOT REVIEW ANY OF MY
RECORD PRIOR TO PLACING ME AT TAMMS.
KNOWING THAT OFFENDER IS SERIOUSLY MENTALLY
ILL.

OFFENDER ALLEGES THAT; TAMMS IS CAUSING MORE
IRREPARABLE INJURIES UPON ME AND END UP WITH
SERIOUS INJURIES, IF MY MENTAL ILLNESSES
ARE NOT TREATED PROPARLY.

RESPECTFULLY SUBMITTED
CHRISTOPHER KNOX

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: | Offender:<br>(Please Print) | ID#: |
|---|---|---|
| Present Facility: | | Facility where grievance<br>issue occurred: |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Staff Conduct
- [ ] Transfer Denial by Facility
- [ ] Mail Handling
- [ ] Dietary
- [ ] Transfer Denial by Transfer Coordinator
- [x] Restoration of Good Time
- [ ] Medical Treatment
- [ ] Disability
- [ ] HIPAA
- [x] Other (specify): _PROCEDURAL AND DUE PROCESS_

[x] Disciplinary Report: _All DISCIPLINARY REPORTS_ ; " STATEVILLE CORR. CENTER " VIOLATIONS

                        Date of Report                                 Facility where issued

**Note:**   Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
    **Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
    **Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor.
    **Chief Administrative Officer,** only if EMERGENCY grievance.
    **Administrative Review Board,** only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
    administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
    Administrative Officer.

**Brief Summary of Grievance:** _THIS GRIEVANCE IS BEING FILED IN ACCORDANCE WITH 20_
_ILL. ADMIN. CODE. § 504. 810 (A) ... IN WHICH STATES AS FOLLOW .._

_IF A COMMITTED PERSON, CAN DEMONSTRATE WHY A GRIEVANCE WAS NOT_
_TIMELY FILED, THE GRIEVANCE SHALL BE CONSIDERED ......._

_OFFENDER, ALLEGES THAT; HE WORE SUFFERING FROM SEVERAL_
_MENTAL - ILLNESSES; DUE TO NOT BEING TREATED PROPERLY AND AS WELL_
_ADEQUATELY, IT CAUSED OFFENDER, TO DISPLAY BEHAVORILY ACT'S;_
_THAT RESULTED IN DISCIPLINARY INFRACTION'S, FOR UNRELATED_

**Relief Requested:** _(1) EXPUNGMENT OF DISCIPLINARY REPORT'S. (2) RELEASE BACK INTO_
_GENERAL POPULATION._

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____      _____      _____
           Offender's Signature                        ID#                       Date

*(Continue on reverse side if necessary)*

| **Counselor's Response (if applicable)** | | |
|---|---|---|
| Date<br>Received: ___/___/___ | [ ] Send directly to Grievance Officer | [ ] Outside jurisdiction of this facility. Send to<br>Administrative Review Board, P.O. Box 19277,<br>Springfield, IL 62794-9277 |

Response:

**RECEIVED**

**JAN 2 3 2006**

**OFFICE OF**
**INMATE ISSUES**

_____      _____      _____
    Print Counselor's Name                      Counselor's Signature              Date of Response

| **EMERGENCY REVIEW** | |
|---|---|
| Date<br>Received: ___/___/___ | Is this determined to be of an emergency nature?   [ ] Yes; expedite emergency grievance<br>[ ] No; an emergency is not substantiated.<br>Offender should submit this grievance<br>in the normal manner. |

_____                        _____
    Chief Administrative Officer's Signature                                   Date

INCIDENT,S, WHILE INCARCERATED AT STATEVILLE C/C . . . . .

OFFENDER, ALLEGES THAT; HE HAS JUST RECEIVED INFORMATION FROM AN CORRECTIONAL EMPLOYEE; THAT MY PROCEDURAL AND DUE PROCESS RIGHTS WERE VIOLATED, PRIOR TO THE HEARINGS AND AT THE HEARING'S BEFORE THE ADJUSTMENT COMMITTEE . . . . .

OFFENDER, WILL WITHHOLD THE IDENTITY OF THIS EMPLOYEE, DUE TO SAFTEY AND HE OR SHE FEAR THEY WILL BE RETALIATED AGAINST FOR PROVIDING OFFENDER WITH SUCH INFORMATION . .

OFFENDER, ALLEGES THAT; UPON FURTHER INVESTIGATION OF THE ALLEGED PROCEDURAL AND DUE PROCESS VIOLATION'S; THE OFFENDER, HAS FOUND THAT (A. JOHNSON) AND ALL OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE- MEMBER'S HAS VIOLATED OFFENDER, PROCEDURAL AND DUE PROCESS, RIGHTS PRIOR TO THE HEARING AND AT THE HEARINGS . . . . . OFFENDER, STATE AS FOLLOWS . . .

OFFENDER, ALLEGES THAT; (MS. A. JOHNSON) AND ALL OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE- MEMBER'S; HAS FAILED TO PROVIDE OFFENDER, WITH, 24 HOURS NOTICE . . . . .

OFFENDER, ALLEGES THAT; (MS. A. JOHNSON) AND ALL OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE - MEMBER'S; HAS FAILED TO ALLOW OFFENDER TO CALL WITNESSES . . . . .

OFFENDER, ALLEGES THAT; (MS. A. JOHNSON) AND ALL OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE- MEMBER'S; HAS FAILED TO ALLOW OFFENDER, TO PRODUCE DOCUMENTARY EVIDENCE IN HIS DEFENSE . . . . . . . .

OFFENDER, ALLEGES THAT; (MS. A. JOHNSON) AND ALL OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE- MEMBER'S; HAS FAILED TO PROVIDE A STATEMENT AS TO THEIR REASONS; THE REASONS FOR RECOMMENDING THE DISCIPLINARY ACTION, AND THE EVIDENCE RELIED UPON . . . . . .

OFFENDER, ALLEGES THAT; (MS. A. JOHNSON) AND ALL OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE- MEMBER'S ALL FOUND OFFENDER "GUILTY" THAT RESULTED IN THE

CONTINUE ON PAGE #3

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: | Offender: | ID#: |
|---|---|---|
| | (Please Print) | |

| Present Facility: | Facility where grievance issue occurred: |
|---|---|

**NATURE OF GRIEVANCE:**

☐ Personal Property  ☐ Mail Handling  ☐ Restoration of Good Time  ☐ Disability
☐ Staff Conduct  ☐ Dietary  ☐ Medical Treatment  ☐ HIPAA
☐ Transfer Denial by Facility  ☐ Transfer Denial by Transfer Coordinator  ☐ Other (specify): _____

☐ Disciplinary Report: _____ / _____ / _____
Date of Report                          Facility where issued

Note:    Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: OFFENDER, loSING YEARS oF SEG-TIME, YEARS oF LOST OF COMMISSARY, YEARS oF LOST OF NO-CONTACT VISTS; YEARS oF LOST OF AUDIO/VISUAL; YEARS oF. LOST OF GOOD CONDUCT CREDITS AND YEARS oF LOST OF STATUTORY GOOD CONDUCT CREDIT, AND YEARS oF C-GRADE..

OFFENDER; ALLEGES THAT; (MS. A. JOHNSON) AND All OTHER KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE - MEMBER'S, HAS FAILED TO CONSIDER MY MENTAL - ILLNESS; WHICH WERE THE SOLE PURPOSE OF THOSE UNRELATED DISCIPLINARY REPORTS..... AND DID NOT CONSIDER MY MENTAL ILLNESSES AT THE TIME OF

Relief Requested: *CONTINUE ON PAGE #4*

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____ / ___ / ___
Offender's Signature              ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date
Received: _____ / _____ / _____    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response:

RECEIVED
JAN 2 3 2006
OFFICE OF
INMATE ISSUES

_____    _____    ___ / ___ / ___
Print Counselor's Name              Counselor's Signature              Date of Response

---

**EMERGENCY REVIEW**

Date
Received: _____ / _____ / _____    Is this determined to be an emergency nature?    ☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____    ___ / ___ / ___
Chief Administrative Officer's Signature              Date

ILLINOIS DEPARTMENT OF CORRECTIONS
OFFENDER'S GRIEVANCE (Continued)

THOSE ADJUSTMENT COMMITTEE - HEARINGS . . . . . .

OFFENDER, ALLEGES THAT ; (MS. A. JOHNSON) AND ALL OTHER
KNOWN AND UNKNOWN ADJUSTMENT COMMITTEE- MEMBER'S; HAS
VIOLATED MY PROCEDURAL AND DUE PROCESS RIGHTS, THAT
IS SECURE UNDER THE ILLINOIS AND UNITED STATES
CONSTITUTION. AMENDMENT (14) . . . . . .

RESPECTFULLY SUBMITTED
Christopher Knox B61090