E-FILED
Friday, 18 July, 2008  10:05:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER KNOX, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 07-1032 |
| ROGER WALKER, RICK ORR, GUY PIERCE, TERRY MCCANN, JAY MERCHANT, et al., | ) |
| Defendants. | ) |

**MOTION FOR LEAVE TO FILE DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION TO COMPEL [doc. 45] *INSTANTER***

NOW COME Defendants, ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, and GUY PIERCE, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their Motion for Leave to File Defendants' Response to Plaintiff's Motion to Compel [doc. 45] *Instanter*, state as follows:

1. On April 11, 2008, plaintiff filed a motion to compel. [doc. 45].

2. Matthew Lurkins, former counsel for the defendants, left the Office of the Attorney General on June 15, 2008, and the matter was transferred to the undersigned.

3. A review of the file indicates no response has been made to plaintiff's Motion to Compel [doc. 45].

4. The undersigned now moves for leave to file defendants' response *instanter*.

5. Attached to this document is defendants' proposed response to the Motion to Compel as defendants' made proper responses to plaintiff's discovery requests.

Wherefore, for the above and foregoing reasons, defendants respectfully request this Court grant defendants' leave to file their Response to Plaintiff's Motion to Compel [doc. 45].

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT,
R. SHELTON FREY, TERRY MCCANN,
JAY MERCHANT, RICK ORR, and GUY PIERCE,

    Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

By:  s/Christopher L. Higgerson
    Christopher L. Higgerson, #6256085
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 557-0261
    Facsimile:  (217) 524-5091
    chiggerson@atg.state.il.us

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER KNOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-1032 |
| | ) | |
| ROGER WALKER, RICK ORR, GUY PIERCE, | ) | |
| TERRY MCCANN, JAY MERCHANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

## Certificate of Service

I hereby certify that on July 18, 2008, I electronically filed a Motion for Leave to File Defendants' Response to Plaintiff's Motion to Compel [doc. 45] *Instanter* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

and I hereby certify that on July 18, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

Christopher Knox. #B-61090
Tamms Correctional Center
200 East Supermax Road
PO Box 2000
Tamms, IL 62988

Respectfully submitted,

By:  s/Christopher L. Higgerson
        Christopher L. Higgerson, #6256085
        Assistant Attorney General
        Attorney for Defendants
        500 South Second Street
        Springfield, IL  62706
        Telephone:  (217) 557-0261
        Facsimile:  (217) 524-5091
        chiggerson@atg.state.il.us

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHRISTOPHER KNOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-1032 |
| ) | |
| ROGER WALKER, RICK ORR, GUY PIERCE, ) | |
| TERRY MCCANN, JAY MERCHANT, et al., ) | |
| ) | |
| Defendants. ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

NOW COME Defendants, ROGER E. WALKER, JR., JASON GARNETT, R. SHELTON FREY, TERRY MCCANN, JAY MERCHANT, RICK ORR, and GUY PIERCE, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their response to plaintiff's Motion to Compel [doc. 45], state as follows:

1. On April 11, 2008, plaintiff filed a second motion to compel responses to his interrogatories and requests to produce. [doc. 45]. Plaintiff admits he received responses, but has identified by circling, without explanation, those requests he believes were inadequately answered by the defendants.

2. Plaintiff has circled the first interrogatory. Defendants objected to the portion of that question that sought the current places of employment of defendants who no longer work for the Illinois Department of Corrections. It is a threat to the safety of those individuals to tell inmates where they currently work and can be found, and the defendants stand on their objection to providing that information.

3. The defendants objected to the second interrogatory because it sought the identity of each defendant's superiors and subordinates, along with details of their job duties. This information is not relevant to the plaintiff's claims.

4. Defendants responded to every portion of the third interrogatory except for the last part, which seeks information about other lawsuits in which the defendants are named. This information is not relevant to plaintiff's claims, and would be a burden to assemble as the defendants include the Director of the Illinois Department of Corrections and several wardens. These individuals are named in numerous lawsuits and do not have any easy manner to summarize the claims in all of them.

5. Plaintiff's fourth interrogatory does not state a question and the defendants were unable to answer it.

6. The defendants were unable to respond to all of plaintiff's fifth interrogatory either because they lack access to the mental health records that contain the requested information, or because the question was incomprehensible.

7. The defendants fully answered plaintiff's sixth interrogatory.

8. The defendants responded to all portions of plaintiff's seventh interrogatory except for the one that asks the defendants if there are worse inmates than him who are not housed at Tamms. This information is not relevant, and it would be impossible for the defendants to answer without a specific definition of what constitutes a "worser record."

9. The defendants objected to plaintiff's third[1] and fourth requests to produce because they sought every grievance ever filed by plaintiff and every response to those grievances, which are not relevant to this case. The defendants did produce those grievances and responses which were relevant to the case.

---

[1] Plaintiff's first two requests to produce are actually definitions to be used in responded to the remaining requests. The defendants will refer to each request by the number assigned to it to avoid confusion.

10. The defendants objected to plaintiff's fifth request to produce because it sought every disciplinary report ever received by plaintiff, along with related summaries and incident reports. This request is overly broad and seeks documents not relevant to this case.

11. Plaintiff's seventh request seeks all documents related to conditions at Tamms. Plaintiff's tenth and eleventh requests seek all documents related to plaintiff's transfer to Tamms. Plaintiff's thirteenth request seeks personnel information regarding the defendants. These requests are overly broad to the point of being irrelevant. Additionally, many of those documents contain information that would pose a threat to the institution if put into the hands of an inmate.

13. Plaintiff's fourteenth and fifteenth requests seek his own medical and mental health records. Plaintiff is able to obtain those himself from the prison. The defendants object to having to get those documents from a third party and produce them to plaintiff when he has access to them already.

14. Plaintiff's seventeenth request seeks records related to his own attempts at self-harm. These records are not relevant to either a due process or retaliation claim.

15. Plaintiff's eighteenth request seeks records related to the Department of Corrections paying for plaintiff's medical care. These records are not relevant to either a due process or retaliation claim.

16. The defendants properly responded to plaintiff's sixth, eighth, ninth, twelfth and sixteenth requests.

17. Plaintiff has offered no reason why these objections should be overruled and his motion to compel should be denied.

Wherefore, for the above and foregoing reasons, defendants respectfully request this Court deny plaintiff's Motion to Compel [doc. 45].

Respectfully submitted,

ROGER E. WALKER, JR., JASON GARNETT,
R. SHELTON FREY, TERRY MCCANN,
JAY MERCHANT, RICK ORR, and GUY PIERCE,

Defendants,

LISA MADIGAN, Attorney General,
State of Illinois,

By:  s/Christopher L. Higgerson
    Christopher L. Higgerson, #6256085
    Assistant Attorney General
    Attorney for Defendants
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 557-0261
    Facsimile:  (217) 524-5091
    chiggerson@atg.state.il.us