**E-FILED**
Friday, 15 August, 2008  08:48:38 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,
    Plaintiff,

    vs.                  No. 07-1032

ROGER WALKER, et. al,
    Defendants

<u>MERIT REVIEW AND CASE MANAGEMENT ORDER</u> #1

    The pro se plaintiff filed his original complaint pursuant to 42 U.S.C.§1983 against seven defendants from the Illinois Department of Corrections (here in IDOC).   On March 23, 2007, the court conducted a merit review of the complaint and found the plaintiff had stated the following claims against Defendants IDOC Director Roger Walker, Deputy Directors Rick Orr and Jason Garnett, Pontiac Correctional Center Warden Guy Pierce, Tamms Correctional Center Warden Shelton Frey and Tamms Chief Administrative Officers Terry McCann and Jay Merchant:

        1) the defendants violated the plaintiff's First Amendment rights when they transferred him to Tamms Correctional Center in retaliation for grievances, lawsuits and assistance in an excessive force investigation; and,

        2) the defendants violated the plaintiff's Fourteenth Amendment due process rights when they transferred him to Tamms without a meaningful hearing.

The claims were against the defendants in their individual and official capacities. *See* March 23, 2008 Court Order.

    The plaintiff has filed various motions asking to amend his complaint and to add ten new defendants. [d/e 28, 29, 34, 35, 36].  The motions were filed before the defendants had filed an answer to the complaint. Rule 15(a) of the Federal Rules of Civil Procedure clearly provides that a plaintiff "may amend his pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15 (a).  However, the court does not permit piecemeal amendments.  A plaintiff who wishes to file an amended complaint must submit the proposed amended complaint setting forth all claims against all defendants.  The amended complaint must stand complete on its own, without reference to the pleading it replaces.   This prevents confusion over intended claims and defendants.   Only one of the plaintiff's motions includes a complete amended complaint. [d/e 29]. Therefore the court will allow this motion to amend and conduct a merit review of the amended complaint.  All other motions are denied.

    The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through

1

such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff's amended complaint names the original 7 defendants and adds IDOC Associate Director James Montgomery, Chief Administrative Officer Ben Bartley and Doctors Williard  Elyea, Wendy Navarro, A. Angus, Christine Fletcher, John Garlik,  Marvin Powers, Kelly Rhodes and Rakesa Chandra.

The plaintiff repeats the first two claims he made in his original complaint.  First, the plaintiff alleges that he was transferred from Pontiac Correctional Center to Tamms Correctional Center in retaliation for various grievances and lawsuits he has filed and for helping in the investigation of an excessive force claim against officers.   The plaintiff says the defendants have an unwritten policy and practice of transferring inmates who are active litigators to Tamms Correctional Center.   The plaintiff alleges that the defendants actions violate his First and Fourteenth Amendment rights.   The court again finds the plaintiff has adequately alleged a violation of his First Amendment rights, but has failed to articulate a violation of his Fourteenth Amendment rights based on the amended complaint.

Second, the plaintiff states that the defendants transferred him to Tamms Correctional Center without a meaningful hearing in violation of his Fourteenth Amendment due process rights.   The plaintiff claims the living conditions at Tamms are harsh and impose an atypical and significant hardship on those living in the facility compared to the ordinary incidents of prison life.  The plaintiff alleges that each of the defendants was personally involved in approving the transfer without a hearing and/or were personally involved in approving policies that allowed the transfer without a hearing.   The court again finds that the plaintiff has adequately alleged a violation of his Fourteenth Amendment rights. *See Westefer v. Snyder,* 422 F.3d 570 (7th Cir. 2005).

The plaintiff's amended complaint adds six additional counts which all involve allegations involving Tamms Correctional Center:

**Count III:** The plaintiff has entitled this count, "As Defendants are aware, Tamms Houses Many Prisoners Who are Mentally Ill." (Comp, p. 16)   It is not entirely clear what the plaintiff is alleging, but he does list a variety of problems with the way inmates are treated at Tamms Correctional Center.
**Count IV**: "Conditions at Tamms are Designed To and Do Cause Psychological Damage." (Comp, p. 20).   The plaintiff again lists a variety of problems at Tamms Correctional Center.
**Count V**: "Defendants have Acted with Deliberate Indifference to the Plaintiff's Serious Mental Health Needs." (Comp. P. 24) The plaintiff outlines the problems with care at Tamms Correctional Center.
**Count VI**: "Denial of Liberty Interest for Indeterminate Segregation Placement at Tamms." (Comp., p. 29).
**Count VII**: "Declaratory Relief." (Comp, p. 32) The plaintiff has improperly identified this as a

2

"count" rather than a request for relief.

**Count VIII**: "Injunctive Relief." (Comp., p. 32) The plaintiff has again improperly labeled his requests for relief as a separate "count" in his complaint.

There are several problems with the plaintiff's additional claims. First, as the court has noted, Counts VII and VIII are not actually allegations against the defendants, but claims for relief.

Second, the plaintiff's claims involving his treatment at Tamms Correctional Center do not involve an institution or defendants in the Central District of Illinois. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b). According to that statute, such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Tamms Correctional Center is in Alexander County which is situated in the federal judicial district for the Southern District of Illinois. If venue is improper the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406 (a). The plaintiff is well aware of this fact. The plaintiff is an experienced litigator who has filed over twenty-seven cases in the northern, southern and central districts of Illinois. This number includes seven cases filed in the Southern District of Illinois that were filed AFTER he was transferred to Tamms Correctional Center and involve some of the same defendants as the case before the court.[1] In addition, this court has recently advised the plaintiff in *Knox v. Garlik,* Case No. 08-1081, that his claims against Tamms Correctional Center must be brought in the Southern District of Illinois. *See* 08-1081, April 23, 2008 Court Order.

Third, while the plaintiff makes a very broad claim that each defendant is responsible for his transfer, it appears the plaintiff is attempting to improperly bring unrelated claims in a single case. In *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.*

Therefore, the court will dismiss counts three through eight. This leaves the court with the question of which defendants should remain in this case. The plaintiff does not specifically state which defendants were involved in the decision to transfer him to Tamms Correctional Center and instead includes general claims that "each of the Defendants was involved in personally approving the transfer of the plaintiff..." (Comp., p. 12).

While the court appreciates that the plaintiff is only required to put a defendant on notice of his claims in his complaint, the court is not willing to accept this blanket assertion that 17 different

---

[1]*See Knox v. Harper,* Case No. 08 cv 00178; *Knox v. White,* Case No. 08 cv 00277; *Knox v. Powers,* Case No. 07 cv 00508; *Knox v. Benefield,* Case No. 07 cv 00795; *Knox v. Rhodes,* Case No. 07 cv 835; *Knox v. Dr. Fienerman,* Case No. 07 cv 00886; and *Knox v. Iylola,* Case No. 07 cv 00814.

defendants including many which would have no involvement in inmate transfers were somehow involved in the decision to transfer the plaintiff.  "(A) defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established in order for liability to arise under 42 U.S.C. §1983." *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981).  In addition, the doctrine of *respondeat superior* (supervisor liability) does not apply.  *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). "(A) supervising prison official cannot incur §1983 liability unless that officer is shown to be personally responsible for a deprivation of a constitutional right." *Vance v Peters,* 97 F.3d 987, 992 (7th Cir. 1996).

The court notes the defendants have acknowledged that it was Pontiac Correctional Center Warden Pierce who recommended the plaintiff's transfer.  The defendants have also provided the plaintiff with the names of the individuals who reviewed his transfer. (Def. Sum. Judgement Memo, doc 49).  None of the additional defendants appear to have been involved in the decision to transfer the plaintiff.   In addition, this case has been pending since February 12, 2007 and the plaintiff has participated in discovery.   The information the plaintiff has obtained plus any documents provided by the defendants in court filings should provide the plaintiff with enough information to be able to identify specifically who was involved in his transfer beyond the broad assertion made in his amended complaint.

It appears the plaintiff has added the ten additional defendants, most of whom are doctors, because he is unhappy with his treatment at Tamms Correctional Center. However, any claims concerning the conditions at Tamms are not before the court.  The court notes that nine of the ten new defendants work at Tamms Correctional Center and would not have seen or treated the plaintiff prior to his transfer.  Deputy Director Richard Montgomery does not appear to have any involvement in the plaintiff's transfer, and Defendant Orr, who is already in the case, admits he signed off on the paperwork.

The court will therefore dismiss the ten additional defendants, but will give the plaintiff leave to file a brief statement if he has any information that would demonstrate that these individuals were directly involved in the decision to transfer him from Pontiac Correctional Center to Tamms Correctional Center.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to amend his complaint is granted. [d/e 29] The clerk of the court is directed to file the attached amended complaint.**

**2) The plaintiff's various repetitive motions to amend his complaint and/or add ten new defendants are denied. [d/e 28, 34, 35, 36].  The plaintiff has not included a proposed amended complaint with these motions and the court does not allow piecemeal amendments.**

**3) The plaintiff's motion for a hearing on his motion to amend the complaint is denied. [d/e 39]**

**4) Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A,**

the court finds that the plaintiff still has the following two federal claims:

> a) The named defendants violated the plaintiffs First Amendment rights when they transferred the plaintiff to Tamms Correctional Center in retaliation for his grievances, lawsuits and assistance in an excessive force investigation.

> b) The named defendants violated the plaintiffs Fourteenth Amendment due process rights when they transferred him to Tamms Correctional Center without a meaningful hearing.

> Both claims are against the defendants in their official and individual capacities.

**5)  All other claims based on federal law, other than those set forth in paragraph (4) above, are dismissed.  The plaintiff cannot bring claims concerning the conditions at Tamms Correctional Center in the Central District of Illinois.  The clerk is directed to dismiss Defendants James Montgomery, Ben Bartley, Dr. Williard  Elyea, Dr. Wendy Navarro, Dr. Angus, Dr. Christine Fletcher, Dr. John Garlik, Dr. Marvin Powers, Dr. Kelly Rhodes and Dr. Rakesa Chandra**

**6)  This case shall proceed solely on those federal claims identified in paragraph four above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.   The plaintiff's claims have not changed from his original complaint.  No additional answer from the defendants is necessary.**

Entered this   15th   Day of August, 2008.


                    s\Harold A. Baker
          _____
                    HAROLD A. BAKER
                UNITED STATES DISTRICT JUDGE

5