UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHRISTOPHER KNOX,
   Plaintiff,

vs.                             No. 07-1032

ROGER WALKER, et. al,
   Defendants

## CASE MANAGEMENT ORDER #2

This cause is before the court for consideration of various motions including: the plaintiff's motion to compel [d/e 45], the plaintiff's motion to extend the discovery period [d/e 46], the plaintiff's motions for a mental health examination [d/e 44, 57], the plaintiff's motion to strike the pending summary judgement motion [d/e 55] and the plaintiff's motions for status hearing or ruling on his pending motions. [ 52, 53]

### I. BACKGROUND

The pro se plaintiff filed his original complaint pursuant to 42 U.S.C.§1983 against seven defendants from the Illinois Department of Corrections (here in IDOC). On March 23, 2007, the court conducted a merit review of the complaint and found the plaintiff had stated the following claims against Defendants IDOC Director Roger Walker, Deputy Directors Rick Orr and Jason Garnett, Pontiac Correctional Center Warden Guy Pierce, Tamms Correctional Center Warden Shelton Frey and Tamms Chief Administrative Officers Terry McCann and Jay Merchant:

   1) the defendants violated the plaintiff's First Amendment rights when they transferred him to Tamms Correctional Center in retaliation for grievances, lawsuits and assistance in an excessive force investigation; and,

   2) the defendants violated the plaintiff's Fourteenth Amendment due process rights when they transferred him to Tamms without a meaningful hearing.

The plaintiff also filed an amended complaint, but his claims have not changed.

### II. MOTION TO COMPEL

The plaintiff has filed a motion to compel discovery stating that the responses he received to his interrogatories and request for production of documents were inadequate. [d/e 45]. The

1

plaintiff has attached his requests and the responses provided by the defendants. The plaintiff states that he has indicated those responses which are inadequate by circling the individual questions or requests. The plaintiff has then circled each and every interrogatory and request. The plaintiff has provided no information or argument explaining why any particular response is inadequate. This is not a proper motion to compel.

Nonetheless, since the plaintiff is proceeding pro se, the court has reviewed the plaintiff's discovery requests and the defendants responses. For the most part, the defendants have provided appropriate responses to any relevant requests made by the plaintiff. The court does note some concerns.

INTERROGATORY #1: The plaintiff asks the defendants to provide the current job title for each of the defendants. The defendants have failed to provide this information for two individuals based on "safety and security." (Def. Memo, resp. #1) The defendants have adequately explained in their response that these two individuals no longer work for the Illinois Department of Corrections. No further response is needed.

REQUEST # 3: The plaintiff asks for all grievances filed by the plaintiff and responses provided. The defendants have replied that this request is overly broad, but have agreed to provide some documentation. The court does not believe this is an adequate response. While producing all grievances filed by the plaintiff is overly broad since some would have occurred long before or long after he was transferred to Tamms Correctional Center, the plaintiff is claiming he was transferred as the result of these grievances. Therefore, to the extent the defendants have not previously provided them, the defendants must provide the plaintiff with copies of any grievances and responses to those grievances that were filed one year prior to his transfer. If the defendants have already provided these documents, they must identify these documents.

REQUEST #5: The plaintiff asks the defendants to produce "all disciplinary reports, written summaries, and incident reports relating to such disciplinary reports or evidence that were submitted by both Plaintiff and Department Officials." (Def. Memo, Req. #5) The plaintiff's request is confusing. However, the defendants reply that the request is overly broad and not likely to lead to the discovery of any relevant information. The court disagrees. If the defendants are claiming that the plaintiff was transferred as the result of any disciplinary issues at Pontiac Correctional Center, these documents are relevant. The defendants must provide the plaintiff with copies of any disciplinary reports that were considered or were the basis for his transfer to Tamms Correctional Center.

REQUEST # The plaintiff asks the defendants to produce all documents that relate to his transfer to Tamms Correctional Center. The defendants have responded that they object to the production of these documents based on the safety and security of the institution. The defendants have not explained this response any further in their response to the motion to

2

compel. The plaintiff should be able to see at least some of the documents that were considered in determining his transfer. For instance, in disciplinary reports or logs that were considered. The court also notes the defendants have provided some of these document in their pending motion for summary judgment. Therefore, the defendants must submit any relevant documents to the plaintiff. If the defendants have concerns about safety and security involving any specific documents, they may submit those documents to the court under seal first for in camera review.

The court finds that all other responses to the plaintiff's discovery requests are adequate. The motion to compel is therefore granted in part and denied in part. [d/e 45]

### III.  ADDITIONAL MOTIONS

The plaintiff has filed a motion for an extension of time to complete discovery. [d/e 46] The plaintiff is asking for additional time to complete discovery based on the filing of his motion to amend his complaint. The plaintiff's claims have not changed and the defendants have been ordered to provide additional documentation to the plaintiff. The plaintiff has not pointed to any other specific need for additional discovery time. The motion is therefore denied. [d/e 46]

The plaintiff has also filed two motions for a mental health examination.[d/e 44, 57]. The plaintiff says he suffers from mental illness and has not received the appropriate care at Tamms Correctional Center. He also alleges the conditions at the correctional center exacerbate any mental health problems faced by inmates. The conditions at Tamms Correctional Center are not an issue before this court. Therefore, the motions are denied. [d/e 44, 57]   The court also notes, while the plaintiff claims he suffers from a mental illness, he has demonstrated that he is competent to represent himself and is an experienced litigator.[1]

The plaintiff has filed a motion to strike the pending motion for summary judgement. [d/e 58] The court will not strike the motion, but will allow an extension of time for the defendants to provide the additional discovery mentioned in this order and for the plaintiff to file a response to the motion. The motion is denied. [d/e 58]   The plaintiff's motion for additional time to respond to the pending summary judgement motion is granted. [d/e 55]   The plaintiff's motions for a status hearing or ruling on his pending motions are denied are denied as moot. [ 52, 53]

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion to compel discovery is granted in part and denied in part.**

---

[1]*See Knox v. Harper,* Case No. 08 cv 00178; *Knox v. White,* Case No. 08 cv 00277; *Knox v. Powers,* Case No. 07 cv 00508; *Knox v. Benefield,* Case No. 07 cv 00795; *Knox v. Rhodes,* Case No. 07 cv 835; *Knox v. Dr. Fienerman,* Case No. 07 cv 00886; and *Knox v. Iylola,* Case No. 07 cv 00814.

[d/e 45]. The defendants must provide the additional information outlined in this order.

2) The plaintiff's motion to extend the discovery period is denied. [d/e 46]

3) The plaintiff's motions for mental health examinations are denied. [d/e 44, 57]

4) The plaintiff's motion to strike the pending summary judgement motion is denied. [d/e 55]

5) The plaintiff's motions for a status hearing or ruling on his pending motions are denied as moot. [d/e 52, 53]

6) The court will abide by the following scheduling deadlines:
   a) the defendants must provide the additional discovery to the plaintiff on or before September 2, 2008;
   b) any documents the defendants believe need in camera review must be submitted under seal to the court on or before September 2, 2008; and,
   c) the plaintiff must provide a response to the pending motion for summary judgement on or before September 22, 2008.

Entered this  15th   Day of August, 2008.

s\Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE